IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
RONALD F. DANTOWITZ,                    )
                                        )
                    Plaintiff,          )
v.                                      )
                                        )        CIVIL ACTION NO. 20-CV-10540-ADB
DEXTER SOUTHFIELD, INC.,                )
CARMEN ALIBER, and                      )
STEWART TUCKER                          )
                                        )
                    Defendants.         )
_____)

## DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants Dexter Southfield, Inc. ("DXSF"), Carmen Aliber ("Aliber"), and Stewart

Tucker ("Tucker") (collectively, "Defendants") hereby answer and assert affirmative defenses to

the allegations set forth in the Complaint filed by Plaintiff Ronald F. Dantowitz ("Plaintiff").  All

allegations contained in the Complaint that are not specifically admitted herein are denied.

Parties[1]

1.        Defendants lack knowledge or information sufficient to admit or deny the

allegations set forth in Paragraph 1 of the Complaint.

2.        Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3.        Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except

to admit that Carmen Aliber is an employee of DXSF.

4.        Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except

to admit that Stewart Tucker is an employee of DXSF.

---

[1] The headings and/or subheadings in the Complaint are repeated in this Answer solely for the sake of organization
and readability.  Defendants' inclusion of the headings is not intended to constitute a substantive response to any
allegation.  To the extent that Plaintiff's headings and/or subheadings in the Complaint constitute allegations,
Defendants deny those allegations.

Facts

5.      Defendants admit the allegations set forth in Paragraph 5.

6.      The allegations set forth in the first two sentences of Paragraph 6 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first two sentences of Paragraph 6.  Defendants lack information or knowledge sufficient to admit or deny the third sentence set forth in Paragraph 6, except to admit that Defendant has a minor son named Emmett.

7.      Defendants lack knowledge or information sufficient to admit or deny the allegations in Paragraph 7.

8.      Defendants deny the allegations set forth in Paragraph 8, except to admit that Plaintiff was hired by DXSF as a teacher in 2000.

9.      Defendants deny the allegations set forth in Paragraph 9, except to admit that Tucker was hired by DXSF in 2003.

10.     Defendants lack information or knowledge sufficient to admit or deny the allegations in the first sentence of Paragraph 10.  DXSF and Tucker deny the allegations in the second sentence of Paragraph 10. Aliber lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 10, because she was not an employee of DXSF in 2010.

11.     DXSF and Tucker deny the allegations in the first Paragraph 11.  Aliber lacks information or knowledge sufficient to admit or deny the allegations in the first Paragraph 11.[2]

12.     Defendants lack information or knowledge sufficient to admit or deny the allegations in the first Paragraph 12, except to admit that in 2018 Defendant provided DXSF with

_____

[2] Defendants note that there are two paragraphs each in the Complaint numbered 11 and 12. The first paragraphs 11 and 12 will be referred to as "the first Paragraph 11" and "the first Paragraph 12," and the second paragraphs 11 and 12 will be referred to as "the second Paragraph 11" and "the second Paragraph 12."

a letter from Pamela Friedman, Psy.D., ABPP, which purported to summarize Friedman's "diagnostic impressions" from a 2014 evaluation of Plaintiff.

11.     Defendants lack knowledge or information sufficient to admit or deny the allegations in the second Paragraph 11, except to admit that Ellen Hinman was the Head of DXSF's High School in 2016.

12.     Defendants deny the allegations in the second Paragraph 12, except to admit that Carmen Aliber was hired as DXSF's first employee with the title "Director of Human Resources" in 2017.

13.     DXSF and Aliber deny the allegations in Paragraph 13, except to admit that Plaintiff provided Aliber with a letter from Pamela Friedman in January 2018.  Tucker lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 13.

14.     DXSF and Aliber deny the allegations in the first sentence of Paragraph 14, except to admit that Aliber and Plaintiff met on February 6, 2018.  Tucker lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of Paragraph 14.  The remainder of Paragraph 14 refers to a written document, which speaks for itself. Defendants deny the allegations in the remainder of Paragraph 14 to the extent they conflict with the referenced document.

15.     DXSF and Aliber deny the allegations in Paragraph 15, except to admit that Plaintiff and Aliber met on February 14, 2018, and the letter from Pamela Friedman was discussed.  Tucker lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 15.

16.     Defendants deny the allegation in Paragraph 16, except to admit that Plaintiff obtained a quote for replacing DXSF's Telescope Control System in June 2018.

