IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> DEXTER SOUTHFIELD, INC., ) <br> CARMEN ALIBER, and ) <br> STEWART TUCKER ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 20-CV-10540-FDS |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION TO COMPEL THIRD-PARTY CELESTIAL COMPUTING, INC.
TO PRODUCE DOCUMENTS RESPONSIVE TO SUBPOENA**

Pursuant to Fed. R. Civ. P. 37(a)(2) and 45(d)(2)(B)(ii) of the Federal Rules of Civil Procedure, Defendants Dexter Southfield, Inc., Carmen Aliber and Stewart Tucker, by and through their counsel, submit this memorandum in support of its Motion to Compel third party Celestial Computing, Inc. ("Celestial Computing" or the "Company") to search for and produce certain records responsive to the subpoena issued by the District of Massachusetts in connection with an action pending in this district, *Ronald Dantowitz v. Dexter Southfield, Inc., et al*, District of Massachusetts Case No. 20-CV-10540-FDS.

In the course of this action, Defendants learned that Plaintiff was involved with a company called Celestial Computing, Inc., which Plaintiff established prior to becoming employed by Dexter Southfield School (the "School") and continued operating during and after his employment at the School. Accordingly, the requested records may contain information that is critically important to Plaintiff's claims and Defendants' defenses. Celestial Computing failed

to respond or raise timely objections to the properly served subpoena, and Defendants respectfully request that this Court enter an order requiring the Company to produce all documents responsive to the subpoena within five (5) days.

## FACTUAL BACKGROUND

### I. Background Of The Underlying District Court Case

The underlying lawsuit in this matter is *Ronald Dantowitz v. Dexter Southfield, Inc., et al*, District of Massachusetts Case No. 20-CV-10540-FDS. Plaintiff brought this civil action in Massachusetts Superior Court seeking damages and other relief for employment discrimination the basis of handicap and retaliation under Massachusetts General Laws Chapter 151B, as well as violations of the federal Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and Defendants removed the action to this Court. (Doc. No. 1, Notice Of Removal To The United States District Court.) Critical facts relevant to the claims and defenses in this case include (1) Plaintiff's job performance at Dexter Southfield, including his outside pursuits that may have interfered and/or conflicted with his responsibilities to the School; (2) Plaintiff's use of his role at the School and access to School resources to support his outside business interests and/or advance the interests of Company associates; (3) Plaintiff's work for his Company leading up to and during his FMLA leave in 2018; and (4) Plaintiff's sources of income since his employment was terminated.

### II. Celestial Computing, Inc.

Celestial Computing, Inc. is a company which was founded by the Plaintiff in 1994 has continued to be owned and operated by the Plaintiff from that time until today. During the first day of Plaintiff's deposition on March 24, 2021, and upon reviewing publicly available records

immediately following Plaintiff's first day of deposition, Defendants learned certain facts about Celestial Computing, Inc. which indicated that the Company may have documents that are of critical importance to the current litigation. Among other things, Plaintiff's testimony and publicly available records indicate that:

- At least one current or former employee of Dexter Southfield worked for the Company. (*See* relevant excerpts of Day 1 of the Deposition of Ronald F. Dantowitz, March 24, 2021, attached to the Declaration of Laura D. Stones as Exhibit 4 (hereafter referred to as "Dantowitz Dep.") at 82:7-85:14.)[1]

- Plaintiff assisted that individual with obtaining employment at the School.[2] (*Id*.)

- Plaintiff listed Dexter Southfield as the Company's address at various times. (*Id*. at 79:16-24.)

- While working at Dexter Southfield, Plaintiff spent hours, sometimes days, each week working on his Company's business interests. (*Id*. at 85:15-87:17 and 93:14-18.)

- In contrast to Plaintiff's testimony during his first day of deposition regarding his Company's registrations in other states, public records from the state of Colorado indicate that Plaintiff filed a "Statement of Foreign Entity Authority" to transact business or conduct activities in Colorado on August 31, 2018, precisely one day after Plaintiff requested an immediate leave of absence from Dexter Southfield. (*Compare* Stones Decl., Ex. 7. *to* Plaintiff's Dep. at 79:4-6 and 153:14-154:13.)

---

[1] Plaintiff's deposition was continued on April 21, 2021. Defendants have not yet been able to obtain a transcript from the second day, and therefore they do not seek to rely on the second day of testimony to support this motion.

[2] This individual is currently imprisoned for criminal conduct he engaged in at Dexter Southfield, after being hired at Plaintiff's recommendation. Plaintiff's Dep. at 83:10-85:2.

- The Company sold a piece of equipment in 2019 for more than $1 million. (Plaintiff's Dep. at 75:15-76:4.) Plaintiff reported $694,637 of adjusted gross income on his 2019 federal tax return, which included proceeds from this sale. (*Id.* at 98:20-99:3).

- The Company obtained a federal PPP loan in 2020. (*Id.* at 97:12-19.)

All of the above-listed information suggests that the Plaintiff's work for the Company may be relevant to Plaintiff's claims against Defendants in multiple important respects, most significantly Plaintiff's performance as a Dexter Southfield employee, the purpose of Plaintiff's leave request in Fall 2018, and Plaintiff's earnings following his termination from employment.

### III.    Rule 45 Subpoena To Celestial Computing, Inc.

Therefore, on April 5, 2021, pursuant to Fed. R. Civ. P. 45(a)(4), Defendants properly served a subpoena on the Keeper of the Records of Celestial Computing, Inc. requesting certain documents directly relating to the subject matter of the litigation in the instant matter to be produced by April 19, 2021, before Plaintiff's scheduled second day of deposition on April 21, 2021. (*See* Stones Decl. at ¶¶ 4-5, Exs. 1-2.) Consistent with Fed. R. Civ. P. 45(a)(4), Defendants served a notice on Plaintiff's counsel on April 2, 2021, prior to serving the subpoena on April 5. (*Id.* at ¶ 6, Ex. 3.)

