IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                )
RONALD F. DANTOWITZ,         )
                                )
          Plaintiff,     )
v.                           )
                                )   CIVIL ACTION NO. 20-CV-10540-FDS
DEXTER SOUTHFIELD, INC.,   )
CARMEN ALIBER, and       )
STEWART TUCKER         )
                                )
         Defendants.    )
_____)

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION TO COMPEL THE PRODUCTION
OF DOCUMENTS AND FOR AN AWARD OF EXPENSES OF MOTION**

Pursuant to Rule 37(a)(2) and (c) of the Federal Rules of Civil Procedure, Defendants

Dexter Southfield, Inc., Carmen Aliber and Stewart Tucker, by and through their counsel, submit

this memorandum in support of their Motion to Compel The Production of Documents by

Plaintiff.  Defendants also seek corresponding sanctions against Plaintiff.

Specifically, Defendants request an order specifying that:

(a)     Plaintiff shall within five days produce or make available for inspection and

copying all documents responsive to Defendants' First Request for Production of Documents,

including the documents Plaintiff described during his deposition on April 21, 2021;

(b)     Plaintiff shall pay Defendants the reasonable expenses incurred by Defendants in

obtaining the order requested herein, inclusive of attorneys' fees, in an amount to be determined

by the Court, as provided by Fed. R. Civ. P. 37(a)(5); and

(c)      Plaintiff's failure to comply with the order requested herein shall result in (i) dismissal of this action, or (ii) an order prohibiting Plaintiff from introducing into evidence any documents or information that Plaintiff failed to produce in response to Defendants' First Request for Production of Documents; or (iii) any other remedy available under Fed. R. Civ. P. 37.

## FACTUAL BACKGROUND

Defendants' document requests were served on Plaintiff's counsel on October 5, 2020. (*See* Declaration of Laura D. Stones ("Stones Decl.") at ¶ 4 *and* Defendants' First Set of Document Requests to Plaintiff, attached to Stones Decl. as Exhibit ("Ex.") 1 ("Defendants' Document Requests").  After seeking to cooperate with Plaintiff in good faith and granting Plaintiff multiple extensions (each of which were requested by Plaintiff *after* the previous deadline has passed), Defendants agreed to permit Plaintiff until December 31, 2020 to provide responses.  (*Id*. at ¶¶ 5-8, 10, Ex. 3.)  Even with more than *ninety days* permitted to respond to Defendants' Document Requests, Plaintiff did not meet this generously-extended deadline.  (*Id*.)  Indeed, Plaintiff did not provide responses to Defendants until January 4, 2021 (although Plaintiff's counsel claimed that she "attempted" to serve responses on December 29, 2020).  (*Id*. at ¶ 9.)

In Plaintiff's January 4, 2021 written responses, Plaintiff did not object to any of the requests at issue in this motion, and Plaintiff's counsel did not sign the responses.  (*See* Plaintiff's Responses To Defendants' First Set Of Document Requests, attached to Stones Decl. as Ex. 2 ("Plaintiff's Written Responses").  For three requests (Request Nos. 15, 17, and 21) Plaintiff's response stated that he was "conducting a search and will supplement" his response and/or document production.  (*Id*.)

Defendants' counsel followed up with Plaintiff's counsel to inquire about the incomplete responses, and specifically inquired about Plaintiff's communications with former Dexter Southfield employees Michael Williams and Bob Phinney, which would be responsive to Defendants' Document Request No. 17.  (Stones Decl. ¶ 11, Ex. 4.)  Plaintiff, through counsel, subsequently produced text messages with Michael Williams and stated that "there are no additional text messages or other communications other than those with Mr. Williams, which you have."  (*Id*. at ¶ 13, Ex. 6)

In Plaintiff's first day of deposition on March 24, 2021, he revealed that he had additional responsive documents that had not been produced in discovery.  (*Id*. at ¶ 14.)  Plaintiff subsequently produced the documents he described in his first day of deposition testimony, and appeared for a second day of deposition on April 21, 2021.  (*Id*. at ¶¶ 14-16.)  During his second day of deposition, Plaintiff identified numerous categories of responsive documents that still had not yet been produced, specifically:

- Plaintiff's handwritten notes from his meetings with Dexter Southfield administrators Carmen Aliber and Stewart Tucker on January 18 and January 22, 2019, as well as other documents that Plaintiff possesses related to his January 22, 2019 meeting;

- Plaintiff's text messages and/or other communications with Bob Phinney;

- Emails or notes that Plaintiff testified would jog his memory regarding his work for his company, Celestial Computing, Inc., leading up to and during his leave of absence from Dexter Southfield in Fall 2018;

- Medical records or other records supporting Plaintiff's alleged emotional distress and/or damages following the termination of his employment.

