UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>                Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD, INC.,<br>CARMEN ALIBER and<br>STEWART TUCKER<br><br>                Defendants. | Civil Action No. 1:20-cv-10540-ADB |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS TO CELESTIAL COMPUTING, INC.**

NOW COMES Plaintiff, Ronald F. Dantowitz, ("Mr. Dantowitz") and respectfully opposes Defendant's Motion to Compel Production of Documents from Celestial Computing, Inc. ("Celestial").

**ARGUMENT**

    **I.**    **The Defendants' Requests Are Overbroad and Irrelevant**

Defendant argues that it needs a wide variety of documents from Celestial to evaluate Plaintiff's performance at Defendant, Dexter Southfield, Inc. ("Dexter"), to evaluate the "purpose" of Plaintiff's FMLA leave request in Fall 2018 and to understand Plaintiff's earnings upon his termination from Dexter.

Plaintiff agrees to producing Celestial's federal income tax returns from his termination with Dexter to present, alleviating Defendants' concerns about the source of his income from Celestial since his termination.

As an agent for Celestial, what Plaintiff cannot do is agree to produce records to Defendant that are irrelevant to the case at bar and / or are overbroad to Defendant's articulated purpose for needing said documents. For example, "any contract or transaction" made by the Company since its inception in 1994 is not relevant to Plaintiff's work performance at Dexter during a time when Dexter did not allege Plaintiff was underperforming. Moreover, "any contract or transaction" from 1994 to present relates, in no way whatsoever, to Plaintiff's need for FMLA use in 2018.

Simply put, anything financial will be included in the tax returns, which Plaintiff will produce for the years this Court Orders. Plaintiff respectfully suggests that this Court order no more than 5 years of records, as there is no allegation that Dexter was aware of Plaintiff's son's disability or his own disability until 2015. Similarly, there were no performance "issues" identified by Defendant until after that time.

Running down the list of requested documents yields the same analysis for each: how will prodiving documents related to Celestial's employees and independent contractors help Dexter establish Plaintiff's allegedly poor performance or need for FMLA in 2018? It will not. Why should Dexter be entitled to Celestial's contracts with NASA? It should not. Importantly, Celestial's contracts with NASA are confidential, and Dexter's request to access them does not trump the underlying fact that they are both confidential and irrelevant.

Similarly, Dexter already knows that Celestial was born in 1994 and Plaintiff testied about its operations in various states. How will documents related to its registration to do business in other states (which is public record and which Dexter

admits it already has copies of, given that they were introduced by Dexter to Plaintiff at his deposition) be useful to discovery in the underlying lawsuit? Again, it will not.

Dexter is not simply entitled to these documents because it says so. Celestial has a legitimate business reason for keeping all of these documents to itself, with the exceoption of the federal tax returns. Dexter has not stated a single, specific reason why its exhausting list of documents should be turned over other. Dexter merely states that the documents are sought in connection to job performance issues, that do not date nearly back to 1994, and the Plaintiff's need for FMLA. None of these documents are specifically relevant to Defendant's scheme, which is presumably why it has been unable to clearly justify the need.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that this Court DENY the Defendants' Motion to Compel production of Documents from Celestial Computing, Inc. but for the federal income tax records for the years this Court deems appropriate.

Respectfully submitted,

RONALD F. DANTOWITZ,

By his attorney,

 */s/ Suzanne L. Herold*
Suzanne L. Herold (BBO No. 675808)

HEROLD LAW GROUP, P.C.<br>
50 Terminal Street<br>
Building 2, Suite 716<br>
Charlestown, MA 02129<br>
(617) 944-1325 (t)<br>
(617) 398-2730 (f)<br>
suzie@heroldlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2021, a true and accurate copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

*/s /Suzanne L. Herold*

Suzanne L. Herold