UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>                Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD, INC.,<br>CARMEN ALIBER and<br>STEWART TUCKER<br><br>                Defendants. | Civil Action No. 1:20-cv-10540-ADB |

**PLAINTIFF'S PARTIAL OPPOSITION TO DEFENDANTS'**
**MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

NOW COMES Plaintiff, Ronald F. Dantowitz, ("Mr. Dantowitz") and respectfully opposes Defendant's Motion to Compel Production of Documents.

**ARGUMENT**

**I.    The Defendants' Motion Practice Did Not Allow Plaintiff Time to Perform**

Let the underlying timeline be clear to this Court: Plaintiff's counsel agreed to produce Plaintiff for a second day of deposition and exceed the 7-hour testimony limit. On **April 21, 2021** Plaintiff sat for his second day of deposition.

On **April 22, 2021** Defendants' counsel sent an email to Plaintiff's counsel sent a bulleted list of additional documents that she believes Defendants are now entitled to, including additional medical records and all text messages between Plaintiff and another former employee of Defendant. *See* Exhibit 1.

On **April 23, 2021** Defendants' counsel sent a follow up e-mail with even more documentation to which she believes she is entitled to.  *See* Exhibit 1.

On **Saturday, May 1, 2021, between five and six days from making her requests**, and without the benefit of a meet and confer, Defendants' counsel filed a motion to compel requesting sanctions.

Putting aside Defendants' counsel's unprofessional and childlike behavior of filing a motion less than one week after Defendants' counsel made her requests, the Defendants did not meet their obligation to meet and confer prior to the filing.  That alone must be the basis for the denial of Defendants' motion.  If sanctions are warranted anywhere, it should be on Defendants for wasting Plaintiff's counsel's time and resources and this Court's time.

With respect to Defendants' request for medical records related to Plaintiff's emotional distress, surely Plaintiff cannot be expected to make a request to third-party offices, expect physicians to bend over backwards to meet an unrealistic deadline arbitrarily set by Defendants and then be sanctioned for it.  Even more important. Defendant is not simply entitled to mental health related documents simply because they say so.  Plaintiff is entitled to pursue only "garden variety" emotional distress damages which would then limit Defendant's access to said records, if any.

Simply put, counsel for the parties need to discuss the relevancy of the documents Plaintiff idntifid in his deposition testimony to determine what must farily be produced. Plaintiff had no such option here; while Plaintiff's counsel suggested time for a phone call on Friday, April 30, 2021, no time was set and Plaintiff's counsel ended up unavailable that day.  Less than 24 hours later, on a Saturday, Defendants' filed a motion

to compel. This behavior is a bullying, abusive tactic that must not be rewarded. Plaintiff requests that this Court Order the required meet and confer so that the parties can narrow the issues, agree to a reasonable date for production, and move on.

## **CONCLUSION**

For all the foregoing reasons, Plaintiff respectfully requests that this Court DENY the Defendants' Motion to Compel production of Documents from Plaintiff in its entirety.

Respectfully submitted,

RONALD F. DANTOWITZ,

By his attorney,

 */s/ Suzanne L. Herold*
Suzanne L. Herold (BBO No. 675808)
HEROLD LAW GROUP, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 944-1325 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of May 2021, a true and accurate copy of this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and sent via first class mail to unregistered participants.

*/s /Suzanne L. Herold*

Suzanne L. Herold