UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>          Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD, INC.,<br>CARMEN ALIBER and<br>STEWART TUCKER<br><br>          Defendants. | Civil Action No. 1:20-cv-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE**

Plaintiff, Ronald F. Dantowitz ("Plaintiff" or " Dantowitz")  opposes Defendants', Dexter Southfield, Inc. ("Dexter"), Carmen Aliber ("Aliber") and Stewart Tucker ("Tucker") (collectively "Defendants") Motion to Strike motion to strike for the reasons set forth herein.

**ARGUMENT**

Summary judgment is only appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Mass. R. Civ. P. 56(c).  It is well recognized that courts disfavor summary judgment in employment discrimination cases. Bulwer v. Mount Auburn Hospital, 473 Mass. 672, 689 (2016).  "In cases involving employment discrimination, a defendant employer faces a heavy burden if it seeks to obtain summary judgment: *summary judgment is disfavored in discrimination cases based on disparate treatment* because the question of the employer's state of mind (discriminatory motive) is 'elusive and rarely is established by other circumstantial evidence." Sullivan v. Liberty Mutual Insurance Co., 444

Mass. 34 (2005) *citing* Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 439 (1995) (emphasis added). This requires "*the jury* to weigh the credibility of conflicting explanations" of the adverse decision. Sullivan at 39 (internal citations omitted) (emphasis added).

Despite this solid guidance on the applicability of summary judgment in employment matters, the Defendant forged ahead and presents this Court with a record that violates the spirit of Rule 56. Then, upon receipt and review of Plaintiff's Responses to Defendants' Statements of Material Facts, Defendants are clearly upset that Plaintiff has legitimate issues of material fact to dispute what Defendants must have otherwise assumed was a summary judgment victory. However, if Defendants had been forthcoming with what the record ***actually*** reflects, especially given its duty to portray, and not hide, facts favorable to Plaintiff, it could not have, in good faith, served its Motion for Summary Judgment.

Because Defendant brings its motion with unclean hands, its conduct cannot go rewarded. *See* Goka v . Bobbitt , 862 F.2d 646 , 650 (7th Cir . 1988), Jordan v. City of Cleveland, 464 F.3d 584, 588, n. 2 (2006); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (purpose of summary judgment is to dispose of factually unsupported claims or defenses).

Plaintiff's position is well supported by a simple review of the papers. What should be the most compelling reason for denying Defendants' Motion to Strike is that it unfairly asks this Court to look at Statements of Fact that Plaintiff has denied – for good reason – but splices out Plaintiff's explanations and citations to the record that support such denials. Plaintiff is confused as to how Defendants can possibly ask this Court to ignore the reason(s) articulated in his denials to the contested Statements of Fact and allow their Motion to Strike, and this Court should be similarly perplexed at Defendants' continued effort to ignore the portions of the record that disfavor Defendants' position.

I.       <u>Plaintiff's Affidavit</u>

    a.  <u>The Affidavit is Not Contradictory</u>

An employee's self-serving statements must be considered true, pursuant to Rule 56. <u>Velazquez-Garcia v. Horizon Lines of P.R., Inc.</u>, 473 F.3d 11, 17-18 (1 st Cir. 2007). It is only when the self-serving affidavit is conclusory that it becomes unfit. <u>Harper v. Credit Control Services, Inc.</u>, 2012 U.S. Dist. Lexis 70403 (D. Mass.), at 6-7. Self-serving evidence may be credited by a jury. <u>Brookins v. Northeastern University</u>, 2014 Mass. App. Unpub. Lexis 644, at 5. The rule prohibiting contradictory affidavits is, "[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed. <u>Colantuoni v. Alfred Calcagni & Sons</u>, 44 F.3d 1, 4-5 (1 st Cir. 1994).

    Here, Plaintiff's affidavit is not contradictory of his deposition testimony. Paragraph 2 seeks to clarify that while Defendants' represent to this Court that Plaintiff ***knew and waited until August*** to tell Defendants' that the telescope was non-operational, Plaintiff has clarified that he only knew, and only could have known, in late August that the telescope was not going to be operational for the start of the academic year.

    Similarly, paragraph 10 of Plaintiff's Affidavit is not inconsistent with his deposition testimony, as Plaintiff testified that Bob Phinney stepped in and taught his astronomy course in the fall of 2018. Paragraph 10 of Plaintiff's Affidavit seeks to clarify that prior to Plaintiff's leave of absence, Bob Phinney was a Latin and Health teacher, and had never taught astronomy or physics. The important distinction is that Bob Phinney was not a faculty member of Dexter's Science Department, but rather taught Health and Latin, lending credence to the fact that Dexter

sought to replace Plaintiff while he was on medical leave and had nothing to do with Mr. Phinney, who was faculty in an entirely different department of Dexter.

