IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,          ) | |
|           ) | |
|         Plaintiff,      ) | |
| v.            ) | |
|           ) | CIVIL ACTION NO. 20-CV-10540-AK |
| DEXTER SOUTHFIELD, INC.,   ) | |
| CARMEN ALIBER, and      ) | |
| STEWART TUCKER       ) | |
|           ) | |
|       Defendants.    ) | |
|           ) | |

## <u>DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS CONCERNING PLAINTIFF'S INCOME</u>
### (Memorandum Incorporated)

Pursuant to Fed. R. Civ. P. 37(a)(2) of the Federal Rules of Civil Procedure, and Rule 7.1 of the Local Rules of the U.S. District Court for the District of Massachusetts, Defendants Dexter Southfield, Inc. (the "School"), Carmen Aliber and Stewart Tucker, by and through their counsel, submit this Motion to Compel the Production of Documents Concerning Plaintiff's Income generated by Plaintiff, individually, and Plaintiff's company, Celestial Computing, Inc., since the School terminated Plaintiff's employment on January 22, 2019.

***The Court has already found that income information for calendar years 2018, 2019 and 2020 are relevant to the claims and defenses in this suit, and ordered Plaintiff to produce tax information for those years. Defendants are now requesting income information for calendar year 2021, which Plaintiff refuses to produce.*** The Court should allow Defendants' motion to compel.

In further support of this motion, Defendants state as follows:

1.     Plaintiff is a former faculty member at the School who taught astronomy.  On January 22, 2019, the School terminated Plaintiff's employment for lack of performance and

insubordination.  On or about December 30, 2019, Plaintiff brought suit against Defendants,

asserting multiple causes of action for discrimination and retaliation.  Plaintiff claims he is

entitled to an award of back pay and front pay.

2.      On October 5, 2020, Defendants served Plaintiff with document requests,

including the following:

> All documents concerning any and all wages, unemployment
> benefits, or other benefits or monies you received in connection
> with employment or other income since January 22, 2019,
> including but not limited to paychecks, pay stubs, W2 forms,
> 1099 forms, and tax returns.

3.      In March 2021, Plaintiff testified at his deposition that he had started an

"astronomy picture-taking business" in 1994 called Celestial Computing, Inc. ("CCI").  Plaintiff

further testified that he continues to operate CCI to this day.  At his deposition, Plaintiff also

testified that CCI had generated significant income since his departure from the School.

4.      On or about April 2, 2021, Defendants served CCI with a subpoena (the

"Subpoena") seeking, among other things:

> Any and all documents concerning [CCI's] … annual earnings
> and profits, including [CCI's] federal and state tax filings.

A true and accurate copy of the Subpoena is appended hereto at Tab A.  CCI did not produce the

requested documents.  On May 1, 2021, Defendants filed a motion to compel CCI to comply

with the Subpoena.

5.      On May 10, 2021, CCI's counsel (who also represents Plaintiff) opposed the

motion to compel.  A true and accurate copy of the Opposition is appended hereto at Tab B.

Notably, however, CCI's counsel stated as follows:

> Plaintiff agrees to producing [CCI's] federal income tax returns
> from his termination with Dexter to the present, alleviating
> Defendants' concerns about the source of his income from [CCI]
> since his termination.

Tab B, § I.

6.      On August 31, 2021, the Court held a hearing on Defendants' motion to compel.

A transcript of that hearing is appended hereto at Tab C.  At the hearing, Plaintiff's (and CCI's)

counsel again stated as follows:

> So to the extent that [Defendants] are seeking documents that show
> [Plaintiff's] income, plaintiff has agreed to produce those records … .

Tab C, p. 6 at 23-24.

7.      The Court ruled as follows:

> So the motion is allowed, in part, and denied, in part, to the extent that
> the tax returns for 2018 through 2020 are to be produced.

Tab C, p. 10 at 11-13.

8.      Thereafter, Plaintiff produced CCI's tax returns for 2018, 2019 and 2020.  CCI's

tax returns show that CCI has generated hundreds of thousands of dollars in income, thereby

essentially eliminating Plaintiff's claim for economic damages.

9.      Defendants have requested that Plaintiff produce evidence of his personal income

for 2021 (documents responsive to Defendants' document requests) and evidence of CCI's

income for 2021 (documents responsive to the Subpoena).  Plaintiff has refused, claiming that he

has not yet filed his tax returns for 2021 and therefore, the information is not available.

10.      Plaintiff's position is unavailing.  While Plaintiff's tax returns may not be ready,

evidence of Plaintiff's and CCI's income for 2021 surely exists, whether it be in the form of

profit and loss statements, receipts, Form 1099s, etc.  Indeed, whatever income information for

2021 Plaintiff has shared with his tax accountant is relevant and responsive to Defendants'

document requests.

11.      The parties already have participated in a full day of mediation with a private

mediator, and have plans to participate in a second day.  Evidence of Plaintiff's 2021 income,

***which the Court has already found to be relevant and ordered to be produced***, could help the parties better evaluate their respective settlement positions and increase the possibility of settlement.

12.     The requested documents are relevant and should be produced.


WHEREFORE, Defendants respectfully request that their Motion to Compel Production of Documents Concerning Plaintiff's Income for himself and for CCI for calendar year 2021 be allowed.

Respectfully submitted,
DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER

By their attorneys,

*/s/ Anthony L. DeProspo, Jr.*
William E. Hannum III (BBO No. 643155)
(whannum@shpclaw.com)
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone:  (978) 623-0900
Facsimile:  (978) 623-0908

August 3, 2022


## LOCAL RULE 37.1 CERTIFICATION

I hereby certify that I, as counsel for Defendants, conferred with Plaintiff's counsel on August 3, 2022, to discuss the issues raised in this motion.  Plaintiff's counsel did not agree to the relief requested.


/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 3rd day of August 2022.

Suzanne L. Herold (*counsel for Plaintiff and Celestial Computing, Inc.*)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
suzie@heroldlawgroup.com


/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr.