IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD F. DANTOWITZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEXTER SOUTHFIELD, INC., ) <br> CARMEN ALIBER, and ) <br> STEWART TUCKER, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 20-CV-10540-AK |

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ASSOCIATIONAL DISABILITY DISCRIMINATION
**(Memorandum Incorporated)**

On September 8, 2022, the Court issued a decision on Defendants' Motion for Summary Judgment, denying Defendants' motion on Plaintiff's Associational Disability Discrimination claim. (Tab A, *6) (Claim 2). The Court acknowledged that: "To establish a prima facie case for associational handicap discrimination, the employee must show that he was fired **because of** his association with his handicapped son." Lashgari v. Zoll Med., 84 Mass App. Ct. 1106, at *1 (2013) (emphasis added). Defendants argued that Plaintiff could not possibly prove his *prima facie* case because Plaintiff disclosed his son's disability to the School in 2012 [see Dkt. 79 at 4], and Plaintiff's employment with the School did not end until 2019. The Court, however, found that "a reasonable jury could conclude that Defendants decided to terminate [Plaintiff] during, and because of, *the period of leave he took to care for his son*." (Tab A, *6) (emphasis added).

Accordingly, as framed by the Court, Plaintiff's associational handicap discrimination claim is <u>identical</u> to Plaintiff's FMLA Retaliation claim (Claim 7). (Tab A, *10). Both claims

rely on the identical fact scenario – that the School terminated Plaintiff's employment for taking FMLA leave (so Plaintiff could care for his son).

Having the jury adjudicate identical causes of action will confuse the jury and could lead to inconsistent verdicts. It will also unnecessarily prolong the trial. The Court should exercise its role as gatekeeper and streamline the issues to be resolved by the jury.

WHEREFORE, the Court should allow Defendants' Motion *in Limine* to Exclude Evidence of Associational Disability Discrimination.

>
> Respectfully submitted,
> DEXTER SOUTHFIELD, INC.,
> CARMEN ALIBER, and
> STEWART TUCKER,
>
> By their attorneys,
>
> /s/ Anthony L. DeProspo, Jr.
> Anthony L. DeProspo, Jr. (BBO No. 644668)
> (adeprospo@shpclaw.com)
> Cara E. Murphy (BBO No. 709521)
> (cmurphy@shpclaw.com)
> SCHWARTZ HANNUM PC
> 11 Chestnut Street
> Andover, MA 01810
> Telephone: (978) 623-0900
> Facsimile: (978) 623-0908

Date: January 10, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 10th day of January 2023.

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr.