IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| DEXTER SOUTHFIELD, INC., CARMEN ALIBER, and STEWART TUCKER | ) CIVIL ACTION NO. 20-CV-10540-AK<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE
OF PLAINTIFF'S ALLEGED DAMAGES FOLLOWING HIS DISCLOSURE
THAT HE MISUSED HIS FMLA LEAVE**
(Memorandum Incorporated)

On August 30, 2018, Plaintiff advised the School that he needed to take an immediate leave of absence from his job to care for his son, who is autistic. Plaintiff's leave request came on the same day Plaintiff disclosed for the first time that the School's flagship telescope, for which Plaintiff was solely responsible, was inoperable and would be inoperable for the next several months. On September 14, 2018, the School placed Plaintiff on leave after Plaintiff advised the School that he needed to take leave "**as soon as possible**." (Tab A) (bold in original). With the School's assistance, Plaintiff subsequently converted his leave to FMLA leave.

Incredibly, rather than spending time caring for his child, Plaintiff took four business trips during of his FMLA leave traveling for a photographic imaging company, Celestial Computing, Inc. ("CCI"), that Plaintiff operated concurrently with his job at the School. On September 28, 2021, in the course of discovery, Plaintiff disclosed for the first time that he had traveled to Virginia and California for seven days in October 2018 on behalf of CCI, traveled to

California for three days in November 2018 on behalf of CCI, and traveled to California for four days in December 2018 on behalf of CCI. (Tab B).[1] Plaintiff's conduct was grounds for termination:

> Misrepresentation of Reasons for FMLA Leave
>
> An employee who intentionally misrepresents the reasons he/she is requesting leave shall be subject to discharge.

(Tab C, p. 84) (Employee Handbook).

### Plaintiff's Damages Are Barred By The After-Acquired Evidence Rule

"The after-acquired evidence doctrine applies when an employee is fired for an unlawful reason but the employer later learns of other conduct that, by itself, would have resulted in discharge had it come to the employer's attention." Smith v. AS Am., Inc., 829 F.3d 616, 625-26 (8th Cir. 2016). Once an employer learns about wrongdoing that would have led to an employee's termination, the employee is not "require[d] to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit." McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352, 362 (1995). "Every court of appeals that has considered the subject has concluded that McKennon applies to the FMLA." Cuff v. Trans States Holdings, Inc., 768 F.3d 605, 609 (7th Cir. 2014) (citing Dotson v. Pfizer, Inc., 558 F.3d 284, 298 (4th Cir. 2009) and Edgar v. JAC Prods., Inc., 443 F.3d 501, 514 (6th Cir. 2006)); see also Ayanna v. Dechert, LLP, 914 F. Supp. 2d 51, 57 (D. Mass. 2012).

"[A]fter-acquired evidence will limit a discrimination victim's potential back-pay award to the period between the alleged discrimination and the discovery of the after-acquired evidence." Norring v. Pace Indus. Castings, LLC, 215 F. Supp. 3d 810, 816-17 (D. Minn. 2016).

---

[1] Plaintiff also traveled for several days for CCI in July and August 2018 rather than fixing the flagship telescope.

Typically, it will defeat entirely the potential equitable remedies of front pay and reinstatement: "[A]s a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy. It would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds." McKennon, 513 U.S. at 361-62.

Here, Plaintiff's misuse of FMLA leave as set forth in the School's Employee Handbook served as grounds for termination. Plaintiff should be precluded from offering any evidence of damages purportedly incurred after September 28, 2021, the date on which Plaintiff disclosed that he had worked for CCI on his FMLA leave rather than caring for his child.

WHEREFORE, the Court should <u>allow</u> Defendants' Motion *in Limine* to Preclude Evidence of Plaintiff's Alleged Damages Following His Disclosure That He Misused His FMLA Leave.

Respectfully submitted,

DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER,

By their attorneys,

<u>/s/ Anthony L. DeProspo, Jr.</u>
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile: (978) 623-0908

Date: January 10, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 10th day of January 2023.

/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr.