IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, <br><br> Plaintiff, <br><br> v. <br><br> DEXTER SOUTHFIELD, INC., <br> CARMEN ALIBER, and <br> STEWART TUCKER, <br><br> Defendants. | CIVIL ACTION NO. 20-CV-10540-AK |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND PREJUDICIAL EVIDENCE
(Memorandum Incorporated)

Defendants move *in limine* to exclude allegations that the School purportedly engaged in a pattern of discrimination against other School employees, most notably, Michael Williams, the School's former Director of Information Technology. Plaintiff intends to call Mr. Williams as a witness at trial. Mr. Williams, although he has conceded that he has never seen a "list," claims that Plaintiff's name was on a written list of employees it intended to terminate. Mr. Williams allegations are simply allegations – there is no evidence whatsoever that a list of employees targeted for termination existed. More importantly, Mr. Williams has testified that he has no knowledge whatsoever regarding the details of Plaintiff's termination of employment. (Tab A at 131: 7-12). Mr. Williams' anticipated testimony is not relevant and would be highly prejudicial to Defendants' case.

Moreover, there is another pending employment discrimination lawsuit brought against Defendants by a former faculty member. Defendants vehemently deny the allegations, and have moved for summary judgment. That motion is pending. Plaintiff should not be able to reference

that suit as "evidence" that the School acted improperly with regard to Plaintiff. The circumstances of that case are entirely different from those presented here. Introduction of evidence of that suit will cause Defendants to conduct a "trial within a trial," and force Defendants to prove that they acted properly in both cases. That is unfairly prejudicial and will unnecessarily prolong the trial. See Koster v. Trans World Airlines, Inc., 181 F.3d 24, 33 (1st Cir. 1999) (upholding the lower court's decision to exclude "collateral" claims of wrongdoing as it would require the Court to examine "the circumstances of each individual firing").[1]

WHEREFORE, the Court should allow Defendants' Motion in Limine to Exclude Irrelevant and Prejudicial Evidence.

Respectfully submitted,
DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER,

By their attorneys,

/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile: (978) 623-0908

Date: January 10, 2023

---

[1] The same holds true for Mr. Williams' anticipated testimony. If Mr. Williams is allowed to testify, Defendants will be forced to call rebuttal witnesses to testify that no such "list" of targeted employees existed and to otherwise discredit Mr. Williams as a disgruntled former employee. This will unnecessarily prolong the trial.

-3-

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 10th day of January 2023.

/s/ *Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr.