IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD F. DANTOWITZ, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEXTER SOUTHFIELD, INC., ) <br> CARMEN ALIBER, and ) <br> STEWART TUCKER, ) <br> ) <br> Defendants. ) | CIVIL ACTION NO. 20-CV-10540-AK |

## DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S PROPOSED EXPERTS
### (Memorandum Incorporated)

On December 21, 2022, Plaintiff disclosed for the first time that he intended to call expert witnesses, (i) Pamela Friedman, PsyD, and (ii) Jeanne M. Robertson, CPA. Dr. Friedman conducted Plaintiff's neuropsychological evaluation in 2014. Ms. Robertson's accounting firm prepared tax returns for Mr. Dantowitz and his company, Celestial Computing, Inc. ("CCI"). Plaintiff's expert disclosures comes far too late.

On August 25, 2020, the Court (Saylor, J.) ordered that the parties make their initial disclosures by September 10, 2020 [Dkt. 24]. Plaintiff did not identify Dr. Friedman or Ms. Robertson as expert witnesses. (Tab A). Indeed, Plaintiff did not even disclose Dr. Friedman or Ms. Robertson as individuals "likely to have discoverable information." Id.; see also Fed. R. Civ. P. 26(a)(1)(A)(i).[1] Plaintiff has never updated or amended his initial disclosures.

On December 23, 2020, Plaintiff responded to Defendants' First Set of Interrogatories. (Tab B). Defendants asked Plaintiff to identify his expert witnesses and the subject matter of any

---

[1] Plaintiff's failure to identify Dr. Friedman or Ms. Robertson as fact witnesses provides an entirely independent reason for excluding their testimony at trial.

expert testimony. Plaintiff did not identify Dr. Friedman or Ms. Robertson. Nor has Plaintiff produced an expert report. Defendants also asked Plaintiff to identify "any person known to you that has knowledge of or information concerning any of the facts and/or defenses to the facts alleged in the Complaint." Plaintiff did not identify Dr. Friedman or Ms. Robertson.

Local Rule 26.4 requires that a party must disclose the identity of expert witnesses "at least 90 days before the final pre-trial conference." L.R. 26.4(a). "The expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001); see also Macaulay v. Anas, 321 F.3d 45, 51-52 (1st Cir. 2003) (trial court did not abuse its discretion by precluding untimely disclosure of expert witnesses); Alves v. Mazda Motor of Am., Inc., 448 D. Supp. 2d 285, 293 (D. Mass. 2006) (excluding expert testimony based on late disclosure).

Plaintiff's attempt to call expert witness at trial on the basis they are "fact witnesses" should similarly be rejected. First, any such testimony is barred by Fed. R. Civ. P. 37(c)(1):

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.[2]

Second, the documents authored by these newly-identified witnesses speak for themselves and require no amplification. Dr. Friedman authored three medical reports, all concerning Plaintiff's "symptoms that are consistent with a mild autism spectrum disorder." (Tab C). Ms. Robertson's accounting firm prepared a report showing the hundreds of thousands of dollars Plaintiff has earned since leaving the School. (Tab D). Again, these documents speak for themselves. No live testimony is necessary to explain the contents of the documents.

---

[2] This also provides the basis for excluding other fact witnesses not previously disclosed and documents not previously produced.

-3-

WHEREFORE, the Court should <u>allow</u> Defendants' Motion *in Limine* to Exclude Plaintiff's Proposed Experts.

> Respectfully submitted,
> DEXTER SOUTHFIELD, INC.,
> CARMEN ALIBER, and
> STEWART TUCKER,
>
> By their attorneys,
>
> <u>/s/ *Anthony L. DeProspo, Jr.*</u>
> Anthony L. DeProspo, Jr. (BBO No. 644668)
> (adeprospo@shpclaw.com)
> Cara E. Murphy (BBO No. 709521)
> (cmurphy@shpclaw.com)
> SCHWARTZ HANNUM PC
> 11 Chestnut Street
> Andover, MA 01810
> Telephone: (978) 623-0900
> Facsimile: (978) 623-0908

Date: January 10, 2023

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 10th day of January 2023.

/s/ *Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr.