Tab A

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

RONALD F. DANTOWITZ,

          Plaintiff,

v.

DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER and
STEWART TUCKER

          Defendants.

Civil Action No. 1:20-cv-10540-ADB

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff submits the following initial disclosures pursuant to Fed. R. Civ. P. 26 and Local Rule 26.1.

1. Witnesses for purposes of Rule 26(a)(1)(A)(i):

   - **Ronald Dantowitz**, who can be reached through his counsel.

   - **Michael Williams - DXSF Head of Information Technology mwilliams@holliston.org**
     As head of information technology, Mr. Williams has knowledge of Defendant's intent to terminate Plaintiff for discriminatory reasons.

   - **Ellen Hinman - Head of the Upper School, and Plaintiff's Supervisor**
     Ms. Hinman was Plaintiff's Supervisor for 5 years and has knowledge of Plaintiff's superior work performance and has knowledge of Stewart Tucker's discriminatory behavior.

   - **Emilia Guy - Current Chair of the Science Department and Plaintiff's Supervisor eguy@dextersouthfield.org.**
     Ms. Guy has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims.

   - **Mr. William (Bill) Pine - Former Chair of the Science Department and Plaintiff's Supervisor**

Mr. Pine has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims.

- **Dr. C James Smith** - DXSF Assistant Head of School
  As a former DXSF high level administrator he has knowledge of Defendants' conduct and the administration in general.  He also has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims.

- **Bob Phinney, Director of the Clay Center at DXSF, daily collaborator and colleague of 20 years at DXSF.**
  Mr. Phinney has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims. Furthermore, Mr. Phinney designed a portion of the Clay Center with Plaintiff, as well as taught after school STEM and evening Observatory programs together.

- **Sue Domke, a former employee of DXSF** – Ms. Domke has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims, including knowledge of Defendants' conduct and the administration in general.

- **Ms. Emily Moore - DXSF Director of College Admissions Office.** Ms. Moore has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims.

- **Beth Nunes (Chair, Academic Support Department) -** Ms. Nunes has knowledge of Plaintiff's superior work performance and general knowledge of Plaintiff's claims.

- **Dr. Dan Steinberg and Robyn Steinberg, parents of Dexter students Eric Steinberg.** who have knowledge of Plaintiff's superior work performance.

- **Dr. Denise Faustman, Director of the *Faustman Lab* at Harvard University and Mass General Hospital (parent of James and Morgan)** who have knowledge of Plaintiff's superior work performance.

- **Ms. Stella Karavas (parent of Yiannis Karavas)** who has knowledge of Plaintiff's superior work performance.

- **Mr. Jerry Berman and Jane Berman (Parents of Southfield student Brigitte Berman)** who have knowledge of Plaintiff's superior work performance.

- Bill Weber and Kathy Rochefort (Parents of Nick Weber). who have knowledge of Plaintiff's superior work performance.

- Dr. Jay Pasachoff, *Chair and Field Memorial Professor of Astronomy, Director of the Hopkins Observatory, Williams College, 413-597-2105, jmp@williams.edu.* Dr. Jay Pasachoff (co-author on peer-reviewed astronomy papers Defendant had this as part of my work, bringing students on eclipse expeditions supported by National Geographic, PBS / NOVA, American Astronomical Society, etc. (some of the expedition images are in my TED talk). Professor Pasachoff is one of the most famous and demanding astronomers in the world

Plaintiff reserves the right to supplement this list.

2. Documents and Tangible Items for purposes of Rule 26(a)(1)(A)(ii):

- Documents related to Plaintiff's FMLA.
- Communications with Defendant related to claims.
- Witness Statement of Michael Williams.
- Employee handbook.

Plaintiff reserves the right to supplement this list.

3. Damages for purposes of Rule 26(a)(1)(A)(iii):

Plaintiff is unable to articulate a precise figure, as her damages are still being accrued and are ongoing. However, Plaintiff has damages in the following forms:

- Lost wages.
- Emotional distress.
- Future lost wages.
- Medical expenses.
- Education debt for children.
- Interest on education debt.
- Other consequential damages.
- Punitive damages.
- Interest, costs and expenses.
- Attorney's fees.

Plaintiff reserves the right to supplement this list.

4. Insurance Policy documents for purposes of Rule 26(a)(1)(A)(iv):

- Not applicable.

Respectfully submitted,
**RONALD DANOTWITZ,**
By his attorney,

Suzanne L. Herold (BBO No. 675808)
HEROLD LAW GROUP, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 944-1325 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2020, a true and accurate copy of this document was served on Defendants' counsel via email.

Suzanne L. Herold