IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                              )
RONALD F. DANTOWITZ,          )
                              )
            Plaintiff,        )
                              )
v.                            )
                              )   CIVIL ACTION NO. 20-CV-10540-AK
                              )
DEXTER SOUTHFIELD, INC.,      )
CARMEN ALIBER, and            )
STEWART TUCKER,               )
                              )
            Defendants.       )
_____)

### DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ALLEGED DISCRIMINATORY CONDUCT TAKING PLACE MORE THAN 300 DAYS BEFORE PLAINTIFF'S MCAD CHARGE
**(Memorandum Incorporated)**

M.G.L. c. 151B, § 5 requires that a charge of discrimination be filed with the MCAD within 300 days of the occurrence of the alleged discriminatory event or events. "The purpose of this requirement is two-fold: (1) to provide the MCAD with an opportunity to investigate and conciliate the claim of discrimination; and (2) to provide notice to the defendant of potential liability." Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 531 (2001). A plaintiff who fails to file a charge with the MCAD within this 300-day period is barred from later bringing a court action based on the underlying allegations. See Hochstetler v. Int'l Bus. Machines, Inc., 2014 WL 298892, *1 (D. Mass. Jan. 24, 2014) ("If the conduct giving rise to a claim occurred more than 300 days before the time of filing, the claim is time-barred and must be dismissed.")

In his Complaint, Plaintiff alleges that on **May 15, 2014**, Defendant Stewart Tucker advised Plaintiff that "You will need to rethink your priorities" in response to Plaintiff's request to take time off to be with his son. See Complaint, ¶ 11. Putting aside that Plaintiff's allegation

is a complete fabrication, Plaintiff's allegation is time-barred and any evidence relating to this allegation should be excluded at trial.

Plaintiff did not file his MCAD Charge until June 26, 2019.[1] Accordingly, Plaintiff's allegations of alleged discriminatory conduct purportedly taking place before August 30, 2018 (300 days before his filing his MCAD Charge) are time-barred. See Goldstein v. Brigham & Women's Faulkner Hosp., Inc., 80 F. Supp. 3d 317, 324 (D. Mass. 2015) (affirming that "only those acts that occurred … 300 days prior to [the filing of the MCAD charge] may be the basis for liability"); see also Flowers v. FLLAC Educ. Collaborative, 2017 WL 5798553, *3 (D. Mass. Nov. 28, 2017) (dismissing Chapter 151B claims as time-barred); Alston v. Massachusetts, 661 F. Supp. 2d 117, 123 (D. Mass. 2009) (dismissing Title VII and Chapter 151B claims on the basis that they were "too late and thus invalid").

## The "Continuing Violation" Doctrine Does Not Apply

For the "continuing violation" doctrine to apply, Plaintiff must prove that (1) at least one discriminatory act occurred within the [300-day] limitations period; (2) the alleged timely discriminatory acts have a "substantial relationship" to the alleged untimely discriminatory acts; and (3) the earlier incidents outside the 300-day limitations period did not trigger Plaintiff's "awareness and duty" to assert his rights -- *i.e.*, Plaintiff "could not have formed a reasonable belief at the time the employment actions occurred that they were discriminatory." Ocean Spray Cranberries, Inc. v. MCAD, 441 Mass. 632, 642-43 (2004) (internal quotations and citations omitted). Plaintiff cannot carry this burden.

Plaintiff claims that, *in 2014*, Mr. Tucker allegedly "pressured" Plaintiff into refraining from taking time off to be with his son. "Each incident of discrimination and each retaliatory

---

[1] Upon request, Defendants will provide the Court with a copy of Plaintiff's MCAD charge so the Court can confirm the filing date.

adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" Butler v. Wellington Mgmt. Co., LLP, 79 Mass. App. Ct. 1126 (2011) (unpublished) (citation omitted). "Thus, even where a plaintiff alleges a violation within the appropriate statute of limitations period, the continuing violation claim will fail if the plaintiff was or should have been aware that he was being unlawfully discriminated against when the earlier acts, now untimely, were taking place." Riebold v. E. Cas. Ins. Co., Inc., 9 Mass. L. Rptr. 599, *6 (Mass. Super. Ct. Mar. 2, 1999).

That principle fully applies here. "[T]he determination whether the employee had a duty to assert [his] rights is based on an objective, reasonable person standard." Bello v. Karl Storz Endovision, Inc., 2005 WL 911299, at *3 (Mass. Super. Mar. 16, 2005). Here, a "reasonable person" would have realized that Mr. Tucker's alleged statement implicated employment discrimination and, if he wished to pursue legal relief, filed a charge with the MCAD. "In some instances, the precise moment of the 'act of discrimination' is easy to calculate." Ocean Spray, 441 Mass. at 641. Clearly, that is the case with Mr. Tucker's alleged comments by which he purportedly "pressured" Plaintiff from taking time off to be with his son. "A knowing plaintiff has an obligation to file promptly [with the MCAD] or lose his claim." Riebold, supra, *7. The MCAD limitations period began ticking as of 2014, at the latest, on this alleged incident.[2]

Plaintiff's alleged interaction with Mr. Tucker took place on May 15, 2014. The time for Plaintiff to seek relief on the basis of that alleged interaction has long since passed. The Court should exclude at trial all evidence of that alleged claim.

---

[2] It is important to note that the Court has already ruled that Mr. Tucker is not liable for "Threats, Coercion and Intimidation" in violation of G.L. c. 151B. On that basis alone, the Court should exclude evidence of Plaintiff's stale claim from 2014.

WHEREFORE, the Court should <u>allow</u> Defendants' Motion *in Limine* to Preclude Evidence of Alleged Discriminatory Conduct Taking Place More Than 300 Days Before Plaintiff's MCAD Charge.

        Respectfully submitted,
        DEXTER SOUTHFIELD, INC.,
        CARMEN ALIBER, and
        STEWART TUCKER,

        By their attorneys,

        */s/ Anthony L. DeProspo, Jr.*
        Anthony L. DeProspo, Jr. (BBO No. 644668)
        (adeprospo@shpclaw.com)
        Cara E. Murphy (BBO No. 709521)
        (cmurphy@shpclaw.com)
        SCHWARTZ HANNUM PC
        11 Chestnut Street
        Andover, MA 01810
        Telephone: (978) 623-0900
        Facsimile: (978) 623-0908

Date: January 16, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 16th day of January 2023.

>*/s/ Anthony L. DeProspo, Jr.*
>Anthony L. DeProspo, Jr.