UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD F. DANTOWITZ,

        Plaintiff,

v.                                                                                    Civil Action No. 20-CV-10540-AK

DEXTER SOUTHFIELD INC.,
CARMEN ALIBER, and
STEWART TUCKER,

        Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (DKT. 109) TO EXCLUDE EVIDENCE OF CLAIMS OF "THREATS, COERCION OR INTIMIDATION"**

        Plaintiff does not understand what relief Defendants seek by this Motion. Defendants do not identify any particular evidence that they seek to exclude, nor any legal authority for excluding it. The Court and Plaintiff surely would have benefited if Defendants had conferred with Plaintiff concerning the substance of this Motion as required by Local Rule 7.1, because then the Parties could have clarified or narrowed any issues of dispute.

        To the extent that Defendants seek to preclude Plaintiff from referring to claims on which summary judgment has been granted in their favor, Plaintiff does not oppose the motion, and believes that any reference to such claims by any party would be inappropriate under Fed. R. Evid. 403. However, the dismissal of Plaintiff's Claim 5, under M.G.L. ch. 151B, § 4(4A), based on threats, intimidation, or coercion, does not impact the admissibility of any evidence that would be relevant to Plaintiff's remaining claims. Plaintiff should not be prevented from introducing evidence that Defendants Stewart Tucker and/or Carmen Aliber threatened, coerced,

or intimidated Plaintiff based on his or his son's disability or that, in Defendants' words, "Mr.
Tucker or Ms. Aliber engaged in a pattern of long-term harassment of Plaintiff." (Dkt. 109 at 1.)
Such evidence would be highly relevant to Plaintiff's claims that Defendants discriminated
against Plaintiff or interfered or retaliated against Plaintiff based on his protected activity under
the Family and Medical Leave Act. Plaintiff may testify about the demeanor of Tucker and
Aliber so that the jury can draw reasonable inferences about their intent and conduct. And
Plaintiff's subjective belief that he was being threatened or intimidated is relevant to Defendants'
creation of a hostile environment and Plaintiff's damages for emotional distress. *See Noviello v.
City of Boston*, 398 F.3d 76, 92 (1st Cir. 2005) (harassment culminating in hostile work
environment must be "objectively and subjectively offensive") (quoting *Faragher v. City of
Boca Raton*, 524 U.S. 775, 786 (1998)). Defendants cite no authority, and Plaintiff is aware of
none, for excluding evidence merely because it might also have supported a claim that will not
be considered by the jury.

    For the foregoing reasons, Defendants' Motion should be denied.

                                        Respectfully submitted,
                                        RONALD DANTOWITZ

                                        By his attorneys,

                                        /s/ Inga S. Bernstein
                                        Inga S. Bernstein (BBO #627251)
                                        David A. Russcol (BBO #670768)
                                        Zalkind Duncan & Bernstein LLP
                                        65a Atlantic Avenue
                                        Boston, MA 02110
                                        (617) 742-6020
                                        ibernstein@zalkindlaw.com
                                        drusscol@zalkindlaw.com

Dated: January 17, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on January 17, 2023.

/s/ Inga S. Bernstein

Inga S. Bernstein