UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>              Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>              Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF PLAINTIFF'S DAMAGES FOLLOWING HIS DISCLOSURE THAT HE ALLEGEDLY MISUSED HIS FMLA LEAVE (DKT. 110)**

Defendants seek to exclude evidence of Plaintiff's damages after September 28, 2021, based on the flawed premise that Plaintiff's outside employment and travel for a handful of days out of his 12-week leave under the Family and Medical Leave Act (FMLA) was fraudulent and an independent basis to terminate his employment. Defendants correctly state that Plaintiff traveled out of state on a few occasions during his leave to perform work for his company, Celestial Computing Inc. (CCI). However, Defendants cite no authority for the proposition that outside employment constitutes abuse of FMLA protections, and in fact the opposite is true in this case.[1]

---

[1] In addition to the substantive reasons to deny Defendants' Motion, Defendants did not include in their Motion a certificate of compliance with Local Rule 7.1, and they did not in fact "confer[] and… attempt[] in good faith to resolve or narrow the issue" as required by Local Rule 7.1(a)(2). This failure, by itself, is sufficient grounds for denial of the Motion. *See Martinez v. Hubbard*, 172 F. Supp. 3d 378, 383 (D. Mass. 2016).

Plaintiff took FMLA leave not for his own serious health condition, but to help care for his autistic son. He never represented, nor could Defendants seriously have expected, that Plaintiff would be caring for his son 24 hours per day, seven days a week. He needed to care for his son, but he was not his son's only caretaker. This use of FMLA leave is entirely appropriate, as FMLA covers "situations where the employee may be needed to substitute for others who normally care for the family member…. The employee need not be the only individual or family member available to care for the family member." 29 C.F.R. § 825.124(b). At times, Plaintiff's wife cared for their son by herself, and Plaintiff traveled for a few days. "[A]n employer may not treat the mere fact that an employee [traveled] while on FMLA leave, standing on its own, as grounds for an adverse employment action." *DaPrato v. Massachusetts Water Resources Auth.*, 482 Mass. 375, 387 (2019). That is in no way inconsistent with his reason for seeking FMLA leave, nor does it render his leave fraudulently obtained. The vast majority of the time Plaintiff was on FMLA leave, he was at home and available to care for his son, and did care for his son. *Compare id.* at 387-88 (noting that employer "may validly consider an employee's conduct on vacation… that is inconsistent with his or her claimed reasons for medical leave, where the employer has such information at the time….").

Moreover, despite Defendants' outrage that Plaintiff performed work for another employer (CCI) while on FMLA leave, such activity is explicitly permitted by law. FMLA regulations on point provide: "If the employer has a uniformly-applied policy governing outside or supplemental employment, such a policy may continue to apply to an employee while on FMLA leave. *An employer which does not have such a policy may not deny benefits* to which an employee is entitled under FMLA on this basis unless the FMLA leave was fraudulently obtained." 29 C.F.R. § 825.216(e) (emphasis added). Therefore, if an employer has not

established a uniform policy against outside employment while on leave, it would violate FMLA for an employer to deny leave on that basis. *See Lipin v. Steward Healthcare System, LLC*, No. 16-12256-LTS, 2018 WL 2247227, *1 n.1 (D. Mass. May 16, 2018) (rejecting employer's argument that employee's work for another employer while on FMLA leave was unprotected under FMLA). Defendants' FMLA policy does not say anything about outside work while on leave. (*See generally* Dkt. 110-3.) Defendants' Employee Handbook, does, however, have a policy specifically *permitting* outside employment: "An employee may hold a job with another organization, provided that he or she satisfactorily performs his or her job responsibilities at the School." (Exhibit A at 2.) Defendants had been aware of Plaintiff's work for CCI for years, and knew that it benefited the School by creating opportunities for Dexter Southfield students to work on NASA missions and with private-sector aerospace companies. If Defendants had terminated Plaintiff for his work with CCI as soon as they allegedly learned of it, as they now suggest they would have done, it would have been yet another blatant violation of their FMLA obligations.

Motions in limine are not intended to serve as vehicles "to resolve factual disputes or weigh evidence," *Sanders v. University of Idaho, College of Law*, --- F. Supp. 3d --- , 2022 WL 5257714 (D. Idaho Oct. 5, 2022) (citing *C&E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008)). The Court should not exclude relevant evidence of Plaintiff's damages based on Defendants' legally and factually unsupported theory that Plaintiff misused FMLA leave. To the extent there is any genuine factual dispute about why Plaintiff took FMLA leave, it is for the jury to resolve.

As an additional basis for the denial of Defendants' motion, the Massachusetts courts have not adopted the "after-acquired evidence" doctrine. *See EventMonitor, Inc. v. Leness*, 473

Mass. 540, 542-43 (2016). Therefore, even if there were any merit to the contention that Plaintiff's use of FMLA leave was inappropriate, evidence of his subsequent damages would still be relevant to his claims under Mass. Gen. Laws ch. 151B.

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully submitted,<br>
RONALD DANTOWITZ<br>
<br>
By his attorneys,<br>
<br>
/s/ Inga S. Bernstein<br>
Inga S. Bernstein (BBO #627251)<br>
David A. Russcol (BBO #670768)<br>
Zalkind Duncan & Bernstein LLP<br>
65a Atlantic Avenue<br>
Boston, MA 02110<br>
(617) 742-6020<br>
ibernstein@zalkindlaw.com<br>
drusscol@zalkindlaw.com

Dated: January 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on January 17, 2023.

/s/ Inga S. Bernstein<br>
Inga S. Bernstein