UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>    Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* (DKT. 111) TO EXCLUDE OTHER EVIDENCE OF DISCRIMINATION**

Plaintiff Ronald Dantowitz is entitled to introduce evidence that defendant Dexter Southfield School had a general policy and practice of discrimination and/or retaliation, as well as specific acts of discrimination and/or retaliation directed at others, in support of his claim. Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379 (2008) (holding that "testimony by nonparties alleging discrimination at the hands of supervisors of the defendant company who played no role in the adverse employment decision challenged by the plaintiff … [was] neither *per se* admissible nor *per se* inadmissible" in an age discrimination case and that the initial assessment of relevance and probative value of such evidence was for the district court).

Defendants' specifically seek to exclude the testimony of Michael Williams, Dexter Southfield's former Director of Information Technology, who was told by the Dexter Southfield Director of Operations that "the School was looking to terminate employees that were older, [and] tenured to save money on payroll and insurance costs because 'older people cost more due to medical issues' [and] . . . that there were a few names on the list of tenured employees to

terminate, and the list included Ron Dantowitz and Robert (Bob) Phinney." (Exhibit 1 ¶¶ 9-10.) Mr. Williams is expected to testify that he observed evidence of discrimination against Mr. Dantowitz and Mr. Phinney (id. ¶¶ 13-15), and that he, himself, experienced discrimination at the School because of his disability specifically at the hands of its Director of Human Resources, Carmen Aliber (formerly Urbonas), (id. ¶¶ 3, 6-8, 9-12, 16-17).

Defendants also seek to exclude evidence related to Suzanne McDonald, Dexter Southfield School's former Director of the Performance Arts Department; Ms. McDonald asserts that she was discriminated against based on her disability and retaliated against after taking some time off to receive care for a medical condition, that Defendants Aliber and Tucker suddenly engaged in extreme scrutiny of her performance in the fall of 2019 following her disclosure of her disability and use of sick time to receive medical treatment, and that they terminated her because of her disability and use of sick time several months later. (Exhibit 2, Attachment A ¶¶ 4-18.) Ms. McDonald's claims against Defendants are now pending in state court. McDonald v. Dexter Southfield, Inc, Carmen Aliber, and Stewart Tucker, Norfolk Superior Court Docket No. 21-cv-0966.[1]

This evidence is relevant to issues including pretext and defendants' state of mind, Fed. R. Evid. 401, and its probative value cannot be said to be "substantially outweighed by a danger of . . . unfair prejudice," and should not be excluded, Rule 403.[2]

---

[1] Mr. Dantowitz anticipates that other witnesses at trial will also testify to their own experiences with unlawful discrimination and/or retaliation by Defendants. Mr. Dantowitz will be prepared to address the probative value of this evidence, and any arguments related to its admissibility, at trial.

[2] In addition to the substantive reasons to deny Defendants' Motion, Defendants did not include in their Motion a certificate of compliance with Local Rule 7.1, and they did not in fact "confer[] and… attempt[] in good faith to resolve or narrow the issue" as required by Local Rule 7.1(a)(2). This failure, by itself, is sufficient grounds for denial of the Motion. See Martinez v. Hubbard, 172 F. Supp. 3d 378, 383 (D. Mass. 2016).

This evidence is relevant and highly probative because the jury will need to decide whether Dexter Southfield terminated Mr. Dantowitz for impermissible discriminatory or retaliatory reasons. Courts have repeatedly recognized that employees seeking to prove discrimination or retaliation must often rely on circumstantial evidence. As courts have explained:

> It [is] not likely that employers [will] declare forbidden bias frontally by, e.g., the publication of policy statements … that employees over the age of fifty were to be phased out at the earliest opportunity. Rather, most cases . . . are stitched together from hiring and discharge patterns, other acts of discrimination, and the absence of plausible explanation for the employment decision.

Johansen v. NCR Comten, Inc., 30 Mass. App. Ct. 294, 298 (1991) (citations omitted). See also Jody L. Newman & Victoria L. Steinberg, Massachusetts Superior Court Civil Practice Jury Instructions § 5.2.3(b) (, 3d Ed. 2014, with 2016 and 2018 Suppl.) ("Circumstantial evidence may include evidence of a general atmosphere of discrimination at the place of employment. While evidence of a discriminatory atmosphere may not be conclusive proof of discrimination, such evidence may be used to 'add color' to the employer's decision-making processes and the influences behind the actions taken with respect to the individual plaintiff. Likewise, evidence that an employer, acting through its officials and managers considered [the protected category] in other employment matters can also support a conclusion that the unlawful bias was a factor in this case.").[3]

---

[3] There is a plethora of Massachusetts decisional law supporting the admissibility of this type of evidence. See, e.g., Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 474 Mass. 382, 400 (2016) (noting that evidence "that women at the firm, and in the [plaintiff's] section in particular, were subject to discriminatory treatment" provided a basis "from which a reasonable jury might infer that the reasons offered by the defendants for the adverse employment decision were pretextual"); Knight v. Avon Prods., Inc., 438 Mass. 426 n.9 (2003) (noting that negative treatment of employees in the same protected category may be used to establish that an employer's articulated non-discriminatory rationale is merely a pretext for unlawful

