UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>            Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>            Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S COMMUNICATIONS WITH MS. ELLEN HINMAN REGARDING ACCOMMODATIONS (DKT. 112)**

Testimony regarding communications that Mr. Dantowitz had with this then-superior at Dexter Southfield School, Ellen Hinman, related to medical accommodations and a "medical letter" he allegedly shared with her in 2016 is relevant to the question of Dexter Southfield School's knowledge of his disability and the history of his engagement with the school regarding his need for accommodations and, as such, is admissible pursuant to Fed. R. Evid. Rule 401.[1] Defendants motion to exclude this relevant evidence (Def. Mot. 112 at 1), should be denied.[2]

Defendants contend it would be "patently unfair" to allow Mr. Dantowitz to testify about "any communications he had with Ms. Hinman regarding alleged accommodations (id.), or about

---

[1] The defendants make no argument that this evidence is not relevant.
[2] In addition to the substantive reasons to deny Defendants' Motion, Defendants did not include in their Motion a certificate of compliance with Local Rule 7.1, and they did not in fact "confer[] and… attempt[] in good faith to resolve or narrow the issue" as required by Local Rule 7.1(a)(2). This failure, by itself, is sufficient grounds for denial of the Motion. See Martinez v. Hubbard, 172 F. Supp. 3d 378, 383 (D. Mass. 2016).

a "medical letter" he says he provided but has not produced (id.) yet they make no argument regarding how this asserted unfairness would meet the criteria of Fed. R. Evid. Rule 403, which governs exclusion of relevant evidence based on prejudice. Defendants' argument goes to the weight of this evidence, an issue for the jury, rather than its admissibility.

Motions in limine are not intended to serve as vehicles "to resolve factual disputes or weigh evidence," Sanders v. University of Idaho, College of Law, --- F. Supp. 3d --- , 2022 WL 5257714 (D. Idaho Oct. 5, 2022) (citing C&E Servs., Inc. v. Ashland Inc., 539 F. Supp. 2d 316, 323 (D.D.C. 2008); the defendants' motion seeking to limit the trial testimony available to the jury is inappropriate.

As one court has explained, "To exclude evidence on a motion in limine 'the evidence must be inadmissible on all potential grounds.' Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." Research Corp. Technologies, Inc. v. Microsoft Corp., No. CV-01-658, 2009 WL 2971755 *1 (D. Ariz. Aug. 19, 2009) (citations omitted).  Because Defendants have not sustained this burden, this motion should be denied.

Respectfully submitted,
RONALD DANTOWITZ

By his attorneys,

/s/ Inga S. Bernstein
Inga S. Bernstein (BBO #627251)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
ibernstein@zalkindlaw.com
drusscol@zalkindlaw.com

Dated: January 17, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on January 17, 2023.

/s/ Inga S. Bernstein
Inga S. Bernstein
