UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>    Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>    Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OF ALLEGED DISCRIMINATORY CONDUCT TAKING PLACE MORE THAN 300 DAYS BEFORE PLAINTIFF'S MCAD CHARGE (DKT. 115)**

Because evidence of discriminatory conduct is permissible "background evidence" to Plaintiff's claims and is relevant to Defendants' state of mind, Defendants' Motion should be denied.[1]

In a May 2014 conversation, Defendant Tucker reacted negatively to Plaintiff's desire to learn ABA therapy techniques to meet his autistic son's medical needs as a parent, and told him to "rethink [his] priorities." Although Defendants are correct that Tucker's statements in this conversation are too old to be independently actionable discrimination, it does not follow that they are inadmissible. Plaintiff does not seek to impose liability on Defendants for Tucker's

---

[1] In addition to the substantive reasons to deny Defendants' Motion, Defendants did not include in their Motion a certificate of compliance with Local Rule 7.1, and they did not in fact "confer[] and… attempt[] in good faith to resolve or narrow the issue" as required by Local Rule 7.1(a)(2). This failure, by itself, is sufficient grounds for denial of the Motion. *See Martinez v. Hubbard*, 172 F. Supp. 3d 378, 383 (D. Mass. 2016).

comments; rather, Tucker's comments are relevant background evidence concerning his, and his employer's, attitudes and state of mind. Despite Defendants' selective citation of authority, the very cases they cite confirm that "[a] plaintiff who has a seasonable claim may use events that occurred prior to the… limitation period as background evidence" of his timely claim. *Cuddyer v. Stop & Shop Supermarket Co.*, 434 Mass. 521, 530 n.10, 538 n.20 (2001). *See also Ocean Spray Cranberries, Inc. v. MCAD*, 441 Mass. 632, 647 (2004) ("Our conclusion that the limitations period has run for this earlier [discriminatory act] does not, of course, make those events irrelevant…. [I]n evaluating whether [employer] failed to accommodate [plaintiff] in 1995, what occurred in response to his time-barred request for accommodation is relevant."). First Circuit cases confirm this principle. *See Sabree v. United Bhd. of Carpenters & Joiners, Local No. 33*, 921 F.2d 396, 400 n.9 (1st Cir. 1990) (finding it unnecessary to consider a continuing violation theory to support admission of time-barred discrimination because "past acts constitute relevant background evidence"); *Keeler v. Putnam Fiduciary Trust Co.*, 238 F. 3d 5, 12 (1st Cir. 2001) (plaintiff "may still use the earlier events as background evidence of discrimination even where he cannot recover for them"). *Cf. Conway v. Electro Switch Corp.*, 825 F.2d 593, 597 (1st Cir. 1987) ("evidence of a corporate state-of-mind or discriminatory atmosphere is not rendered irrelevant by its failure to coincide precisely with the particular… time frame involved" in a plaintiff's case).

Plaintiff's testimony that Defendant Tucker, the Assistant Head of School for Defendant Dexter Southfield and a key decisionmaker in his termination, was previously hostile to what Defendants characterize as a "request to take time off to be with his son" (Dkt. 115 at 1) is probative of Defendants' state of mind, particularly their attitude toward Plaintiff's disabled son, Plaintiff's need to care for him, and the potential for Plaintiff to need to take time off in the

future to do so. One who expressed these perspectives at one point in time is more likely to hold those same perspectives at a later point in time. *See* Fed. R. Evid. 401. All of these issues are related to Plaintiff's associational discrimination and FMLA claims at a minimum. Defendants make no argument why the longstanding rule that prior acts of discrimination are admissible as background evidence should not apply.

      For the foregoing reasons, Defendants' Motion should be denied.

                                              Respectfully submitted,
                                              RONALD DANTOWITZ

                                              By his attorneys,

                                              /s/ Inga S. Bernstein
                                              Inga S. Bernstein (BBO #627251)
                                              David A. Russcol (BBO #670768)
                                              Zalkind Duncan & Bernstein LLP
                                              65a Atlantic Avenue
                                              Boston, MA 02110
                                              (617) 742-6020
                                              ibernstein@zalkindlaw.com
                                              drusscol@zalkindlaw.com

Dated: January 17, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on January 17, 2023.

/s/ Inga S. Bernstein
Inga S. Bernstein