UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD F. DANTOWITZ,<br><br>               Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>               Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S ALLEGED EXPERTS (DKT. 113)**

The Court should reject Defendants' attempt to exclude Pamela Friedman, Psy.D. ("Dr. Friedman") and Jeanne M. Robertson, CPA ("Ms. Robertson"), as witnesses because they are fact witnesses, not expert witnesses as contemplated by the Federal Rules of Evidence and Defendants have suffered no prejudice due to their omission from Plaintiff's prior disclosures.[1]

Dr. Friedman performed neuropsychological testing on Plaintiff in 2014 and diagnosed him with "a mild autism spectrum disorder," ruling out an alternative diagnosis of "social pragmatics communication disorder." (Dkt. 113-3 at 5.) Her testing revealed "a significant weakness on measures of processing speed" (Dkt. 113-3 at 4) and difficulty with reading comprehension and retaining information from written material (*id.* at 4, 5). Dr. Friedman

---

[1] In addition to the substantive reasons to deny Defendants' Motion, Defendants did not include in their Motion a certificate of compliance with Local Rule 7.1, and they did not in fact "confer[] and… attempt[] in good faith to resolve or narrow the issue" as required by Local Rule 7.1(a)(2). This failure, by itself, is sufficient grounds for denial of the Motion. *See Martinez v. Hubbard*, 172 F. Supp. 3d 378, 383 (D. Mass. 2016).

provided Plaintiff with a letter which he gave to Defendants in early 2018 (Dkt. 113-3 at 10-11) summarizing her "diagnostic impressions" that Plaintiff "presents with a number of symptoms that are consistent with a mild autism spectrum disorder" and that "[h]is difficulties with reading comprehension and reading rate are also consistent with this diagnosis." (Dkt. 113-3 at 10.) In that letter, Dr. Friedman recommended that Plaintiff work with "a clinician that has experience with autism spectrum disorders." (*Id.*) Nonetheless, Defendants contend that this letter was insufficient to establish, or put them on notice, that Plaintiff has a mild autism spectrum disorder and is therefore "handicapped" within the meaning of M.G.L. ch. 151B. Dr. Friedman's testimony could readily illuminate the meaning and intent of the 2018 letter, including what information she would have provided if Defendants had requested further information about Plaintiff's diagnosis, and confirm that diagnosis.

Making this information available to the jury would not make Dr. Friedman an expert. A fact witness does not become an expert merely because they have scientific or medical qualifications. *See Gomez v. Rivera Rodriguez*, 344 F.3d 103,113 (1st Cir. 2003). Defendants ignore the longstanding principle that "a treating physician, testifying as to [her] consultation with or treatment of a patient, is not an expert witness for purposes of Rule 26." *Id.* The First Circuit has held that, "as long as an expert was not retained or specially employed in connection with the litigation, and [her] opinion about causation is premised on personal knowledge and observations made in the course of treatment, no report is required under the terms of Rule 26(a)(2)(B)." *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011). The information and opinions as to which Dr. Friedman would testify were collected and formed in 2014, when she performed her evaluation, long before this litigation or any dispute leading up to

it. She has not been hired to evaluate the Plaintiff for purposes of this case. Accordingly, she is not an expert witness under Rule 26 and no expert report was required.

The same is true of Ms. Robertson. Ms. Robertson and others at her firm prepared tax returns for both Plaintiff and his company, Celestial Computing Inc. (CCI). Defendants have sought to admit both Plaintiff's tax returns and those of CCI, without identifying any witness who could explain them or help the jury decipher the meaning of personal or corporate tax returns that each run to dozens of pages. It would be misleading to the jury if counsel were able to point to isolated lines from a tax return or spreadsheet, without guidance concerning the accounting and tax laws and practices that give meanings to those figures. The probative value of the tax returns would be substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 403. Even with regard to the document Ms. Robertson prepared concerning Plaintiff's and CCI's tax return information for three specific years (Dkt. 113-4), the jury would have no basis to understand the difference between ordinary income, taxable income, and net corporate income, nor how those amounts relate (if at all) to the amount of CCI income that resulted, or could have resulted, in cash payments to Plaintiff. Ms. Robertson could explain the meaning of the documents she prepared and the terms she used in her summary, based on her existing knowledge and information she gathered in the course of interacting with the business over a period of multiple years. Courts have allowed witnesses to testify as non-experts based on their knowledge obtained through participation in a business or in order to explain the meanings of terms used in documents with which they are familiar in their work experience. *See Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc.*, 290 F.3d 98, 110–11 (2d Cir. 2002), cited with approval in *United States v. Munoz-Franco*, 487 F.3d 25, 35-36 (1st Cir. 2007).

Although neither Dr. Friedman nor Ms. Robertson was identified as an individual with relevant knowledge in Plaintiff's Initial Disclosures or interrogatory responses, they should not be excluded on that basis because their identities were well known to Defendants during discovery. *See Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009) (identifying surprise or possible prejudice as a key factor in considering consequences of late disclosure). Defendants have known since they received Dr. Friedman's letter in early 2018, before this case started, that she had performed testing on Plaintiff and had diagnosed him based on that testing. And the tax summary document produced to Defendants in discovery lists Ms. Robertson as its author. (Dkt. 113-4 at 2.) *See Omori v. Brandeis Univ.*, No. 20-11021-NMG, 2022 WL 10480076, *1 (Oct. 18, 2022) (citing Fed. R. Civ. P. 26(e)(1)(A) and stating it is not necessary to supplement initial disclosures if the relevant information has "otherwise been made known to the other parties during the discovery process or in writing"). Plaintiff recently retained new counsel and has a different understanding of what information may be relevant; in particular, the possible need for Ms. Robertson's testimony only came into focus when Defendants expressed an intent to try to introduce the tax returns as evidence. Defendants could have sought to depose either Dr. Friedman or Ms. Robertson during discovery, but chose not to do so. As they have suffered no prejudice, exclusion of their testimony would be inappropriate.

For the foregoing reasons, Defendants' Motion should be denied.

        Respectfully submitted,
        RONALD DANTOWITZ

        By his attorneys,

        /s/ Inga S. Bernstein
        Inga S. Bernstein (BBO #627251)
        David A. Russcol (BBO #670768)
        Zalkind Duncan & Bernstein LLP
        65a Atlantic Avenue
        Boston, MA 02110
        (617) 742-6020
        ibernstein@zalkindlaw.com
        drusscol@zalkindlaw.com

Dated: January 17, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on January 17, 2023.

        /s/ Inga S. Bernstein
        Inga S. Bernstein