UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>        Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>        Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S MOTION TO QUASH SUBPOENAS *DUCES TECUM* TO NEEDHAM BANK AND MICHAEL WILLIAMS**
*(With Incorporated Memorandum of Law)*

Now comes plaintiff Ronald Dantowitz who respectfully requests pursuant to Fed. R. Civ. P. 45(d) and/or 26(c) that this Honorable Court quash two subpoenas *duces tecum* issued by Defendants respectively to a Keeper of Records for Needham Bank and Michael Williams. Although framed as trial subpoenas, the Williams subpoena (Exhibit A) commands Mr. Williams to produce 14 expansive categories of documents, and the Needham Bank subpoena (Exhibit B) seeks 3 categories of records and states that the Keeper of Records must appear for trial if the requested documents are not produced to defense counsel in advance. These are untimely discovery requests in the guise of trial subpoenas, and for that reason and others described herein, the Court should quash these subpoenas and/or enter a protective order that discovery not be had.

Numerous courts have held that subpoenas *duces tecum* to a non-party are a form of discovery and are subject to the Court's discovery schedule. *See Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000) (citing cases). Where a party issued a subpoena *duces tecum*

shortly before trial to secure documents it had failed to obtain during the discovery process, the Sixth Circuit upheld a ruling quashing the subpoena because the party had "ample opportunity to complete discovery before trial." *Ghandi v. Police Dept. of City of Detroit*, 747 F. 2d 338, 354 (6th Cir. 1984). *Accord Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) (upholding decision to quash subpoena to plaintiff's former manager for employee personnel files that could have been obtained in discovery). In another case where a plaintiff issued a trial subpoena to a medical billing custodian requesting 19 categories of documents, the court quashed the subpoena because "a Rule 45 trial subpoena cannot be substituted for an untimely document request and the time to serve discovery in this case passed long ago." *Edwards v. Speedway LLC*, No. 18-23091, 2019 WL 13066872, *2 (S.D. Fla. Aug 27, 2019). In addition to the problem of circumventing the discovery deadline, a court in this District has noted that a party's "last minute effort to obtain documents, if allowed, could raise significant evidentiary issues, about which the court will have had no prior notice. Judicial resources would surely be wasted." *Alper*, 190 F.R.D. at 284.

With regard to the specific subpoenas at issue, Defendants are very familiar with Mr. Williams. They deposed him during discovery and could have, at that point, subpoenaed the documents that they now ask him to collect and bring to trial in two weeks or less. *Cf.* Fed. R. Civ. P. 45(d)(3)(A)(i) (requiring a subpoena to be quashed if it does not permit "a reasonable time to comply"). It is notable that they issued this subpoena only after losing a motion *in limine* seeking to bar Mr. Williams's testimony (although, after receiving Plaintiff's opposition, they abandoned their argument as to Mr. Williams). This subpoena falls squarely into the line of cases

holding that such subpoenas are discovery requests and must be issued and served within the discovery period, which has long since passed.[1]

As to Needham Bank, it has not been a part of this case at all to this point. A Keeper of Records for Needham Bank has not been identified on Defendants' witness list, and for that reason alone Defendants' subpoena, which purports to require a Keeper of Records to appear for trial, must be quashed in its entirety. No discovery as to Needham Bank has been conducted; this is a classic fishing expedition. As another court put it succinctly, "There is absolutely no indication that [the subpoenaing party] knows what information is contained in the documents it seeks or that they would support [its] theory of its case. A trial subpoena is not an appropriate means of ascertaining facts or uncovering evidence. This should be done through discovery in the manner and time provided by the Federal Rules and court order." *Puritan Inv. Corp. v. Asll Corp.*, No. Civ.A. 97-1580, 1997 WL 793569, *2 (E.D. Pa. Dec. 9, 1997). According to the documents attached to the subpoena, Defendants seek to uncover information related to a mortgage that was publicly recorded on November 8, 2021. If Defendants believed that the Bank had relevant evidence related to this mortgage that they had no opportunity to uncover during discovery, they could have sought to reopen discovery at some point in the past 13 months. They did not. Accordingly, this subpoena also should be quashed as an untimely document request.

---

[1] Plaintiff does not object to the Williams subpoena to the extent that it commands his presence at trial, only to the production of documents.

WHEREFORE, Plaintiff requests that the Court enter an order quashing both subpoenas, or a protective order that discovery not be had, and such other and further relief as the Court deems just and proper.

                        Respectfully submitted,

                        /s/ David A. Russcol
                        Inga S. Bernstein (BBO #627251)
                        David A. Russcol (BBO #670768)
                        Zalkind Duncan & Bernstein LLP
                        65a Atlantic Avenue
                        Boston, MA 02110
                        (617) 742-6020
                        ibernstein@zalkindlaw.com
                        drusscol@zalkindlaw.com

Dated: January 25, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on January 25, 2023.

                        /s/ David A. Russcol
                        David A. Russcol

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1 AND L.R. 37.1

I hereby certify that on January 25, 2023, undersigned counsel conferred with counsel for Defendants in good faith to narrow the areas of disagreement, and Defendants do not assent to the relief requested.

                        /s/ David A. Russcol
                        David A. Russcol