IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, <br><br> Plaintiff, <br> v. <br><br> DEXTER SOUTHFIELD, INC., <br> CARMEN ALIBER, and <br> STEWART TUCKER, <br><br> Defendants. | CIVIL ACTION NO. 20-CV-10540-AK |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO QUASH**

The decision to quash a pre-trial subpoena duces tecum "must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns on a determination of factual issues." United States v. Nixon, 418 U.S. 683, 702 (1974); see also U.S. v. Lieberman, 608 F.2d 889, 904 (1st Cir. 1979); Strahan v. Holmes, 2008 WL 11388725, *2 (D. Mass. Dec. 12, 2008) (recipients of trial subpoenas ordered to bring documents to trial).

This is a matter of fundamental fairness.  Plaintiff does not want the jury to know how much money he has earned since he left Dexter Southfield.  In discovery, Defendants requested evidence of Plaintiff's income since he left the School.  Plaintiff produced nothing.  The Court was forced to intervene and ordered Plaintiff to produce his tax returns.  Plaintiff's taxable income was $175,004 in 2018, $656,832 in 2019, and $369,587 in 2020.  Plaintiff has thus far refused to provide income information for 2022.  Plaintiff's extraordinary income goes directly to his claim for back pay and front pay.

Incredibly, even though Plaintiff failed to provide backup documentation for his income during discovery, Plaintiff now claims that Plaintiff's tax returns should be excluded at trial.

Indeed, Plaintiff seeks to call a CPA to explain to the jury that while Plaintiff has reported to the IRS that he has earned hundreds of thousands of dollars since he left the School, Plaintiff didn't *really* earn that much.  Plaintiff has actually earned *nothing* in the past four years, and is living on donations from friends and family.  The time has come to expose this nonsense and allow the jury to make an equitable evaluation of Plaintiff's earnings.

Plaintiff and his wife obtained a **$795,000** mortgage on their Brookline residence on November 8, 2021.  (Tab A).  That is a pretty steep mortgage for someone with no income and no job.  This is not a fishing expedition.  Clearly, Plaintiff provided the lender with income and employment information, under oath.  This would show how much Plaintiff has earned since he left the School.  It would also thoroughly debunk Plaintiff's claim that he has not been working since he left the School.

Accordingly, Defendants served the lender with a trial subpoena to obtain Plaintiff's loan file.  Defendants are not requiring that anyone appear at trial.  The information requested is relevant, vital really, to Defendants ability to defend this case, and has been previously requested in document requests.[1]  If Defendants had known that Plaintiff would object to admitting Plaintiff's tax returns at trial – the *only* evidence of Plaintiff's income – Defendants would have served the lender with a subpoena sooner.  See Upstate Shredding, LLC v. Northeastern Ferrous, Inc., 2015 WL 12748319 (N.D.N.Y. Feb. 13, 2015) (delay in serving trial subpoena justified).  If Plaintiff has nothing to hide, there should be no resistance whatsoever to Defendants obtaining this information.[2]

---

[1] Plaintiff had an obligation to supplement his responses to Defendants' document requests.  He did not.

[2] Defendants sent Plaintiff a proposed stipulation on income *six days ago*.  (Tab B).  Plaintiff has not responded.

Likewise, Michael Williams has made some extraordinary allegations against the School. Defendants have served Mr. Williams with a trial subpoena to discover whether he has any documents to support his claims. The information is relevant and should be produced.

WHEREFORE, the Court should deny Plaintiff's motion to quash.

Respectfully submitted,

DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER,

By their attorneys,

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile: (978) 623-0908

Date: January 26, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 26th day of January 2023.

                                      */s/ Anthony L. DeProspo, Jr.*
                                      Anthony L. DeProspo, Jr.