UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD F. DANTOWITZ,

       Plaintiff.

v.

DEXTER SOUTHFIELD INC.,


Defendant.

Civil Action No. 20-CV-10540-AK

## PLAINTIFF'S TRIAL BRIEF

Pursuant to Local Rule 16.5(f) and the Court's Second Amended Order Setting Civil Jury Trial, Plaintiff Ronald Dantowitz submits the following trial brief.

I.    Preliminary Matters Concerning Parties at Trial

In order to streamline the trial in this matter and avoid unnecessary complication for the Court and the jury, the Plaintiff has decided to dismiss Claims 1, 2, 6, and 7 against the individual defendants Carmen Aliber and Stewart Tucker only, so that the only Defendant at trial will be Dexter Southfield Inc. Plaintiff will submit a Stipulation of Dismissal or other appropriate document prior to trial.

Plaintiff requests that all witnesses, except for the Parties (i.e., Mr. Dantowitz and one representative of Dexter Southfield), be sequestered until after they have finished testifying, and all participants in the trial be ordered not to inform potential witnesses of the conduct of the trial or the testimony of other witnesses. Plaintiff will, if necessary, submit a formal motion to this effect.

II.      <u>Outstanding Issues Raised by Pending Motions</u>

The only currently outstanding motion is Plaintiff's Motion to Quash Subpoenas *Duces Tecum* to Needham Bank and Michael Williams. The motion addresses whether Defendants should be permitted to conduct a fishing expedition for last-minute discovery by compelling Needham Bank and Mr. Williams to conduct burdensome searches for documents and produce them on the first day of trial. Plaintiff requests that the Court allow the motion and quash the subpoenas (except insofar as the subpoena to Mr. Williams commands him to appear to testify at trial).

III.      <u>Issues of Law and Foreseeable Evidentiary Issues</u>

<u>Tax Returns</u>

Although discussions are continuing, at this time the Parties have not reached agreement concerning a stipulation about the tax returns for Mr. Dantowitz and Celestial Computing Incorporated (CCI). If the Parties do not reach agreement, the Court should exclude the tax returns proffered by Defendant.

The CCI tax returns are not relevant, unduly prejudicial, and would confuse the jury; to the extent that Plaintiff's own income is relevant to the measure of damages, his income is not reflected on the CCI returns. Defendant argues that Plaintiff had control over CCI and its income should be imputed to him, but it is a separate legal entity and it would prolong and complicate the trial for Defendant to question Mr. Dantowitz about the inner workings, business, and accounting practices of CCI. He is the only witness identified with knowledge on some of those subjects, and his knowledge is incomplete. The CCI tax returns are dozens of pages long, and Defendant will offer no testimony to explain them or guide the jury to any remotely relevant

information therein. It should not be permitted to introduce the returns so it can point to isolated numbers in closing, with no evidentiary basis for the meaning of those numbers.

Mr. Dantowitz's personal tax returns are also largely irrelevant and any relevance is substantially outweighed by undue prejudice and jury confusion. *See* Fed. R. Evid. 403. Although Plaintiff's *earnings* may be relevant to issues of damages, and Plaintiff has offered to stipulate to the same, his *taxable income* as such is not. Because CCI was, for the years 2018-2021, an S corporation, its corporate income was passed through and taxed on Mr. Dantowitz's personal income tax return. The net income of the corporation, most of which remained in and was reinvested in the corporation, is not reflective of or relevant to the earnings Mr. Dantowitz received from his employment/self-employment. Defendant has no evidence that the full corporate income of CCI was available for Mr. Dantowitz to take as cash payments. For the jury to consider these corporate earnings as an offset for Mr. Dantowitz's damages would be unfair and a windfall to Defendant. *Cf. McGrath v. Consol. Rail Corp.*, 136 F.3d 838, 840 (1st Cir. 1998) (collateral source rule); *Buckley Nursing Home v. MCAD*, 20 Mass. App. Ct. 172, 183 (1985) (noting that any windfall from unrelated compensation should accrue to injured party, not wrongdoers). Mr. Dantowitz may testify concerning his earnings after his termination from Dexter Southfield, and the jury may consider that evidence in awarding damages after receiving appropriate instructions on how to do so.

<u>Admissions of a Party-Opponent</u>

Plaintiff intends to introduce statements of Defendant's managers, employees, and/or agents (including but not limited to Stewart Tucker, Carmen Aliber, and Ian Moorhouse) under Fed. R. Evid. 801(d)(2). In order to qualify as an admission of a party opponent, it is not necessary "that the statement be shown to have been made by the employee at the instance of her

employer, but only that the declarant's statement *concern* matters within the scope of her agency or employment." *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1094 (1st Cir. 1995) (citations omitted; emphasis in original). *See* 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 801.33[2][c] (Joseph M. McLaughlin, et al., eds., 2nd ed. 2013) ("[T]o qualify as nonhearsay under Rule 801(d)(2)(D), the statement need only be related to the declarant's duties."). "[S]tatements by [an employer's] employees made in the course of their employment [are] excluded from the hearsay rule." *Ferring Pharmaceuticals, Inc. v. Braintree Laboratories, Inc.*, 215 F. Supp. 3d 114, 121 (D. Mass. 2016). Thus, even if Dexter Southfield had not authorized one of its employees to speak on a particular matter, the employee's statements are admissions by Defendant as long as there is a relationship between the employee's work and the statement made.

<u>After-Acquired Evidence</u>

Defendant has indicated an intention to assert a defense of after-acquired evidence based on its contention that Mr. Dantowitz fraudulently obtained FMLA leave by lying about the reason for his leave, and alleged that it would have terminated his employment as of the date it learned that he had traveled on CCI business during his FMLA leave. (*See* Dkt. 110.) Defendant should not be permitted to present this purported after-acquired evidence defense to the jury because it would be confusing and unduly prejudicial both on the facts and the law. Eliciting testimony about when certain information was disclosed during discovery would complicate the trial and focus the jury on the wrong time period. It would be problematic for Defendant to present evidence that it would have terminated Plaintiff's employment based on his outside employment because that employment was permitted by Defendant's employee handbook and protected under FMLA regulations, as the Court has already ruled. *See* 29 C.F.R. § 825.216(e);

Dkt. 129. In addition, because Massachusetts courts have not adopted the after-acquired evidence doctrine, allowing such an argument as to some claims but not others would confuse the jury. *See EventMonitor, Inc. v. Leness*, 473 Mass. 540, 542-43 (2016). Defendant may seek to convince the jury that Mr. Dantowitz fraudulently obtained FMLA leave, but it should not be permitted to cloud the issues with hypotheticals and speculation about how it would have committed further FMLA violations in the future.

Liquidated Damages/Good Faith Defense

If Plaintiff prevails on his FMLA claims, he is entitled to liquidated (double) damages for lost wages and benefits with interest. *See* 29 U.S.C. § 2617(a)(1)(A)(iii). Such amount may only be reduced by the Court, in its discretion, if Defendant proves both that its actions were "in good faith" and that it "had reasonable grounds for believing" that its actions did not violate FMLA. *Id.* In order to avoid unnecessary complication for the jury, Plaintiff proposes that the Court award liquidated damages, and consider any affirmative good faith defense of Defendant, after the jury returns its verdict.

Respectfully submitted,


/s/ David A. Russcol
Inga S. Bernstein (BBO #627251)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
ibernstein@zalkindlaw.com
drusscol@zalkindlaw.com




Dated: January 27, 2023


## CERTIFICATE OF SERVICE


I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on January 27, 2023.

/s/ David A. Russcol
David A. Russcol