IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, <br><br> Plaintiff, <br> v. <br><br> DEXTER SOUTHFIELD, INC., <br> CARMEN ALIBER, and <br> STEWART TUCKER, <br><br> Defendants. | CIVIL ACTION NO. 20-CV-10540-FDS |

## DEFENDANTS' FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants Dexter Southfield, Inc., Carmen Aliber and Stewart Tucker request that Plaintiff produce the documents specified in this First Set of Document Requests ("Requests"), no later than thirty (30) days after service, at the offices of Schwartz Hannum PC, 11 Chestnut Street, Andover, Massachusetts 01810.

## INSTRUCTIONS

1. In responding to these Requests, you should furnish all documents that are in your possession, custody, or control; or are within the possession, custody, or control of your agents, representatives, or investigators; or are within the possession, custody, or control of your attorneys or their agents, employees, representatives, or investigators.

2. If any document or portion of any document covered by these Requests is withheld from production due to privilege, furnish a list of all such documents so withheld that:

    a. identifies the person who prepared or authorized the preparation of the document and, if applicable, the person to whom the document was sent or shown;

      b.      specifies the date on which the document was prepared;

      c.      identifies the subject matter of the document;

      d.      describes the nature of the document (*e.g.*, letter, ledger, etc.);

      e.      states briefly the reason the document is claimed to be privileged and/or protected; and

      f.      states the paragraph(s) of this Request for Production to which the document relates.

3.      Organize and label each document or set of documents, indicating by number the Request to which the document(s) relates.

4.      If any document responding to all or any part of these Requests is not currently available, include a statement to that effect and furnish whatever documents are available. Include in your statement when such documents were most recently in your possession or subject to your control and what disposition was made of them, identifying the name, job title, and the last known address of each person currently in possession or control of such documents. If any such documents were destroyed, identify the name, job title, and the last known business address of each person who directed that the documents be destroyed, and state the reasons the documents were destroyed.

5.      The documents requested are to be produced either as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in this Request.

6.      If any of these Requests cannot be answered or responded to in part or in full, then you should (a) answer or respond to the extent possible; (b) specify each reason for your inability to answer or respond to the request or portion thereof; and (c) state whatever

information or knowledge you have concerning the unanswered portion. If and only if a specific response is not possible, then provide a general response which is as specific as possible.

7. If any answer is not presently known or available, include a statement to that effect, and furnish the answer when known or available, unless otherwise agreed to by counsel. Each Request shall be deemed to be continuing in nature, and you are required to provide supplemental answers if you obtain further or different documents before the trial of this matter, and each such supplemental response shall be served at reasonable intervals, but in no event less than 30 days prior to trial.

## DEFINITIONS

1. As used herein, the terms "you," "your," and "Plaintiff" refer to Plaintiff Ronald Dantowitz and any attorneys, employees, agents, representatives, or other persons acting or purporting to act on his behalf.

2. The term "Complaint" refers to the Complaint and Jury Demand filed by Plaintiff on or about December 30, 2019.

3. The term "Answer" refers to Defendants' Answer to Complaint and Affirmative Defenses filed by Defendants on or about March 25, 2020.

4. As you herein, "Defendants" shall refer to Defendants Dexter Southfield, Inc., Carmen Aliber and Stewart Tucker, and any persons acting or purporting to act on their behalf.

5. "Documents" shall be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, but not limited to, all written, graphic or other matter whether produced, reproduced or stored on paper, cards, tapes, computer disks, computer storage devices, electronic mail, charts, films, or any other medium and shall include, without limitation, memoranda, handwritten notes (whether or not written by an

attorney), lists, books, reports, statements, agreements, appointment calendars, diaries, manuals, graphs, records, correspondence, and any other published material. The term "documents" shall also include, without limitation, originals, all copies (with or without notes, additional writings or changes thereon) drafts, and executed originals.

6. "Communications" or "communicated" shall be construed to mean any exchange of information by any means including, but without limitation, all discussions, conversations, interviews, negotiations, face-to-face meetings, telephone conversations, correspondence, inter-office or intra-office memoranda, e-mail, or other forms of oral or written exchange, however transmitted.

7. The term "person" means any individual, natural person, partnership, association, organization, corporation, company, joint venture, firm, proprietorship, trust, estate, agency, board, authority, commission, or other legal, governmental, or business entity of any kind.

8. The term "concerning" or "concern" means alluding to, evidencing, referring to, touching upon, describing, depicting, explaining, reflecting, constituting or consisting of, forming the basis of, commenting on, supporting, analyzing, connecting with, or relating to in any way, either in whole or in part.

9. "Relating to," "relate(s)," or "related to" shall mean constituting, comprising, consisting of, evidencing, setting forth, discussing, mentioning, proposing, showing, disclosing, containing, analyzing, explaining, summarizing, supporting, authorizing, concerning, embodying, reflecting, identifying, incorporating, describing, considering, recommending, continuing, enumerating, dealing with, consisting of, commenting on, referring to directly or indirectly, dealing with, or in any way pertaining to, in whole or in part.

10. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests any documents that otherwise would be construed to be outside their scope.

## REQUESTS

**Request No. 1**

All documents you intend to introduce at any hearing, deposition, or trial in this matter.

