IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>    Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD, INC.,<br>CARMEN ALIBER, and<br>STEWART TUCKER,<br><br>    Defendants. | CIVIL ACTION NO. 20-CV-10540-AK |

## SUPPLEMENT TO DEFENDANTS' TRIAL BRIEF

### FMLA Interference Damages

Under the FMLA, an employee is entitled to the following damages:

> (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or
>
> (II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee.

29 U.S.C. § 2617(a)(1)(A)(i)(I), (II).

Here, there is no dispute that Plaintiff took 13 weeks of FMLA leave and there is no evidence that Plaintiff forfeited any wages or salary in connection with his FMLA interference claim. Accordingly, the jury verdict form should not allow for an award of damages for alleged interference with FMLA leave.

### Front Pay

The Court, rather than the jury, should determine the amount of front pay, if any, awarded to Plaintiff under the FMLA. See Kelley v. Airborne Freight Corp., 140 F.3d 335, 354 (1st Cir. 1998).

**Plaintiff's Income**

The parties cannot agree on the best way to present Plaintiff's income to the jury, albeit Plaintiff's tax returns are the most reliable means. Defendants request that the Court deny Plaintiff's motion to quash the subpoena served on Needham Bank. This is not a fishing expedition. It is reasonable to assume that a loan file exists in connection with an $800,000 mortgage. The jury should be allowed to see what Plaintiff claims as income as well as his employment information.

**Liquidated Damages**

If necessary, Defendants respectfully request leave to brief the issue of liquidated damages following the jury's verdict.

Respectfully submitted,

DEXTER SOUTHFIELD, INC.,
CARMEN ALIBER, and
STEWART TUCKER,

By their attorneys,

/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile: (978) 623-0908

Date: January 30, 2023

-3-

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 30th day of January 2023.

                                    */s/ Anthony L. DeProspo, Jr.*
                                    Anthony L. DeProspo, Jr.