UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, <br><br> Plaintiff. <br><br> v. <br><br> DEXTER SOUTHFIELD INC., <br><br><br> Defendant. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF CONCERNING SEQUESTRATION OF WITNESSES**

Pursuant to Fed. R. Evid. 611, 615, and the Court's discretion to manage the course of trial, Mr. Stewart Tucker and Ms. Carmen Aliber should be excluded from the courtroom except during their testimony, and not permitted to discuss the substance of others' testimony, unless one of them is designated as Defendant's corporate representative under Fed. R. Evid. 615(b).

Sequestration of witnesses involves "preventing prospective witnesses from consulting each other; preventing witnesses from hearing other witnesses testify; and preventing prospective witnesses from consulting witnesses who have already testified," and the Court has considerable discretion to "make whatever provisions it deems necessary to manage trials in the interests of justice, including the sequestration of witnesses before, during, and after their testimony." *United States v. Sepulveda*, 15 F.3d 1161, 1176 (1st Cir. 1993) (quoting in part 6 John Wigmore, *Evidence* § 1840, at 471 n. 7 (1976); citation omitted). A major purpose of sequestration is to "prevent a witness from shaping his testimony in light of the testimony of other witnesses," because "[i]f permitted to hear the testimony of other witnesses, a witness might tailor his

testimony to avoid inconsistencies, avert the thrust of anticipated cross-examination, or undermine the testimony of those other witnesses." Wright & Miller, 29 Fed. Prac. & Proc. Evid. § 6242 (2d ed. April 2022 update). As the party seeking an exemption to the general rule of sequestration of witnesses, Defendant "bears the burden of showing the exception is warranted." *United States v. Forehand*, 943 F. Supp. 2d 1329, 1331 (M.D. Ala. 2013) (citing cases).

Plaintiff acknowledges that a representative of Defendant is entitled to be present throughout the proceedings, just as Plaintiff himself is. But Defendant seeks to bring in Mr. Vincent *and* Mr. Tucker *and* Ms. Aliber (all of whom are expected to testify) to hear all the witness testimony, which would give them a substantial opportunity to shape their testimony or coordinate their stories. In one discrimination case in which the credibility of the plaintiff and one government witness was critical to the outcome, a court ordered sequestration of the government witness during the plaintiff's testimony, even though he was the designated party representative under Fed. R. Evid. 615(b), because allowing him to remain "would risk jeopardizing the truth-seeking function of the proceeding by providing the opportunity for defendant's critical fact witness to – consciously or subconsciously – shape his testimony to counter what he has heard from plaintiff's critical fact witness in court rather than simply recount events from… years ago as he remembers them." *Bradshaw v. Perdue*, 319 F. Supp. 3d 286, 289 (D.D.C. 2018). Surely the same is true here. In this case, there were several key meetings where only Mr. Dantowitz, Mr. Tucker, and Ms. Aliber were present, in which Plaintiff contends he was calm and respectful but Defendant contends he was disingenuous and insubordinate. In fact, insubordination during these meetings is one of the two stated bases for Mr. Dantowitz's termination. Allowing both Mr. Tucker and Ms. Aliber to be present for the entirety of other

witnesses' testimony would unfairly solidify Defendant's advantage of two against one by giving them the opportunity – even if only unconsciously – of lining up their testimony to counter his.

This case is also analogous to *United States v. Klaphake*, in which a defendant in a tax evasion trial sought to have his accountant and tax preparer exempted from a sequestration order. 64 F.3d 435 (8th Cir. 1995). Even though that witness knew how his taxes were prepared, was a fact witness, and had key information pertaining to the substance of the charges, the court determined that the defendant "failed to establish that his attorney could not effectively function in [the witness's] absence or that [the witness] was unable to present essential testimony without having heard the trial testimony of other witnesses." *Id.* at 437. The witness's information "could [] have been communicated to [defendant's] attorney prior to trial," and the witness's professional relationship with the defendant "increased the possibility that she might modify her testimony to comport with that of other defense witnesses." *Id.* The three witnesses Defendant seeks to keep in the courtroom are fact witnesses with strong connections to Defendant and a clear interest in the outcome of the case. Defense counsel are well able to function without having all of them in the courtroom.

In considering whether to allow a witness to remain in the courtroom as "essential" to presentation of the case, courts have considered factors like whether the witness's testimony is subject to tailoring, whether it addresses the same issues as other witnesses' testimony, and "whether the witness's presence is 'essential' rather than simply desirable." *United States v. Jackson*, 60 F.3d 128, 135 (2d Cir. 1995). In *Jackson*, an important factor in the court's decision to uphold the district court's refusal to sequester multiple government agent witnesses was the fact that there was "virtually no overlap in [their] testimony… and other witnesses." *Id.* at 137. In contrast, here the witnesses are two of the three people who can speak to important meetings.

Mr. Tucker and Ms. Aliber will testify about some of the same events as Mr. Dantowitz; Plaintiff also anticipates that Mr. Phinney, Mr. Williams, and Dr. Wittels will describe actions and statements of Mr. Tucker and Ms. Aliber in their testimony. These witnesses should not be able to shape their testimony and insulate themselves from effective cross-examination by hearing what others have said before they take the stand. Defendant has made no showing that either Mr. Tucker and/or Ms. Aliber are "essential" to presenting its defense and should be allowed *in addition to* Mr. Vincent. All three individuals are knowledgeable about the case and have had ample time to prepare in the years since it was filed. Defendant may prefer to have them all present, but the Court's truth-finding function would be better served by allowing it only one corporate representative.

Respectfully submitted,

/s/ David A. Russcol
Inga S. Bernstein (BBO #627251)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
ibernstein@zalkindlaw.com
drusscol@zalkindlaw.com

Dated: February 6, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on February 6, 2023.

/s/ David A. Russcol
David A. Russcol