IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                          )
RONALD F. DANTOWITZ,                      )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )
                                          )        CIVIL ACTION NO. 20-CV-10540-AK
DEXTER SOUTHFIELD, INC.,                   )
                                          )
                    Defendant.            )
                                          )
_____)

## SECOND SUPPLEMENT TO DEFENDANTS' TRIAL BRIEF

### Stewart Tucker And Carmen Aliber
### Should Be Allowed To Attend The Trial

Stewart Tucker and Carmen Aliber have been living with this case for over 3 ½ years.[1]

They were dismissed from the case earlier today, the first day of trial.  Mr. Tucker and Ms.

Aliber should be allowed to attend the trial.

Federal Rule of Evidence 615(c) specifically allows Mr. Tucker and Ms. Aliber to be

present in the courtroom:

**Excluding Witnesses**

But this rule does not authorize excluding:

(c) a person whose presence a party shows to be essential to presenting the party's claim
or defense.

Fed. R. Evid. 615(c).

Mr. Tucker and Ms. Aliber are crucial to the defense of this case.  They are uniquely

positioned to guide Defendant's counsel, especially regarding witnesses that were not previously

deposed (*e.g.*, Robert Phinney, Norman Wittels, Emilia Guy, Daniel Steinberg).  The conduct of

---

[1] A Google search for Carmen Aliber and Stewart Tucker will show that their names are attached to this litigation forever.

Mr. Tucker and Ms. Aliber are front and center in this case.  See Fed. R. Evid. 615, Advisory Committee Note ("the category contemplates such persons as an agent who handled the transaction being litigated"); see also Minebea Co. v. Papsti, 374 F. Supp. 2d 231, 236 (D.D.C. 2005) (witness is considered "essential" under Rule 615 when "a party needs a prospective witness in the courtroom in order to properly prepare and present the case") (additional citations omitted); Bruneau v. South Kortright Central School, 962 F. Supp. 301, 304-305  (N.D.N.Y. 1997) (school superintendent, former assistant superintendent and a teacher allowed to attend trial against a school, finding that the witnesses' attendance at the trial was essential to the defense) (appended hereto at Tab A).[2]

Defendant's counsel has been working closely with Mr. Tucker and Ms. Aliber for the last several weeks under the assumption they would be attending the trial.  Prior to 8:30 this morning, they were Defendants in the case.  "The sequestration of witnesses is a matter within the trial court's discretion."  U.S. v. Jewett, 520 F.2d 581, 584 (1st Cir. 1975).  "Its decision will not be questioned absent a showing of prejudice."  Id.  Plaintiff cannot show any prejudice. Plaintiff's claim that the testimony of Mr. Tucker and Ms. Aliber will be "contaminated" by their attendance at trial is pulled out of thin air.

The law is on Defendant's side.  Sometimes, too, things come down to fundamental fairness.  Plaintiff kept Mr. Tucker and Ms. Aliber in this case up until the morning of trial. Now, purely as a litigation tactic, Plaintiff expects Mr. Tucker and Ms. Aliber to stay away from the courthouse while Plaintiff presents a parade of witnesses attacking decisions made by Mr. Tucker and Ms. Aliber.  Mr. Tucker and Ms. Aliber have already cleared their schedules and prepared to attend the trial.  They should be allowed to do so.

---

[2] The Cannon case is directly on point.

Respectfully submitted,

DEXTER SOUTHFIELD, INC.,

By its attorneys,

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

Date:  February 6, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 6th day of February 2023.

/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr.