UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD F. DANTOWITZ,

    Plaintiff.

v.

DEXTER SOUTHFIELD INC.,

    Defendant.

Civil Action No. 20-CV-10540-AK

**PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF CONCERNING CAUSATION STANDARD FOR FMLA RETALIATION**

The Parties have submitted proposed jury instructions with different standards for causation on Plaintiff's FMLA claims. Plaintiff's Proposed Instruction 9 states that Plaintiff "must show that his taking leave was 'a negative factor' in the decision to fire him," citing, *inter alia*, 29 C.F.R. § 825.220(c). (Dkt. 138 at 23.) In contrast, Defendant's corresponding instruction would state that his FMLA leave must have been "a determinative factor" and that "Plaintiff must prove 'but for' Plaintiff exercising his rights under FMLA he would not have been terminated," citing *Gourdeau v. City of Newton*, 238 F. Supp. 3d 179, 194-95 (D. Mass. 2017) (*Gourdeau*).[1] (Dkt. 138 at 24.) Plaintiff's instruction, and not Defendant's, correctly states the law on FMLA retaliation claims for multiple reasons: because binding precedent from the First Circuit identifies "negative factor" as the correct standard; because the statute is ambiguous and longstanding Department of Labor regulations including this standard are subject to deference;

---

[1] As discussed herein, two sessions of this Court have analyzed this question in depth and have reached different conclusions. *Compare Chase v. U.S. Postal Service*, 149 F. Supp. 3d 195, 208-211 (D. Mass. 2016) (Woodlock, J.), aff'd on other grounds, 843 F.3d 553 (1st Cir. 2016) *with Gourdeau v. City of Newton*, 238 F. Supp. 3d 179, 194-95 (D. Mass. 2017) (Young, J.).

and because Supreme Court precedent construing Title VII involves different statutory language and does not undermine the authority of the "negative factor" test.

The statutory text of FMLA does not identify the burden of proof for a retaliation claim; indeed, it does not explicitly use the word retaliation. Congress instead included a broad interference provision, 29 U.S.C. § 2615(a)(1), which made it "unlawful for any employer to interfere with, restrain, or deny the exercise of… any right provided under this subchapter," and a more focused opposition provision, 29 U.S.C. § 2615(a)(2), which forbids "any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." The Department of Labor issued regulations interpreting FMLA in or about 1995 which clarified that "[t]he Act's prohibition against *interference* prohibits an employer from discriminating or retaliating against an employee… for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c) (emphasis added). The First Circuit granted deference to this interpretation and held that an FMLA retaliation claim is a cause of action under the interference provision of the statute. *See Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 160 n.4 (1st Cir. 1998); *see also Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 331 (1st Cir. 2005) (reiterating that the cause of action for retaliation is grounded in the Department of Labor regulation). In the same paragraph of the regulations in which it identified the prohibition against retaliation, the Department of Labor set forth the standard of proof for a retaliation claim: "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c).

The First Circuit has cited and applied this standard numerous times when assessing FMLA retaliation claims. For instance, in a 2014 case it stated: "FMLA forbids an employer

from retaliating against an employee for exercising her FMLA rights. Thus, for example, an employer may not use an employee's FMLA leave as a negative factor in deciding to hire, fire, promote, or provide benefits to an employee." *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 719 (1st Cir. 2014) (citations omitted). In 2017, the First Circuit stated that, under the interference provision of FMLA, "[w]e [] permit employees to advance claims under a 'retaliation' theory based on their employers' 'use [of] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions.'" *Germanowski v. Harris*, 854 F.3d 68, 72 (1st Cir. 2017) (citation omitted; third alteration in original). *See also Mellen v. Trustees of Boston Univ.*, 504 F.3d 21, 26-27 (1st Cir. 2007) (discussing a plaintiff's "negative factor claim" and concluding that it was the same as her retaliation claim).

Some uncertainty arose about the standard of causation in the wake of the Supreme Court's decision in *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). In *Nassar*, the Court held that to prove a retaliation claim under Title VII, a plaintiff had to show there was an adverse act "because" of activity protected under Title VII, and "because" implied but-for causation in the absence of more specific language. *See id.* at 351-52. Congress had specified a lower causation standard for substantive Title VII claims, but not retaliation claims, which the Court found significant. *See id.* at 352-54. The First Circuit has not explicitly addressed whether *Nassar* has any impact on the appropriate interpretation of FMLA. *See Chase v. United States Postal Serv.*, 843 F.3d 553, 560 n.2 (1st Cir. 2016) ("we save for another day the question of *Nassar*'s impact on FMLA jurisprudence with respect to the required causation standard"). However, it has continued to apply the "negative factor" standard long after *Nassar*. *See Germanowski*, 854 F.3d at 72; *Thompson v. Gold Medal Bakery Inc.*, 989 F.3d 135, 144 (1st Cir. 2021).

