## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | )    CIVIL ACTION NO. 20-CV-10540-AK |
| DEXTER SOUTHFIELD, INC., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF CONCERNING FMLA RETALIATION

As articulated in Gourdeau v. City of Newton, 238 F. Supp. 3d 179 (D. Mass. 2017) (Young, J.) (Tab A), the "but-for" causation standard in FMLA retaliation claims is the correct standard and the jury should be instructed consistent with that standard.  It is also consistent with the Supreme Court's holding in University of Texas Southwestern Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013) ("but-for" causation standard appropriate to Title VII retaliation claims); see also Adams v. Anne Arundel County. Pub. Schools, 789 F.3d 422, 429 (4th Cir. 2015) ("Retaliation claims brought under the FMLA are analogous to those brought under Title VII.")

The law in the First Circuit is unsettled on this issue, as are several other Circuit Courts. But see Sharp v. Profitt, 674 Fed. Appx. 440, 451 (6th Cir. 2016) (FMLA retaliation requires a showing of "but-for" causation); see also Sigler v. Black River Elec. Coop., Inc., 2020 WL 9209285 (D.S.C. Jul. 24, 2020) (same); Fry v. Rand Constr. Corp., 2018 WL 4031546 (E.D. Va. Aug. 22, 2018) (same).

Federal courts in Massachusetts have concluded that "retaliation claims brought under the FMLA must be proved according to a but-for standard" and that a contrary Department of Labor regulation (22 C.F.R. § 825.220c)(Add. 4) setting forth a "negative factor" standard is not

entitled to deference in accordance with Chevron USA, Inc. v. National Resources Defense Council, Inc. 467 U.S. 837 (1984).  Gourdeau, 238 F. Supp. 3d at 194-195; see also Higgins v. Town of Concord, 322 F. Supp. 3d 218, 228 (D. Mass. 2018) (citing Gourdeau); DiBlasi v. Liberty Mutual, 2014 WL 1331056 *10, n.20 & *14 (D. Mass. 2014) ("An employee must show ... a 'but-for' causal connection between protected conduct and adverse employment action.").

The Gourdeau Court found the "but-for" causation standard appropriate for several reasons, including the following:

- Retaliation claims under the ADEA require a showing that "but for" the discrimination the plaintiff would not have been subject to the adverse employment action;

- The Nassar Court rejected the "motivating factor" standard to Title VII retaliation claims;

- "But-for" is the default causation standard under tort law;

- In drafting the FMLA, Congress neglected to authorize retaliation claims where an improper consideration, an employer's protected leave, was a motivating factor for an adverse employment action – this omission indicates Congress's intent that FMLA claims be subject to the "but-for" causation standard;

- Congress explicitly modeled the FMLA's retaliation provision after Title VII's;

- Supreme Court jurisprudence has never restricted but-for causation tests only to statutes using the term "because of"; and

- Protection against retaliation based on race, color, religion, sex or national origin (Title VII protections) "stand on equal – if not higher – footing than the values the anti-discrimination provisions of the FMLA protects."

Defendant respectfully requests that the Court instruct the jury that the "but for" causation theory is appropriate when considering Plaintiff's FMLA retaliation claim.

DEXTER SOUTHFIELD, INC.,

By its attorneys,

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

Date:  February 12, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 12th day of February 2023.

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr.