IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, <br><br> Plaintiff, <br><br> v. <br><br> DEXTER SOUTHFIELD, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 20-CV-10540-AK <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S SUPPLEMENTAL TRIAL BRIEF CONCERNING
FMLA INTERFERENCE DAMAGES**

Damages available for FMLA interference:

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case where wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care …

29 U.S.C. § 2617(A).

In Hickey v. Protective Life Corp., 988 F.3d 380 (7th Cir. 2021) (Tab A), the plaintiff claimed that his employer interfered with his FMLA rights. Id. at 385. The Court recognized that "in order to recover under the FMLA, a plaintiff must show that he suffered *damage*, which is (i) redressable under § 2617 and (2) results from the alleged interference." Id. at 387 (citing Cianci v. Pettibone Corp., 152 F.3d 723, 728-29 (7th Cir. 1998)) (emphasis added) (damages for FMLA interference found not recoverable because plaintiff could not show he incurred any costs as a result of the alleged violation); see also Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (Tab B) (§ 2617 provides no relief unless the employee has been harmed by the alleged FMLA interference – "[t]he remedy is tailored to the harm suffered"). The plaintiff in

Hickey took the full 12 weeks of FMLA leave and upon his return, could not show that he had sustained any damages as a result of any alleged interference. Hickey, 988 F.3d at 384, 389. The Court granted summary judgment on plaintiff's FMLA interference claim – Plaintiff "did not suffer any loss of wages or benefits prior to his employment being terminated." Id. at 390.

**Proposed Special Verdict**

IF YOU ANSWERED YES TO QUESTION NO. 3, PLEASE PROCEED TO QUESTION NO. 4.  IF YOU ANSWERED NO TO QUESTION NO. 3, PLEASE PROCEED TO QUESTION NO. 5.[1]

4. What amount of out-of-pocket expenses did Mr. Dantowitz incur as a result of Dexter Southfield School's interference with his FMLA rights?

Amount in figures: _____

Amount in words: _____

DEXTER SOUTHFIELD, INC.,

By its attorneys,

/s/ Anthony L. DeProspo, Jr.
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

Date:  February 13, 2023

---

[1] The numbering of the remaining questions would need to be adjusted.  The parties are working on crafting jury instructions.

-3-

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 13th day of February 2023.

                                        */s/ Anthony L. DeProspo, Jr.*
                                        Anthony L. DeProspo, Jr.