UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>           Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br><br><br>           Defendant. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S SUPPLEMENTAL TRIAL BRIEF CONCERNING MCDONNELL DOUGLAS BURDEN-SHIFTING INSTRUCTION**

In its initial draft jury instructions, the Court included an instruction based on the *McDonnell Douglas* burden-shifting paradigm in the section on Plaintiff's FMLA retaliation claim. Plaintiff wishes to bring authority to the Court's attention for its consideration on this issue.

In *Loeb v. Textron Inc.*, the First Circuit cautioned that "McDonnell Douglas was not written as a prospective jury charge; to read its technical aspects to a jury… will add little to the juror's understanding of the case." 600 F.2d 1003, 1016 (1st Cir. 1979). It went on to say that "only the factual determinations necessary to the underlying rationale of McDonnell Douglas need be made by the jury." Although the *Loeb* Court stated that *McDonnell Douglas* could, in the court's discretion, be incorporated into jury instructions in an appropriate case, it highlighted that it "should not be used inflexibly as a vehicle for organizing evidence or presenting a case to a jury" and is not "the exclusive method for proving a claim of discrimination." *Id.* at 1017. Indeed, a plaintiff may proceed without going through the *McDonnell Douglas* framework

"where he has presented direct evidence of discrimination or circumstantial evidence (other than the McDonnell Douglas elements) that supports an inference of discrimination." *Id.* Subsequent decisions have emphasized this last point: "the *McDonnell Douglas* test is inapplicable where the plaintiff presents direct evidence of discrimination." *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985). *See also Laing v. Federal Exp. Corp.*, 703 F.3d 713, 717 (4th Cir. 2013) (on FMLA retaliation claim, "a plaintiff may succeed either by providing direct evidence of discrimination or by satisfying the burden-shifting framework set forth in *McDonnell Douglas*…"). Although there is certainly sufficient evidence for the jury to find pretext and liability under the *McDonnell Douglas* framework, the jury could also find that Plaintiff's FMLA leave was used as a negative factor and a motivating factor in Defendant's termination decision even if Defendant's stated reasons of poor performance and insubordination were also part of its decision. Among other evidence, testimony today indicated that the reasons for Plaintiff's termination included failing to complete certain tasks while he was on FMLA leave. Put another way, although it is one way for him to succeed, it is not necessary for Plaintiff to disprove Defendant's explanations for its actions in order to prove his FMLA retaliation claim; that overstates his burden. The jury should simply be asked whether Defendant used Plaintiff's FMLA leave as a negative factor that contributed to his termination.

      For the foregoing reasons, the Court should maintain the "negative factor" and "motivating factor" instructions on Plaintiff's FMLA retaliation claim but omit the proposed instructions concerning Defendant's obligation to produce evidence of a legitimate, non-discriminatory reason and Plaintiff's obligation to show pretext.

                          Respectfully submitted,

                          /s/ David A. Russcol
                          Inga S. Bernstein (BBO #627251)
                          David A. Russcol (BBO #670768)
                          Zalkind Duncan & Bernstein LLP
                          65a Atlantic Avenue
                          Boston, MA 02110
                          (617) 742-6020
                          ibernstein@zalkindlaw.com
                          drusscol@zalkindlaw.com

Dated: February 14, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing on February 14, 2023.

                          /s/ David A. Russcol
                          David A. Russcol