IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 20-CV-10540-AK |
| DEXTER SOUTHFIELD, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant Dexter Southfield, Inc. (the "School") hereby moves pursuant to Fed. R. Civ. P. 50(a) for Judgment as a Matter of Law in connection with <u>all</u> of Plaintiff Ronald Dantowitz's claims.

Fed. R. Civ. P. 50(a)(1) states: "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense, that, under controlling law, can be maintained or defeated only with a favorable finding on that issue." For the reasons set forth herein, the Court should allow the School's Motion for Judgment as a Matter of Law.

**Handicap Discrimination (Count I)**

To establish a *prima facie* case of handicap discrimination, Plaintiff must show that (1) he is handicapped within the meaning of Chapter 151B; (2) he is qualified to perform the essential functions of his job, with or without a reasonable accommodation; and (3) he was

discharged because of his handicap.  Russell v. Cooley Dickinson Hosp., Inc., 437 Mass. 443, 449 (2002).

Based on the evidence submitted, a reasonable jury would not have a legally sufficient evidentiary basis to find in Plaintiff's favor on his handicap discrimination claim.  There has been no evidence adduced that the School terminated Plaintiff on the basis of a handicap.  The topic of Plaintiff's handicap never came up during the January 2019 meetings and Plaintiff has admitted that he did not really need an accommodation at the December 14, 2018 meeting, but rather, he wanted a transcript of the meeting.  The Court should dismiss Plaintiff's Handicap Discrimination claim.

## Associational Discrimination (Count II)

In order to establish a claim of associational discrimination under Chapter 151B, Plaintiff must show that he is the victim of discriminatory animus toward a handicapped person with whom he associates.  Flagg v. AliMed, Inc., 466 Mass. 23, 27 (2013).  "Conclusory or speculative" allegations regarding associational discrimination are insufficient to raise a right to relief.  Lashgari v. Zoll Medical, 84 Mass. App. Ct. 1106 (2013) (Rule 1:28 decision).

Based on the evidence submitted, a reasonable jury would not have a legally sufficient evidentiary basis to find in Plaintiff's favor on his associational discrimination claim.  There has been not a shred of evidence that the disability of Plaintiff's son played any role in the School's employment decisions.  Indeed, Plaintiff testified that Mr. Tucker and Ms. Aliber never mentioned Plaintiff's son during their meetings in January 2019.  On the contrary, the evidence is clear – the School had known about Mr. Dantowitz's son since 2012, and took no adverse action.  The Court should dismiss Plaintiff's Associational Discrimination claim.

**FMLA Interference (Count VI)**

"In order to recover under the FMLA [for interference], a plaintiff must show that he suffered *damage*, which is (i) redressable under § 2617 and (2) results from the alleged interference." Hickey v. Protective Life Corp., 988 F.3d 380 (7th Cir. 2021) (emphasis added); see also Cianci v. Pettibone Corp., 152 F.3d 723, 728-29 (7th Cir. 1998)) (emphasis added) (damages for FMLA interference found not recoverable because plaintiff could not show he incurred any costs as a result of the alleged violation); Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89 (2002) (Tab B) (§ 2617 provides no relief unless the employee has been harmed by the alleged FMLA interference – "[t]he remedy is tailored to the harm suffered").  Here, Plaintiff has not shown that he has sustained any damages as a result of the School's alleged FMLA interference.  Indeed, there has been no testimony whatsoever that Plaintiff suffered any loss.

On September 14, 2018, Plaintiff requested FMLA leave **"as soon as possible."** (Ex. 14) (emphasis in original).  It is undisputed that Plaintiff took the entire amount of FMLA leave allotted to him.  That notwithstanding, Plaintiff claims that he really intended to take leave as of October 1st.  But even if that were true, Plaintiff suffered no loss.  The School paid Plaintiff for the entire month of September. (Ex. 15).  In December, the School paid Plaintiff his full wages through the end of the year.  Plaintiff suffered no out of pocket expenses or loss of income.  The Court should dismiss Plaintiff's FMLA Interference claim.

**FMLA Retaliation (Count VII)**

The legal standard applicable to the "causal connection" requirement is unresolved in the First Circuit.  Compare Gourdeau v. City of Newton, 238 F. Supp. 3d 179, 183-196 (D. Mass. 2017) (noting lack of clarity in causation standard and concluding that "but-for" causation was

appropriate) with Chase v. U.S. Postal Serv., 149 F. Supp. 3d 195, 208-211 (D. Mass. 2016) (holding that an FMLA retaliation plaintiff need show only that FMLA leave was a "negative factor" in the employment decision).  In this case, the record is devoid of evidence to establish causation under either standard.  Plaintiff cannot show that, but for his FMLA leave, his employment would not have been terminated; nor can Plaintiff show that his FMLA leave was a "negative factor" in the School's decision to terminate his employment.

The School had significant concerns about Plaintiff's job performance before he notified the School that he required FMLA leave.  On or about May 30, 2018, Plaintiff met with Ms. Aliber and Mr. Tucker to discuss Plaintiff's summer plans to prepare the CCO for the 2018-2019 school year. (Ex. 6).  On June 19, 2018, Plaintiff created a list of 36 items in the CCO that were "in need of maintenance, repair, or replacement before we welcome back students in the fall." (Ex. 8).  Plaintiff's list of items included various maintenance and repairs to the School's flagship telescope and to the CCO's planetarium. (Ex. 8).  Also on June 19, 2018, Plaintiff advised Mr. Tucker that the flagship telescope's "control system has possibly had its end of life event," but that Plaintiff was "pretty certain" he could "solve the problem, if only temporarily." (Ex. 8).

During the summer, Plaintiff did not express any concerns about the flagship telescope or otherwise provide the School with any updates regarding his progress at the CCO.  Rather, Plaintiff waited until August 30, 2018, only days before classes would begin, to inform the School of his failure to get the flagship telescope working again.  Specifically, on August 30, 2018, Plaintiff informed Mr. Vincent that the flagship telescope was not operational, that it would remain non-operational for at least another three months, and that it would cost $37,000 to repair.  Although Plaintiff himself knew in June that the telescope had suffered a possible "end

of life event," Plaintiff did <u>nothing</u> to confirm whether or not the telescope was operational until August 30, 2018, the last day of summer break. Thus, the School had grounds for disciplining Plaintiff before he requested FMLA leave. The Court should dismiss Plaintiff's FMLA Retaliation claim.

                                            DEXTER SOUTHFIELD, INC.,

                                            By its attorneys,

                                            */s/ Anthony L. DeProspo, Jr.*
                                            Anthony L. DeProspo, Jr. (BBO No. 644668)
                                            (adeprospo@shpclaw.com)
                                            Cara E. Murphy (BBO No. 709521)
                                            (cmurphy@shpclaw.com)
                                            SCHWARTZ HANNUM PC
                                            11 Chestnut Street
                                            Andover, MA 01810
                                            Telephone: (978) 623-0900
                                            Facsimile: (978) 623-0908

Date: February 16, 2023

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 16th day of February 2023.

                                          */s/ Anthony L. DeProspo, Jr.*
                                          Anthony L. DeProspo, Jr.