UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>      Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br>      Defendant. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S INITIAL MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Ronald F. Dantowitz respectfully requests pursuant to Fed. R. Civ. P. 54(d) that this Honorable Court order Defendant to pay his reasonable attorney's fees and costs for the time from the outset of this matter through the trial, as set forth herein and in his supporting memorandum and affidavits. As reason therefor, Plaintiff states as follows:

1. Judgment entered in this matter on March 8, 2023 (Dkt. 178). Judgment was entered in Plaintiff's favor on his FMLA Interference Claim (Count 6 of the Complaint) and his FMLA Retaliation Claim (Count 7 of the Complaint).

2. Pursuant to 29 U.S.C. § 2617(a)(3) and 29 C.F.R. § 825.400(c), upon a finding of a violation of the Family and Medical Leave Act, the Court must award reasonable attorneys' fees and costs "in addition to any judgment awarded by the court." 29 C.F.R. § 825.400(c).

3. Plaintiff seeks an award of the following amounts in reasonable attorneys' fees through the end of trial:[1]

| Attorney | Hours | Hourly Rate | Total Fees |
|---|---|---|---|
| Inga S. Bernstein | 238.5 | $650 | $155,025.00 |
| David A. Russcol | 256.2 | $500 | $128,100.00 |
| Suzanne L. Herold | 156.0 | $450 | $70,200.00 |
| David I. Brody | 56.7 | $325 | $18,427.50 |
| Jaclyn L. McNeely | 34.6 | $310 | $10,726.00 |
| **Total:** | | | $382,478.50 |

4. Plaintiff further seeks the following costs of litigation:

| Date(s) | Nature of Costs | Amount |
|---|---|---|
| January 3, 2020 | Filing fee in Norfolk Superior Court | $290.00 |
| March 24, 2021 | Deposition Transcripts – R. Dantowitz | $1,374.85 |
| May 3, 2021 | Deposition Expenses – S. Tucker and C. Aliber | $1,607.55 |
| Through January 31, 2022 | Professional Fees – Accountant/Tax Preparer | $5,502.00 |
| July 6-11, 2022 | Mediation Fees for July 2022 | $4,079.74 |
| November 18, 2022 | Mediation Fees for January 2023 | $3,830.70 |
| November 30, 2022 | Deposition Transcripts – S. Tucker, C. Aliber, M. Williams | $3,237.05 |
| January 18, 2023 | Courier for Courtesy Copies | $16.90 |

---

[1] Plaintiff intends to submit a supplemental motion for fees incurred in litigating and/or opposing post-trial motions after such motions, including this one, have been heard and ruled upon by the Court. Plaintiff also reserves the right to seek additional costs that have not yet been invoiced or itemized.

| January 30, 2023 | Deposition Transcript – F. Dantowitz | $388.80 |
| --- | --- | --- |
| February 8, 2023 | Chalks for Use at Trial | $252.00 |
| February 6-17, 2023 | Attorney Parking During Trial | $568.00 |
| Various | Westlaw Research Charges | $707.77 |
| **Total:** | | $21,855.36 |

5. Plaintiff is not seeking reimbursement of $4,800 in additional fees for a mediation that had been scheduled by predecessor counsel but was canceled in November 2022 after he retained new counsel.

6. In support of these fees and costs, Plaintiff submits the following:

   a. Affidavit of Inga S. Bernstein, concerning her qualifications and time and costs spent on this matter, with the following supporting materials:

      i. Exhibit A – Contemporaneous billing records;

      ii. Exhibit B – Records of costs incurred;

      iii. Exhibit C – Affidavit of Robert S. Mantell, concerning reasonable hourly rates;

      iv. Exhibit D – Declaration of David E. Belfort, concerning reasonable hourly rates; and

      v. Exhibit E – Affidavit of Elizabeth A. Rodgers, concerning reasonable hourly rates.

   b. Affidavit of David A. Russcol, concerning his qualifications and time spent on this matter, with the following supporting materials:

      i. Exhibit A – Contemporaneous billing records;

      ii. Exhibit B – Excerpts from *Massachusetts Lawyers Weekly* publication: "100 Largest Law Firms in Massachusetts: 2020";

      iii. Exhibit C – Excerpts from *Massachusetts Lawyers Weekly* publication: "100 Largest Law Firms in Massachusetts: 2021";

      iv. Exhibit D – Excerpts from *Massachusetts Lawyers Weekly* publication: "100 Largest Law Firms in Massachusetts: 2022"; and

      v. Exhibit E – Declaration of Jamie Goodwin, concerning reasonable hourly rates.

c. Affidavit of Suzanne L. Herold, concerning her qualifications and time and costs spent on this matter, with the following supporting materials:

      i. Exhibit A – Contemporaneous billing records; and

      ii. Exhibit B – Invoices and records of costs incurred.

d. Affidavit of David I. Brody, concerning his qualifications and time and costs spent on this matter by attorneys at his firm, with the following supporting materials:

      i. Exhibit A – Invoices reflecting contemporaneous billing records.

WHEREFORE, Plaintiff requests that the Court order payment of attorneys' fees and costs as sought herein, and such other and further relief as the Court deems just and proper.

Respectfully submitted,<br>
RONALD F. DANTOWITZ,<br>
The Plaintiff,<br>
By His Attorneys,

/s/ David A. Russcol<br>
Inga S. Bernstein (BBO #627251)<br>
David A. Russcol (BBO #670768)<br>
Zalkind Duncan & Bernstein LLP<br>
65a Atlantic Avenue<br>
Boston, MA 02110<br>
(617) 742-6020<br>
ibernstein@zalkindlaw.com<br>
drusscol@zalkindlaw.com

Dated: March 22, 2023

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document, with supporting memorandum and affidavits, was served upon the attorney of record for each party by electronic filing on March 22, 2023.

/s/ David A. Russcol
David A. Russcol

## CERTIFICATE OF COMPLIANCE WITH L.R. 7.1

I hereby certify that on March 21, 2023, undersigned counsel emailed counsel for Defendant to attempt to confer in good faith to narrow the areas of disagreement, but undersigned counsel has received no response prior to the filing deadline.

/s/ David A. Russcol
David A. Russcol