17.     The allegations in Paragraph 17 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 17 to the extent they conflict with the referenced documents.

18.     DXSF denies the allegations in Paragraph 18, except to admit that on August 30, 2018, Plaintiff spoke with Head of School Todd Vincent ("Vincent") about Plaintiff's desire for an immediate leave of absence.  Aliber and Tucker lack knowledge or information sufficient to admit or deny the allegations in Paragraph 18.

19.     DXSF and Aliber deny the allegations in Paragraph 18, except to admit that on August 30, 2018, Plaintiff spoke with Aliber about Plaintiff's desire for an immediate leave of absence, and their conversation included discussion of whether Plaintiff wanted to take a personal leave of absence or leave under the FMLA, if Plaintiff qualified for FMLA leave. Tucker lacks knowledge or information sufficient to admit or deny the allegations in Paragraph 19.

20.     The first two sentences of Paragraph 20 refer to a written document, which speaks for itself.  Defendants deny the allegations in the first two sentences of Paragraph 20 to the extent they conflict with the referenced document.  Defendants deny the allegations in the second sentence of Paragraph 20, except to admit that Tucker, on various occasions, met with Plaintiff to discuss work.

21.     The allegations in Paragraph 21 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 21 to the extent they conflict with the referenced documents.

22.     The allegations in Paragraph 22 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 22 to the extent they conflict with the referenced documents.

23.    The allegations in Paragraph 23 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 23 to the extent they conflict with the referenced documents.

24.    The allegations in Paragraph 24 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 24 to the extent they conflict with the referenced documents.

25.    The allegations in Paragraph 25 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 25 to the extent they conflict with the referenced documents.

26.    The allegations in Paragraph 26 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 26 to the extent they conflict with the referenced documents.

27.    The allegations in Paragraph 27 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 27 to the extent they conflict with the referenced documents.

28.    The first sentence of Paragraph 28 refers to a written document, which speaks for itself.  Defendants deny the allegations in the first sentence of Paragraph 28 to the extent they conflict with the referenced document.  With respect to the allegations in the second sentence of Paragraph 28, DXSF denies that Vincent spoke with Plaintiff about his leave request on September 14, 2018.  Aliber and Tucker lack knowledge or information sufficient to admit or deny the allegations in the second sentence of Paragraph 28.  To the extent that the allegations in Paragraph 28 refer to a written document, such as email correspondence, the document speaks for itself, and Defendants deny the allegations in the second sentence of Paragraph 28 to the extent they conflict with the referenced document.

29.     The allegations in Paragraph 29 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 29 to the extent they conflict with the referenced documents.

30.     The allegations in Paragraph 30 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 30 to the extent they conflict with the referenced documents.

31.     Defendants admit the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 32 to the extent they conflict with the referenced documents. In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 32.

33.     The allegations in Paragraph 33 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 33 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 33.

34.     The allegations in Paragraph 34 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 34 to the extent they conflict with the referenced documents. In furnishing this response, Defendants note that communications

between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 34.

35.     The allegations in Paragraph 35 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 35 to the extent they conflict with the referenced documents. In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 35.

36.     The allegations in Paragraph 36 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 36 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 36.

37.     Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 37.

38.     Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 38, except to admit that on October 5, 2018, Plaintiff reported that he had tried to access a DXSF building, and that his key fob did not work.

39.     The allegations in Paragraph 39 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 39 to the extent they conflict with the referenced documents.

40.     The allegations in Paragraph 40 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 40 to the extent they conflict with the referenced documents.

41.     The allegations in Paragraph 41 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 41 to the extent they conflict with the referenced documents.

42.     The allegations in Paragraph 42 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 42 to the extent they conflict with the referenced documents.

43.     The allegations in Paragraph 43 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 43 to the extent they conflict with the referenced documents.

44.     The allegations in Paragraph 44 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 44 to the extent they conflict with the referenced documents.

45.     The allegations in Paragraph 45 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 45 to the extent they conflict with the referenced documents.