As of the deadline on April 19, 2021, Defendants had not received any documents nor any other form of response from Celestial Computing, through counsel or otherwise. (*Id.* at ¶ 8, Ex. 5.) Accordingly, Defendants, through their counsel, emailed the Plaintiff, who is the Registered Agent for Celestial Computing, Inc., after the deadline had elapsed. (*Id.*) In response, counsel for Plaintiff replied via email and identified herself, for the first time, as counsel for the Company. (*Id.*) Also for the first time, she untimely objected to the subpoena as

"overbroad and largely irrelevant." (*Id.*) She subsequently stated that she had concerns about the Company disclosing "the terms of his [sic] government contracts," and invited a discussion about what documents were relevant to the case, suggesting Thursday or Friday of that same week (April 22 or 23, 2021[3]). (*Id.*) Counsel for Defendants followed up to request a conference that Friday, April 23, and received no response. (*Id.*) Counsel for Defendants followed up via email once again on Friday, April 23, to request a conference that day, and received no response. (*Id.*) Counsel for Defendants followed up a third time, on Monday, April 26, offering to narrow the request if the Company agreed to produce responsive records immediately. (*Id.*) Again, the Company's counsel did not respond. (*Id.*)

As of the date of this motion, two weeks after the Company's response to the subpoena was due, Defendants have received no response to the subpoena. Defendants' counsel's last three emails to Plaintiff have received no response whatsoever.

## ARGUMENT

Celestial Computing, Inc. has waived any objections it may have had to Defendants' document requests and has no valid reason not to produce responsive documents forthwith.

### I. Celestial Computing, Inc. Did Not Serve Timely Objections And Therefore Waived Them.

Celestial Computing, Inc. failed to serve timely objections to Defendants' Subpoena to Produce Documents. Under Rule 45(d)(2)(B), the recipient of a properly served subpoena, must either respond to or serve written objections before the e*arlier* of the date of compliance or 14 days after service of the subpoena. However, in this case, the Keeper of the Records of Celestial Computing, Inc. did not respond in any way, by producing records or by raising objections, until

---

[3] Plaintiff's second day of deposition took place on April 21, 2021. (Stones Decl. at ¶ 9.)

after the time and date for compliance had elapsed, and even then, only when contacted by counsel for Defendants.

Consequently, Celestial Computing, Inc. has waived any and all objections to Defendant's Subpoena to Produce Documents. *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D. Mass. 1988). Specifically, these document requests were served directly on the Plaintiff, as the agent of Celestial Computing, Inc. on April 5, requiring responses by April 19, 2021. In addition, notice of the subpoena was served on Plaintiff's counsel, who later identified herself as counsel for Celestial Computing, Inc., on April 2, 2021, three days before the subpoena was served on the Company. However, Celestial Computing, Inc., through counsel or otherwise, did not seek an extension and did not provide any kind of response or objection until after counsel for Defendants inquired, after the deadline for compliance had elapsed.

Furthermore, Celestial Computing's concerns, expressed through counsel via email, would not constitute objections, even if they were timely. The Company's counsel's email merely indicated that an objection might be forthcoming, but no proper written objection was ever provided. *Bailey Industries, Inc. v. CLJP, Inc*., 270 F.R.D. 662, 667-68 (N.D. Fla. 2010). Thus, any objections that the Company now seeks to raise in response to this motion need not—and should not—be considered by the Court. *Krewson,* 120 F.R.D. at 7.

## II. Celestial Computing Has No Valid Reason For Not Producing Responsive Documents Forthwith.

Celestial Computing has no justification for not producing a single responsive document and for its complete failure to respond. Accordingly, an Order compelling the production of documents is required to ensure that this case proceeds in a timely manner.

## **CONCLUSION**

For the foregoing reasons, Defendants request an order that Celestial Computing has waived any objection to Defendants' Subpoena to Produce Documents and that Celestial Computing shall, within five days after entry of the order, produce copies of all documents responsive to Defendants' Subpoena to Produce Documents. Defendants further request that the Court order that Celestial Computing shall pay Defendants the reasonable expenses incurred by Defendants in obtaining the order requested herein, inclusive of attorneys' fees, in an amount to be determined by the Court, as provided by Fed. R. Civ. P. 45(g) and the Court may further order any other remedy available under Fed. R. Civ. P. 45(g) or that the Court deems just and proper.

        Respectfully submitted,
        DEXTER SOUTHFIELD, INC.,
        CARMEN ALIBER, and
        STEWART TUCKER

        By their attorneys,

        */s/ Laura D. Stones*
        William E. Hannum III (BBO No. 643155)
        (whannum@shpclaw.com)
        Laura D. Stones (BBO No. 684569)
        (lstones@shpclaw.com)
        SCHWARTZ HANNUM PC
        11 Chestnut Street
        Andover, MA 01810
        Telephone: (978) 623-0900
        Facsimile: (978) 623-0908

May 1, 2021

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 1st day of May 2021.

    Suzanne L. Herold (*counsel for Plaintiff and Celestial Computing, Inc.*)
    Herold Law Group, P.C.
    50 Terminal Street
    Building 2, Suite 716
    Charlestown, MA 02129
    suzie@heroldlawgroup.com

                                      */s/ Laura D. Stones*
                                      Laura D. Stones