(*Id*. at ¶¶ 16-18, Ex. 8.)  As a result, Defendants' counsel suspended Plaintiff's deposition, pending the production of additional documents.  (*Id*. at ¶ 16.)

Defendants' counsel emailed Plaintiff's counsel the next day, on April 22, 2021, to request a Local Rule 37.1 conference to discuss the unproduced documents, and again on Friday, April 23, 2021.  (*Id*. at ¶18, Ex. 8.)  As of the date of this motion, Plaintiff's counsel still has not responded, nor has Plaintiff's counsel provided any indication that Plaintiff intends to produce the documents he described during his deposition.  (*Id*.)

## ARGUMENT

Plaintiff's numerous delays and stonewalling have impaired Defendants' ability to carry out discovery and prepare its defenses.  In particular, Defendants cannot determine whether they will need more time to depose the Plaintiff until Plaintiff produces the documents he should have produced last year, and which he specifically referenced during his second day of deposition.  In light of the scheduling order in this case, which Defendants do *not* wish to change, and which calls for the close of most discovery by May 5, 2021 and the service of summary judgment motions by June 21, 2021, the immediate production of the requested documents is critically important.

## I.   The Documents Plaintiff Identified During His Deposition Should Already Have Been Produced In Response To Defendants' Document Requests.

The documents Plaintiff identified during his deposition are squarely responsive to the Defendant's Document Requests propounded almost seven months ago, on October 5, 2020. Each category of documents, and the document request(s) to which they are responsive, is addressed below.

Plaintiff's handwritten notes and documents from his meetings with Dexter Southfield administrators (including Carmen Aliber and Stewart Tucker) on January 18 and 22, 2019 are relevant to all of Plaintiff's claims.  Indeed, Plaintiff specifically referenced both meetings in his Complaint, and he incorporated those allegations into all seven of his claims against Defendants. (*See* Complaint, Dkt. No. 1-1, ¶¶ 81-83.)  Accordingly, those same documents are responsive to Defendants' Document Request Nos. 2-8, which request all documents concerning or relating to each cause of action in the Complaint.

Plaintiff's notes and documents from the January 2019 meetings are also responsive to Request Nos. 18-23, which request "[a]ll such documents [Plaintiff] wrote in concerning or relating to [his] employment (Request No. 18); "[a]ll documents concerning or relating to [Plaintiff's] employment and/or separation of employment at Dexter Southfield" (Request No. 19); "[a]ll documents concerning or relating to communications between [Plaintiff] and Dexter Southfield related to any matter referenced in the Complaint… including… notes" (Request No. 20); "[a]ll documents concerning or relating to communications between [Plaintiff] and Ms. Aliber related to any matter referenced in the Complaint… including… notes" (Request No. 21); "all documents concerning or relating to communications between [Plaintiff] and Mr. Tucker related to any matter referenced in the Complaint… including… notes" (Request No. 22); and "all documents concerning or relating to communications between [Plaintiff] and any person concerning or related to any matter referenced in the Complaint… including… notes" (Request No. 23).  (Stones Decl. ¶ 4, Ex. 1.)  In his untimely, unsigned responses to Defendants' Document Requests, Plaintiff did not state any objections to Request Nos. 2-8 or 18-23.  (*Id*. ¶ 9, Ex. 2.)

Plaintiff's text messages and/or other communications with Bob Phinney are squarely responsive to Defendants' Document Request No. 17, which requested "all documents related to and communications with the witnesses identified in Plaintiff's Initial Disclosures dated September 10, 2020." (*Id.*, ¶ 4, Ex. 1; *see also* Plaintiff's Initial Disclosures, attached to Stones Decl. as Ex. 9.)  Indeed, Defendants' counsel believed that it was likely that Plaintiff would have responsive communications with Bob Phinney and specifically inquired about the existence of such documents, which would be responsive to Document Request No. 17, in an email to Plaintiff's counsel on January 22, 2021.  (Stones Decl. ¶ 11, Ex. 4.)  More than a month later, on March 1, 2021, Plaintiff's counsel emailed Defendants' counsel and stated that she "confirmed there are no additional text messages or communications" other than what had already been produced to Defendants.  (*Id.* ¶ 13, Ex. 6.)  More than six weeks later, Plaintiff testified during his second day of deposition that he does possess additional text messages with Bob Phinney, directly contradicting the earlier representation by his counsel, and confirming Defendants' counsel's initial belief that such communications existed.  (*Id.* ¶¶ 16-17.)  In his untimely, unsigned responses to Defendants' Document Requests, Plaintiff did not state any objections to Request No. 17.  (*Id.* ¶ 9, Ex. 2.)