Furthermore, case law supports Plaintiff even if he did contradict himself. A fact finder may choose to believe trial testimony that directly contradicts deposition testimony, especially if the transcript is inconsistent and the employee claims a misunderstanding. DeCaro v. Hasbro, Inc., 542 F. Supp. 2d 141, 150-151 (D. Mass. 2008). "A [fact finder] who has seen and heard the witness is in a better position to determine their credibility than is a court which is confined to the printed record." Haufler v. Zotos, 446 Mass. 489, 498 n.23 (2006). Unclear deposition testimony may be clarified by a later affidavit. Gillen v. Fallon Ambulance Serv., 283 F.3d 11, 26 (1st Cir. 2002). Changes in testimony may be justified due to a lapse of memory, new information, or other events that can explain a revision. Hernandez-Loring v. Universidad Metropolitana, 233 F.3d 49, 54 (1st Cir. 2000). Differences between an affidavit and a deposition does not mean that there is a contradiction-they may still be considered consistent. Plante v. Hinckley, Allen & Snyder, LLP, 28 Mass. L. Rptr. No. 12, 266 (May 16, 2011). While this is not necessarily the case here, there is no reason, whether based upon clarification or contradiction that Plaintiff's Affidavit must be stricken.

      b. Plaintiff's Denials of Statements of Fact

Defendants' Motion to Strike Plaintiff's denials of certain Statements of Fact is a real head-scratcher. Defendants represent that Statements of Fact 7, 15, 19, 21, 27, 29, 33, 46, 64, 65 and 66 because they are "unsupported" is brazen, given that literally every single Statement except Statement of Fact 19 has citations to other parts of the record that support Plaintiff's denial.

In many of the Statements that Defendants move to strike, Defendants ask this Court simply to look at the document itself, or "let the document speak for itself", but at summary judgment (and during trial testimony) that is not the standard this Court must apply, because testimony that unpacks the meaning or intent behind what is written in the documents is part of the record.

For example, Defendants take issue with Statement of Fact 27 because Plaintiff does not admit that the list of 36 items "had to be completed prior to the students returning to school in Fall 2018". Defendant ignores the simple fact that the 36 point list literally had items marked for a targeted completion beyond the Fall 2018 deadline, again ignoring its obligation to present the facts in the light most favorable to Plaintiff. Even if the 36 point list was not so clear, Defendants ask this Court to completely disregard Plaintiff's testimony that clarifies that the list was not meant to be a "do or die" by Fall 2018 – which Plaintiff cites to when he offers explanation for his denial of the Statements.

When Defendants are not taking issue with letting the documents "speak for themselves" they take issue with boxing Plaintiff into testimony provided at his deposition to narrow questions. Defendant misconstrues Plaintiff's obligation to cite ***to the record*** versus to only deposition testimony. Defendant completely ignores the standard that the court may consider other evidence in the record that the Plaintiff did not refer to in depositions. United States ex rel. Jones v. Brigham and Women's Hospital, 678 F.3d 72 (1st Cir. 2012); 2012 U.S. App. Lexis 9272, at 44-45. In Statements of Fact 33, 46, 64, 65 and 66 Defendant ignores the record cited by Plaintiff and simply harps on portions of Plaintiff's deposition that it has cited – again, in disregard for the well established standard.

Simply put, Plaintiff has offered citations to the record that support his denials (except for Statement of Fact 19, that admits that the document speaks for itself. Plaintiff will not belabor the point on each Statement of Fact except to ask the Court to review the denial called out by Defendants, and the citations to the record that appropriately support each denial (or denial in part). Plaintiff's responses speak for themselves and are in no way inappropriate or deserve to be stricken.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that this Court DENY Defendants' Motion to Strike in its entirety.

Dated: February 11, 2022

        For Plaintiff,

        */s/ Suzanne L. Herold*
        Suzanne L. Herold (BBO# 675808)
        Herold Law Group, P.C.
        50 Terminal Street
        Building 2, Suite 716
        Charlestown, MA 02129
        (617) 944-1325 (t)
        (617) 398-2730 (f)
        suzie@heroldlawgroup.com

CERTIFICATE OF SERVICE

I, Suzanne L. Herold, hereby certify that this document was served upon Defendants' counsel via electronic filing on February 11, 2022.

*/s/ Suzanne L. Herold*
_____
Suzanne L. Herold