3

Evidence of other acts of discrimination by Dexter is relevant, as defined by Fed. R. Evid. Rule 401, because the jury could conclude such evidence has a tendency to make discriminatory or retaliatory motive in Mr. Dantowitz's case more probable than it would be without the evidence.  In Cummings v. Standard Register Co., 265 F.3d 56, 61, 63 (1st Cir. 2001), the First Circuit affirmed the district court's decision to admit the testimony of two witnesses who also believed they had been victims of discrimination by the employer, where the court reasoned that "the atmosphere . . . at the company is relevant for the purposes of drawing inferences one way or the other," id.  See also Brennan v. GTE Gov't Systems Corp, 150 F.3d 21, 27-28 (1st Cir. 1998) ("a judge should not exclude relevant evidence, unless its probative value is substantially outweighed by the danger of unfair prejudice" and observing that with respect to evidence of a "general atmosphere of discrimination, . . . [the court was] not faced . . . with determining whether this evidence proves age discriminatory animus, but rather are concerned only with whether this evidence indicates lack of neutrality.  . . . [T]his is not a burdensome standard."); Conway v. Electro Switch Corp., 825 F.2d 593 (1st Cir. 1987), and

---

discrimination. An employee may offer evidence "that other employees of plaintiff's age were terminated at the same time."); Abramian v. Pres. & Fellows of Harv. Coll., 432 Mass. 107, 114 (2000) (finding that evidence of "the denigration of other [employees] because of their national origin" added to the sufficiency of the evidence supporting the jury's verdict of discrimination); Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 447 (1995) (in determining pretext, consider the employer's past "general practice and policies" concerning employment of those in the protected category); MacCormack v. Boston Edison Co., 423 Mass. 652, 664 (1996) ("In the absence of direct proof of retaliation, a plaintiff may introduce relevant evidence such as the demonstration of a general practice and policy of retaliation[.]"); Lewis v. Area II Homecare for Senior Citizens, Inc., 397 Mass. 761, 767 (1986) (agreeing that "evidence which may be relevant to the plaintiff's showing of pretext may include . . . application of certain criterion to employees of different races [and] the employer's general practice and policies concerning employment of racial minorities"); Smith College v. MCAD, 376 Mass. 221, 228 n.9 (1978) ("evidence of specific acts of discrimination may support an inference of discriminatory motive").

4

cases cited ("[c]ircumstantial evidence of a discriminatory atmosphere at a plaintiff's place of employment is relevant to the question of motive in considering a discrimination claim. While evidence of a discriminatory atmosphere may not be conclusive proof of discrimination against an individual plaintiff, such evidence does tend to add 'color' to the employer's decisionmaking processes and to the influences behind the actions taken with respect to the individual plaintiff."). Indeed, the evidence that is being challenged in this case involves the same time period and key actors (Aliber and Tucker) and, thus, is of particular relevance. In Cummings, where the defendant "challenge[d] the relevancy of the testimony on the ground that it covered different time periods, different supervisors, and different areas of the company," the First Circuit noted that "evidence of a corporate state-of-mind or a discriminatory atmosphere is not rendered irrelevant by its failure to coincide precisely with the particular actors or timeframe involved in the specific claim that generated a claim of discriminatory treatment." Id. at 63.

Defendants misleadingly characterize Koster v. Trans World Airlines, Inc., 181 F.3d 24 (1st Cir. 1999), in the parenthetical they provide. In that case, the court did not "uphold" the trial court's "decision to exclude 'collateral' claims of wrongdoing" (Def. Mem. 111 at 2); a pretrial order excluding some evidence was not the subject of that appeal. Rather, the relevant portion of the appeal for this case focused on the trial court's allowance of plaintiff's testimony about "TWA's treatment of other employees," which the First Circuit held was within the trial court's discretion, reiterating its oft-quoted observation that "while proof of a general atmosphere of discrimination is not the equivalent of proof of discrimination … it may add color to an employer's decisionmaking process." 181 F.3d at 34 (citing Brennan, 150 F.3d at 28).

While defendants state that admitting evidence of other acts of discrimination that Mr. Williams might testify to would be "highly prejudicial" and that evidence related to the treatment

5

of Ms. McDonald would be "unfairly prejudicial," it presents no explanation of what would be unfairly prejudicial about this evidence. As the First Circuit has explained, Rule 403 "permits a court to 'exclude relevant evidence if its probative value is substantially outweighed by a danger of' certain pitfalls, including 'unfair prejudice.' … Within this rubric, the term 'unfair prejudice' denotes 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" United States v. Mehanna, 735 F.3d 32, 59 (1st Cir. 2013) (citation omitted). If there is evidence that Defendant Dexter Southfield, and particularly Defendants Aliber and Tucker, have engaged in other discrimination and/or retaliation, reflecting a discriminatory or retaliatory animus in general, any "prejudice" to the defendants cannot be said to be unfair.

In sum, where there is relevant evidence, that can help the jury determining in assessing whether the defendants' articulated justification for termination is pretextual, and where the defendants make no argument as to how this probative value is "substantially outweighed by a danger of … unfair prejudice," Rule 403, the defendant's motion in limine should be denied.

        Respectfully submitted,
        RONALD DANTOWITZ

        By his attorneys,

        /s/ Inga S. Bernstein
        Inga S. Bernstein (BBO #627251)
        David A. Russcol (BBO #670768)
        Zalkind Duncan & Bernstein LLP
        65a Atlantic Avenue
        Boston, MA 02110
        (617) 742-6020
        ibernstein@zalkindlaw.com
        drusscol@zalkindlaw.com

Dated: January 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on January 17, 2023.

        /s/ Inga S. Bernstein
        Inga S. Bernstein