**Request No. 2**

All documents concerning or relating to the First Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 3**

All documents concerning or relating to the Second Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 4**

All documents concerning or relating to the Third Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 5**

All documents concerning or relating to the Fourth Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 6**

All documents concerning or relating to the Fifth Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 7**

All documents concerning or relating to the Sixth Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 8**

All documents concerning or relating to the Seventh Cause of Action in the Complaint, including but not limited to, all statements, communications, affidavits, and/or evidence you have to support such a claim.

**Request No. 9**

All documents related to Plaintiff's FMLA referenced in Plaintiff's Initial Disclosures dated September 10, 2020.

**Request No. 10**

All documents concerning the witness statement of Michael Williams referenced in Plaintiff's Initial Disclosures dated September 10, 2020, including the witness statement of Michael Williams.

**Request No. 11**

All documents concerning the Employee Handbook referenced in Plaintiff's Initial Disclosures dated September 10, 2020, including the Employee Handbook.

**Request No. 12**

All documents (including medical records and communications) concerning or relating to any visit, consult or treatment you sought or received from any physician, psychiatrist, psychologist, social worker, clergy member, health care provider, and/or facility related to any physical, mental, emotional, or psychological condition you allegedly experienced due to any of the causes of action alleged in your Complaint, including, but not limited to, medical records, laboratory and test results, consultation notes, and statements of charges for services rendered.

**Request No. 13**

All documents (including medical records and communications) concerning or relating to any visit, consult or treatment you sought or received from any physician, psychiatrist, psychologist, social worker, clergy member, health care provider, and/or facility related to any disability you allegedly experienced in the last ten (10) years.

**Request No. 14**

All documents (including medical records) concerning or relating to any treatment you sought or received for your alleged emotional distress.

**Request No. 15**

All documents concerning or relating to any efforts you made to explore other employment opportunities and other sources of income at any time since January 22, 2019.

**Request No. 16**

All documents concerning any and all wages, unemployment benefits, or other benefits or monies you received in connection with employment or other income since January 22, 2019, including but not limited to paychecks, pay stubs, W2 forms, 1099 forms, and tax returns.

**Request No. 17**

All documents related to and communications with the witnesses identified in Plaintiff's Initial Disclosures dated September 10, 2020.

**Request No. 18**

All diaries, notebooks, or similar documents concerning or relating to Defendants, including but not limited to all such documents you wrote in concerning or relating to your employment, co-workers, any events at Dexter Southfield, or any matter referenced in the Complaint, Answer, and/or in any way concerning or related to the instant litigation.

**Request No. 19**

All documents concerning or relating to your employment and/or separation of employment at Dexter Southfield.

**Request No. 20**

All documents concerning or relating to communications between you and Dexter Southfield related to any matter referenced in the Complaint, Answer, and/or in any way concerning or related to the instant litigation, including but not limited to all conversations, text messages, notes, telephone messages, letters, and emails.

**Request No. 21**

All documents concerning or relating to communications between you and Ms. Aliber related to any matter referenced in the Complaint, Answer, and/or in any way concerning or related to the instant litigation, including but not limited to all conversations, text messages, notes, telephone messages, letters, and emails.

**Request No. 22**

All documents concerning or relating to communications between you and Mr. Tucker related to any matter referenced in the Complaint, Answer, and/or in any way concerning or related to the instant litigation, including but not limited to all conversations, text messages, notes, telephone messages, letters, and emails.

**Request No. 23**

All documents concerning or relating to communications between you and any person concerning or related to any matter referenced in the Complaint, Answer, and/or in any way concerning or related to the instant litigation, including but not limited to all conversations, text messages, notes, telephone messages, letters, and emails.

**Request No. 24**

All witness statements (or other documents concerning the same) concerning or relating to any matter referenced in the Complaint, Answer, and/or in any way concerning or related to the instant litigation.

**Request No. 25**

All documents, other than those produced in response to any of the foregoing requests, concerning or relating to any matter referenced in the Complaint, Answer, and/or in any way related to the instant litigation.

**Request No. 26**

All documents concerning or relating to any harm or damages you have allegedly suffered as a result of the conduct alleged in the Complaint.

**Request No. 27**

All documents you provided to any expert witness or upon which any expert witnesses will rely in formulating or supporting their opinions to be presented at trial.

**Request No. 28**

All documents that you reviewed in preparing your answers to Defendants' Interrogatories and/or that you identified in those answers.

**Request No. 29**

All documents that you intend to use or may use at a trial of this action, including, but not limited to, any affidavits or statements.

**Request No. 30**

All documents concerning or relating to any requests for accommodations made while employed at Dexter Southfield.


October 5, 2020                          DEXTER SOUTHFIELD, INC., CARMEN
                                         ALIBER, and STEWART TUCKER,

                                         By their attorneys,


                                         /s/ Anthony L. DeProspo, Jr.
                                         William E. Hannum III (BBO No. 643155)
                                         (whannum@shpclaw.com)
                                         Anthony L. DeProspo, Jr. (BBO No. 644668)
                                         (adeprospo@shpclaw.com)
                                         SCHWARTZ HANNUM PC
                                         11 Chestnut Street
                                         Andover, MA 01810
                                         Telephone: (978) 623-0900
                                         Facsimile:  (978) 623-0908

-11-

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 5, 2020, a copy of the foregoing was served on all parties through counsel.

                                         /s/ Anthony L. DeProspo, Jr.
                                         Anthony L. DeProspo, Jr.