Plaintiff is unaware of any Circuit Courts having declined to follow the "negative factor" causation standard from the regulations after *Nassar*, and at least two have adopted deference to the regulations since *Nassar*. In 2017, the Third Circuit noted that different federal discrimination and retaliation statutes have different causation standards, and although language like "because" or "because of" must be interpreted as but-for causation after *Nassar*, FMLA did not provide a standard for causation and therefore was ambiguous. *See Egan v. Delaware River Port Authority*, 851 F.3d 263, 272-73 (3d Cir. 2017). And in the absence of a specific causation standard in the statute, it was reasonable and permissible for the Department of Labor to make a policy choice that an employer cannot use FMLA leave "as a negative factor in an employment decision," and the regulation was therefore "entitled to controlling deference." *See id.* at 273-74. The Third Circuit cited and adopted the reasoning of Judge Woodlock in *Chase v. U.S. Postal Service*, 149 F. Supp. 3d 195, 210 (D. Mass. 2016). *See Egan* at 273. Similarly, the Second Circuit reversed a jury verdict in which a but-for causation instruction had been given, holding that deference to the Department of Labor regulation was appropriate because it reasonably filled a gap in the statute. *See Woods v. START Treatment & Recovery Centers, Inc.*, 864 F.3d 158, 168-69 (2d Cir. 2017). The Second Circuit started by accepting the First Circuit's analysis identifying the source for FMLA retaliation claims as the interference provision of the statute. *See id.* at 166 (citing *Hodgens*, 144 F.3d at 160 n.4, and *Colburn*, 429 F.3d at 331). Then it observed that the interference provision "is silent as to any test for causation…. [U]nlike the statute[] in *Nassar*… it lacks any indicia of Congress's intent to create 'but for' causation—words like 'because' or 'by reason of.'" *Id.* at 168. Because Congress had explicitly delegated authority to the Department of Labor to make interpretive rules, and the Department had done so

reasonably, the Second Circuit accepted its interpretation of the causation standard. *See id.* at 168-69.

The analysis of Judge Young in *Gourdeau*, which did not have the benefit of *Egan* or *Woods*, is incorrect on a critical point. The court in *Gourdeau* correctly noted that the opposition provision of FMLA was modeled on the retaliation provision of Title VII. *See Gourdeau*, 238 F. Supp. 3d at 188. The opposition provision bans discharging an employee "*for* opposing any practice made unlawful" under FMLA. 29 U.S.C. § 2615(a)(2) (emphasis added). The *Gourdeau* court focused on the word "for" and concluded that it was synonymous with "because of" and therefore implied but-for causation after *Nassar*. *See Gourdeau* at 189-90, 194. But *Gourdeau* was looking at the wrong section of the statute. As discussed above, the First Circuit (unlike some others) has repeatedly held that an FMLA retaliation claim is based on the interference provision, not the opposition provision. *See Hodgens*, 144 F.3d at 160 n.4; *Colburn*, 429 F.3d at 331. As the Second Circuit explained in *Woods*, Congress did not include language like "because" or "for" in the interference provision. Therefore, the statute remains ambiguous after *Nassar*, and deference to the regulations is still appropriate.[2]

---

[2] Judge Woodlock also made the point that, as a matter of administrative law, an established regulation retains its force even if a court disagrees with its interpretation, as long as the statute is ambiguous and the interpretation remains a reasonable one. *See Chase*, 149 F. Supp. 3d at 210-11. "Only a judicial precedent holding that the statute unambiguously forecloses the agency's interpretation, and therefore contains no gap for the agency to fill, displaces a conflicting agency construction." *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982-83 (2005). The First Circuit already decided that the FMLA statute is ambiguous as to the contours and content of a retaliation claim, and that deference to the regulation was warranted. *See Hodgens*, 144 F.3d at 160 n.4. Neither the statute nor the regulation has changed. Accordingly, the regulation remains valid and operative.

For the foregoing reasons, the Court should instruct the jury that, to prove a FMLA retaliation claim, Plaintiff need only show that his use of FMLA leave was a "negative factor" in Defendant's decision to terminate his employment.

Respectfully submitted,

/s/ David A. Russcol
Inga S. Bernstein (BBO #627251)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
ibernstein@zalkindlaw.com
drusscol@zalkindlaw.com

Dated: February 12, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on February 12, 2023.

/s/ David A. Russcol
David A. Russcol