46.     The first two sentences of Paragraph 46 refer to written documents, which speak for themselves.  Defendants deny the allegations in the first two sentences of Paragraph 46 to the extent they conflict with the referenced documents.  To the extent that the first two sentences of

Paragraph 46 contain additional allegations requiring a response, DXSF and Aliber deny the allegations except to admit that Aliber saw Plaintiff in DXSF's Clay Center lobby on October 26, 2018.  Tucker lacks knowledge or information sufficient to admit or deny any additional allegations requiring a response in the first two sentences of Paragraph 46.  DXSF and Tucker deny the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 46, except to admit that Tucker accompanied Plaintiff while he retrieved personal property from DXSF facilities on October 26, 2018. Aliber lacks knowledge or information sufficient to admit or deny the allegations in the third, fourth, fifth, and sixth sentences of Paragraph 46.

47.     The allegations in Paragraph 47 refer to a written document, which speaks for itself. Defendants deny the allegations in Paragraph 47 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the document referenced in Paragraphs 47.

48.     Defendants admit that counsel for DXSF spoke with then-counsel for Plaintiff on October 31, 2018, and that the discussion included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408.  To the extent further response is required, and without waiting any arguments as to confidentiality and/or admissibility of any evidence of the substance of the phone call referenced in Paragraph 48, Defendants admit that Plaintiff's job performance was discussed.

49.     The allegations in Paragraph 49 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 49 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications

between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 49.

50.     The allegations in Paragraph 50 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 50 to the extent they conflict with the referenced documents.

51.     The allegations in Paragraph 51 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 51 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 51.

52.     The allegations in Paragraph 52 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 52 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 52.

53.     The allegations in Paragraph 53 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 53 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications

between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 53.

54.     The allegations in Paragraph 54 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 54 to the extent they conflict with the referenced documents.

55.     The allegations in Paragraph 55 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 55 to the extent they conflict with the referenced documents.

56.     The allegations in Paragraph 56 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 56 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraphs 56.

57.     The allegations in Paragraph 57 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 57 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 57.

58.     The allegations in Paragraph 58 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 58 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 58.

59.     The allegations in Paragraph 59 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 59 to the extent they conflict with the referenced documents.  In furnishing this response, Defendants note that communications between the then-counsel for Plaintiff and counsel for DXSF may have included communications that Defendants consider to be confidential and inadmissible pursuant to Fed. R. Evid. 408. Defendants do not waive any arguments as to the confidentiality and/or admissibility of the documents referenced in Paragraph 59.

60.     Defendants deny the allegations in Paragraph 60.

61.     The allegations in Paragraph 61 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 61 to the extent they conflict with the referenced documents.

62.     The allegations in Paragraph 62 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 62 to the extent they conflict with the referenced documents.

63.     Defendants deny the allegations in Paragraph 63, except to admit that Plaintiff met with Aliber and Tucker on December 14, 2018, and that performance and attendance expectations were discussed at that meeting.

64.     The allegations in Paragraph 64 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 64 to the extent they conflict with the referenced documents.

65.     The allegations in Paragraph 65 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 65 to the extent they conflict with the referenced documents.

66.     The allegations in Paragraph 66 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 66 to the extent they conflict with the referenced documents.

67.     The allegations in Paragraph 67 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 67 to the extent they conflict with the referenced documents.

68.     The allegations in Paragraph 68 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 68 to the extent they conflict with the referenced documents.

69.     The allegations in Paragraph 69 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 69 to the extent they conflict with the referenced documents.

70.     Defendants lack knowledge or information sufficient to admit or deny whether Plaintiff completed work between December 24, 2018, and December 28, 2018.  Defendants deny the remaining allegations in Paragraph 70, except to admit that Plaintiff did not complete expected tasks by the expected due date.

71.     Defendants deny the allegations in the first three sentences of Paragraph 71, except to admit that Plaintiff met with Aliber and Tucker on January 2, 2019, and that he

admitted to not meeting some work deadlines that had been previously communicated to him. Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence of Paragraph 71. The fifth and sixth sentences of Paragraph 71 refer to written documents, which speak for themselves. Defendants deny the allegations in the fifth and sixth sentences of Paragraph 71 to the extent they conflict with the referenced documents.

72. The allegations in Paragraph 72 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 72 to the extent they conflict with the referenced documents.

73. The allegations in Paragraph 73 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 73 to the extent they conflict with the referenced documents.

74. Defendants lack knowledge or information to admit or deny the allegations in Paragraph 74, except to admit that Plaintiff was granted personal time off on January 7 and 8, 2019.

75. Defendants lack knowledge or information to admit or deny the allegations in Paragraph 75, except to admit that Plaintiff was granted personal time off on January 7 and 8, 2019.