Emails or notes that Plaintiff testified would jog his memory regarding his work for his company, Celestial Computing, Inc., leading up to and during his leave of absence from Dexter Southfield in Fall 2018 are plainly relevant to Plaintiff's work performance in the summer of 2018, preceding his leave of absence, and his stated reasons for seeking a leave of absence. Accordingly, such documents are responsive to Defendants' Document Request Nos. 4, 7 and 8, which seek "[a]ll documents concerning or relating to" the Third, Sixth and Seventh causes of action in the Complaint, respectively, which constitute Plaintiff's claims of retaliation and

FMLA interference.  The documents are also responsive to Defendants' Document Request No. 23, which sought "[a]ll documents concerning or relating to communications between you and any person… in any way related to the instant litigation, including but not limited to all conversations, text messages, notes, telephone messages, letters, and emails."  In his untimely, unsigned responses to Defendants' Document Requests, Plaintiff did not state any objections to Request Nos. 4, 7, 8, or 23.  (*See* Stones Decl. ¶ 9, Ex. 2.)

To the extent that Plaintiff's emails or notes regarding Celestial Computing, Inc. contain information about Plaintiff's activities and sources income following the termination of his employment from Dexter Southfield, which occurred on January 22, 2019, then these documents would also be responsive to Defendants' Document Request No. 15, which requested "[a]ll documents concerning or relating to any efforts you made to explore… other sources of income at any time since January 22, 2019."  In his untimely, unsigned responses to Defendants' Document Requests, Plaintiff did not state any objections to Request No. 17.  (*Id*.)

Finally, the medical records or other records supporting Plaintiff's alleged emotional distress and/or damages following the termination of his employment, which Plaintiff referenced during his deposition, should have been produced in response to Request Nos. 12 and 14, which sought "all documents (including medical records and communications) concerning or relating to any visit, consult or treatment you sought or received from any physician, psychiatrist, psychologist, social worker, clergy member, health care provider, and/or facility related to any physical mental, emotional, or psychological condition you allegedly experienced due to any of the causes of action alleged in your Complaint" (Request No. 12) and "[a]ll documents (including medical records) concerning or relating to any treatment you sought or received for your alleged emotional distress" (Request No. 14).  (*Id*. ¶ 4, Ex. 1)  In his untimely, unsigned

responses to Defendants' Document Requests, Plaintiff did not state any objections to Request Nos. 12 or 14.  (*See id.* ¶ 9, Ex. 2.)

In light of the facts that (1) the above-listed categories of documents referenced by Plaintiff in his second day of deposition are responsive to requests propounded by Defendants more than seven months ago, on October 25, 2020; and (2) Plaintiff did not, at any time, raise any objection to the relevant document requests,[1] the documents must be produced.

## <u>CONCLUSION</u>

As a result of Plaintiffs' repeated failure to produce responsive documents, as described herein, the Court should allow this motion and issue and order specifying that:

(a)      Plaintiff shall within five days produce or make available for inspection and copying all documents responsive to Defendants' First Request for Production of Documents, including the documents Plaintiff referenced during his second day of deposition on April 21, 2021;

(b)      Plaintiff shall pay Defendants the reasonable expenses incurred by Defendants in obtaining the order requested herein, inclusive of attorneys' fees, in an amount to be determined by the Court, as provided by Fed. R. Civ. P. 37(a)(5) or 37(c)(1)(A); and

(c)      Plaintiff's failure to comply with the order requested herein shall result in (i) dismissal of this action, or (ii) an order prohibiting Plaintiff from introducing into evidence any documents or information that Plaintiff failed to produce in response to Defendants' First Request for Production of Documents and/or any other remedy available under Fed. R. Civ. P. 37.

---

[1] To the extent that Plaintiff now seeks to raise objections in response to this motion, Plaintiff has waived any and all objections to this set of document requests.  *Krewson v. City of Quincy*, 129 F.R.D. 6, 7 (D. Mass. 1988).

Respectfully submitted,
DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER

By their attorneys,

*/s/ Laura D. Stones*
William E. Hannum III (BBO No. 643155)
(whannum@shpclaw.com)
Laura D. Stones (BBO No. 684569)
(lstones@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

May 1, 2021

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 1st day of May 2021.

> Suzanne L. Herold (*counsel for Plaintiff*)
> Herold Law Group, P.C.
> 50 Terminal Street
> Building 2, Suite 716
> Charlestown, MA 02129
> suzie@heroldlawgroup.com

> */s/ Laura D. Stones*
> Laura D. Stones