76. The allegations in Paragraph 76 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 76 to the extent they conflict with the referenced documents.

77. The allegations in Paragraph 77 refer to written documents, which speak for themselves. Defendants deny the allegations in Paragraph 77 to the extent they conflict with the referenced documents.

78.     The first three sentences of Paragraph 78 refer to written documents, which speak for themselves.  Defendants deny the allegations in the first three sentences of Paragraph 78 to the extent they conflict with the referenced documents.  Defendants deny the allegations in the fourth, fifth, sixth, and seventh sentences of Paragraph 78, except to admit that Plaintiff met with Aliber and Stewart on January 10, 2019, and that Plaintiff's performance was discussed at that meeting.

79.     The allegations in Paragraph 79 refer to written documents, which speak for themselves.  Defendants deny the allegations in Paragraph 79 to the extent they conflict with the referenced documents.

80.     Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 80.

81.     Defendants admit the allegations in the first sentence of Paragraph 81. Defendants deny the allegations in the second sentence of Paragraph 81, except to admit that Plaintiff, Aliber, and Tucker discussed areas where Plaintiff was not meeting his job performance expectations.

82.     The allegations in Paragraph 82 refer to a written document, which speaks for itself.  Defendants deny the allegations in Paragraph 82 to the extent they conflict with the referenced document.

83.     Defendants admit the allegations in the first sentence of Paragraph 83. Defendants deny the allegations in the second sentence of Paragraph 83, except to admit that Plaintiff was provided with a "Personnel Conversation Record," a proposed severance agreement, and his final paycheck. In furnishing this response, Defendants note that DXSF's proposed severance agreement is confidential and inadmissible pursuant to Fed. R. Evid. 408.

Defendants do not waive any arguments as to the confidentiality and/or admissibility of the proposed agreement.

84.     The allegations in Paragraph 84 consist of a legal conclusion to which no response is required.

CAUSES OF ACTION[3]

FIRST CAUSE OF ACTION – DISABILITY DISCRIMINATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B, § 1, et seq.

85.     The allegations in Paragraph 85 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

91.     Defendants deny the allegations in Paragraph 91 of the Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Complaint.

---

[3] In the Complaint, below the heading "Causes of Action," Plaintiff included a parenthetical stating that "(Each Cause of Action Incorporates Therein All Of The Paragraphs Set Forth, Hereinabove.)"  In response to Plaintiff's parenthetical, Defendants incorporate their responses to the preceding paragraphs of the Complaint (paragraphs 1-84) for each cause of action identified in the Complaint.

SECOND CAUSE OF ACTION – ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et seq.

93.     The allegations in Paragraph 93 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

96.     Defendants deny the allegations in Paragraph 96 of the Complaint,

97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98.     Defendants deny the allegations in Paragraph 98 of the Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Complaint.

100.    Defendants deny the allegations in Paragraph 100 of the Complaint

THIRD CAUSE OF ACTION – RETALIATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B §1, et seq.

101.    The allegations in Paragraph 101 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 101 of the Complaint.

102.    Defendants deny the allegations in Paragraph 102 of the Complaint.

103.    Defendants deny the allegations in Paragraph 103 of the Complaint.

104.    Defendants deny the allegations in Paragraph 104 of the Complaint.

FOURTH CAUSE OF ACTION – AIDING AND ABETTING IN VIOLATION OF MASS. GEN. LAWS. CHAPTER 151B § 1, et. seq.

105.     The allegations in Paragraphs 105 are directed only toward Defendants Aliber and Tucker, and therefore a response from DXSF is not required.  Aliber and Tucker state that the allegations in Paragraph 105 consist of a legal conclusion to which no response is required.  To the extent a response is required, Aliber and Tucker deny the allegations in Paragraph 105 of the Complaint.

106.     Defendants deny the allegations in Paragraph 106 of the Complaint.

107.     Defendants deny the allegations in Paragraph 107 of the Complaint.

FIFTH CAUSE OF ACTION – THREATS, COERSION [SIC] AND INTIMIDATION IN VIOLATION OF MASS. GEN. LAWS CHAPTER 151B § 1, et. seq.

108.     The allegations in Paragraphs 108 are directed only toward Defendants Aliber and Tucker, and therefore a response from DXSF is not required.  Aliber and Tucker state that the allegations in Paragraph 108 consist of a legal conclusion to which no response is required.  To the extent a response is required, Aliber and Tucker deny the allegations in Paragraph 108 of the Complaint.

109.     Defendants deny the allegations in Paragraph 109 of the Complaint.

110.     Defendants deny the allegations in Paragraph 110 of the Complaint.

111.     Defendants deny the allegations in Paragraph 111 of the Complaint.

SIXTH CAUSE OF ACTION – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. CHAPTER 28

112.     The allegations in Paragraph 112 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 112 of the Complaint.

113.     The allegations in Paragraph 113 consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 113 of the Complaint.

114.     The allegations in Paragraph 114 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 114 of the Complaint.

115.     The allegations in Paragraph 115 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 115 of the Complaint, except to admit that Plaintiff worked at least 1,250 hours during the 12 months preceding his leave of absence commencing in September 2018.

116.     The allegations in Paragraph 116 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 116 of the Complaint, except to admit that DXSF employs 50 or more employees.

117.     Defendants deny the allegations in Paragraph 117 of the Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Complaint.

SEVENTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993, 29 U.S.C. CHAPTER 28

119.     The allegations in Paragraph 119 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119 of the Complaint.

120.     The allegations in Paragraph 120 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants lack information or knowledge sufficient to admit or deny the allegations in Paragraph 120 of the Complaint.

121.     The allegations in Paragraph 121 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 121 of the Complaint.

122.     The allegations in Paragraph 122 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 122 of the Complaint, except to admit that Plaintiff worked at least 1,250 hours during the 12 months preceding his leave of absence commencing in September 2018.

123.     The allegations in Paragraph 123 consist of a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 123 of the Complaint, except to admit that DXSF employs 50 or more employees.

124.     Defendants deny the allegations in Paragraph 124 of the Complaint.

125.     Defendants deny the allegations in Paragraph 125 of the Complaint.

The remainder of the Complaint consists of Plaintiff's demand for a jury trial and prayer for relief, to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the requested relief or to any relief whatsoever.

Defendants deny all allegations set forth in the Complaint not otherwise admitted or qualified above.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### **SECOND AFFIRMATIVE DEFENSE**

The claims alleged in the Complaint fail, in whole or in part, because Plaintiff cannot establish the necessary elements to sustain his claims.

### THIRD AFFIRMATIVE DEFENSE

The claims alleged in the Complaint fail, in whole or in part, because Defendants acted in a good faith and in full compliance with all applicable laws and duties.

### FOURTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint fail, in whole or in part, because the Defendants had a legitimate, nondiscriminatory reason for each and every employment action taken with respect to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint fail, in whole or in part, because Plaintiff cannot prove that Defendants' stated legitimate, non-discriminatory reasons for its actions were pretextual.

### SIXTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint fail, in whole or in part, because Plaintiff has not suffered any harm or damages as a result of any action by Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

If any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, Plaintiff is precluded from recovering against Defendants because he failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are time-barred by the applicable statute of limitations.

### NINTH AFFIRMATIVE DEFENSE

The claims alleged in the Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

## TENTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred as duplicative.

## ELEVENTH AFFIRMATIVE DEFENSE

If any damages have been sustained by Plaintiff, although such is not admitted hereby or herein and is specifically denied, DXSF is entitled to the equitable doctrine of setoff and recoupment to offset all payments made to or on behalf of Plaintiff, as well as obligations of Plaintiff owed to DXSF, against any judgment that may be entered against DXSF.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Aliber and Tucker fail, in whole or in part, because Aliber and Tucker are not individually liable and/or did not owe any individual duty to Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims under Chapter 151B fail, in whole or in part, because Plaintiff failed to exhaust his administrative remedies.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to raise any other defenses or counterclaims that become available during the pendency of this action.

**WHEREFORE**, Defendants respectfully request that this Court dismiss the Complaint with prejudice, deny Plaintiff all relief requested therein, and award Defendants their attorneys' fees, costs, expenses, and such further relief as the Court deems just and proper.

March 25, 2020

                    Respectfully submitted,
DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER

By their attorneys,

*/s/ Laura D. Stones*
William E. Hannum III (BBO No. 643155)
Laura D. Stones (BBO No. 684569)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 25th day of March, 2020.

Suzanne L. Herold (*counsel for Plaintiff*)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
suzie@heroldlawgroup.com

*/s/ Laura D. Stones*
Laura D. Stones