UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>　　　　Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br><br>　　　　Defendant. | Civil Action No. 20-CV-10540-AK |

**AFFIDAVIT OF INGA BERNSTEIN**

I, Inga Bernstein, do hereby depose and state as follows:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts since 1995. I have also been admitted to the bars of the United States Court of Appeals for the First Circuit and the United States District Court for District of Massachusetts.

2. I have been a partner at the law firm of Zalkind Duncan & Bernstein LLP ("ZDB") and its predecessor Zalkind, Rodriguez, Lunt & Duncan LLP since 2001 and joined the firm in 1995.

3. I graduated from Wellesley College, *magna cum laude*, in 1984, and from Harvard Law School, *cum laude*, in 1994.

4. I began my career as a law clerk for the Honorable Douglas P. Woodlock of the United States District Court for the District of Massachusetts from 1994 to 1995.

5. Throughout my approximately twenty-eight years as a member of the bar, I have had active criminal and civil practices. I have taken at least 22 cases to trial, and only a few of these cases were brief 1-2 day trials in state district court. Most were 1-2 week (or more) trials in federal or state Superior Court. My longest trial – a Juvenile Court care and protection/ termination of parental rights case – was conducted over 70 days of trial. I regularly represent clients in evidentiary hearings short of trial. As a more junior attorney, I assisted in the defense of five cases involving murder charges, two of which went to trial. Since 2001, I have been lead (or sole) counsel in all my trials. While the majority of my work has been in the trial courts - both state and federal - I have also handled appellate matters in the Massachusetts courts including the Supreme Judicial Court, the First Circuit Court of Appeals and United States Supreme Court. I have handled 7 cases in the First Circuit Court of Appeals, taking the lead, even where I was more junior counsel.

6. Since joining ZDB, I have represented clients in a variety of employment matters, such as race and national origin discrimination, age discrimination, gender discrimination, sexual harassment, pregnancy discrimination, disability discrimination, family and medical leave violations, and retaliation, in state and federal courts, and before the Massachusetts Commission Against Discrimination ("MCAD"). I have been lead counsel in numerous litigated employment cases, including trials in state and federal court, and have also counseled and represented clients in resolving employment matters before litigation is instituted.

7. I have achieved considerable success in the trial of employment matters. By way of example, I represented the plaintiff in Roberta Edwards v. MBTA, Suffolk Superior Court Docket No. 99-0458, winning a $7.6 million jury verdict for the client in June 2001. At the time,

it was the largest verdict in an employment discrimination/retaliation matter in Massachusetts history and the third largest verdict of the year. I also represented the plaintiff in Vanessa Dixon v. IBPO, et al., United States District Court Docket No. 01-CV-11806, a discrimination and retaliation case in which the client won a $2.2 million jury verdict. I also successfully defended that verdict on appeal. See Dixon v. IBPO, et al., 504 F.3d 73 (1st Cir. 2007). In addition, I secured a $1.1 million punitive damage verdict on a retaliation claim in state court, although that verdict did not ultimately survive on appeal. See Kiely v. Teradyne, Inc., 85 Mass. App. Ct. 431 (2014).

8. I also have an active and diverse criminal defense practice in state and federal courts. My practice runs the gamut from representing people charged with state district courts on the entire panoply of cases, to Superior Court and Federal District court cases in Massachusetts, Rhode Island and New Hampshire, in which I have been lead or co-counsel in armed robbery, first degree murder, extortion, racketeering, sex offense, bank fraud, and drug conspiracy cases.

9. I previously served as the Vice-President of the Massachusetts Employment Lawyers Association and have also served on the Boston Bar Association's Labor and Employment Law Section Steering Committee and the Massachusetts Bar Association's Individual Rights and Responsibilities Section Council. I have chaired programs and lectured numerous times on employment law and trial skills for the Massachusetts Continuing Legal Education, Inc., the Massachusetts Bar Association, and Boston Bar Association.

10. In January 2002, I was awarded an AV rating in Martindale-Hubbell as a result of a peer review by other members of the Massachusetts Bar, and have maintained that rating since that time; I am currently rated AV-Preeminent. In 2003, I was recognized by Massachusetts Lawyers

Weekly as one of five Up and Coming Lawyers in Massachusetts. I have been recognized as among the top 100 Lawyers in Massachusetts from 2019 to the present, the top 50 Women "Super Lawyers" in Massachusetts (2004, 2019-present) and, every year since 2004, as a "Super Lawyer" in Boston Magazine. I have been recognized in Best Lawyers in America every year since 2007. I am currently listed for Employment Law – Individuals; Litigation – Labor and Employment; Criminal Defense: General Practice and Criminal Defense: White Collar. In 2015 and 2018, I was rated as the Best Lawyers' Lawyer of the Year for Employment Law – Individuals in Boston. My firm is rated by Martindale Hubbell as "preeminent."

11. With my partner David Russcol, I took over this case in November, 2022, after the Court decided Defendants' Motion for Summary Judgment. I was lead counsel at trial, examining the majority of witnesses including the Plaintiff, and delivering both the opening statement and closing argument. Although Mr. Russcol took the lead on most of the legal research and writing, I drafted the oppositions to some of the motions in limine and was fully involved in the voluminous written submissions before and during trial.

12. I have spent a total of 238.6 hours working on Mr. Dantowitz's case through the end of trial on February 17, 2023, and I maintained contemporaneous records of my time. This does not include 11.5 hours of my time spent before being formally retained. I believe that all of these hours (except those that were excluded) of my time are compensable. My contemporaneously recorded records of that time are attached as Exhibit A.

13. As a senior partner, my current and regular hourly rate is $650 per hour. I have numerous clients who pay this rate or even higher.

14. While working on this case, I consulted on multiple occasions with my partners at ZDB concerning various aspects of the trial. Although their assistance was material and important to the trial effort, we are not seeking compensation for any of their time.

15. Before and during trial, Samantha Sinclair, a law student at Northeastern University, assisted us with legal research, including on issues relevant to our successful oppositions to Defendants' Motions in Limine. According to her contemporaneous notes, Ms. Sinclair spent 4.4 hours on January 11th and 12th on research for oppositions to motions in limine (Nos. 110 and 113) and 4 hours on January 17th on research on individual liability. She also estimates that she spent an additional 4.5 hours collectively on January 12 and January 20 on additional research on individual liability and motions in limine. Thus, she spent approximately 12.9 hours of her time in support of our work on this case. In order to narrow the issues before the Court, we are not seeking compensation for her time.

16. Before and particularly during trial, two ZDB paralegals, Daisy Wang and Caroline Baldacci, spent significant amounts of time on this case, including organizing the file; maintaining, redacting, and preparing exhibits for the Court and for us; printing cases and other authorities; arranging witness meetings and phone calls; assisting with filing documents with the Court; and ordering chalks and supplies, among many other tasks. During the two-week trial, both Ms. Wang and Ms. Baldacci were virtually unavailable for other work at ZDB. Ms. Wang in particular was the primary paralegal on the matter from the beginning of our involvement and spent dozens of hours working on it. In in the interests of reducing the overall size of our request for reasonable fees and costs, we are not seeking compensation for their time.

17. ZDB is also seeking compensation for the costs of litigating this case. Our billing records reflect costs of $9,001.22 starting in November 2022. We have not billed for printing or photocopying costs, although the volume of printing for this case led to an additional charge of $1,189.63 for overall printing for our firm in the month that included trial in this case. (We had not incurred an excess printing charge for years previously.) Accordingly, we seek reimbursement of the full amount of $9,970.52, as listed in our detailed record of charges attached as Exhibit B. This does not include costs incurred by prior counsel.

Signed under the pains and penalties of perjury this 22nd day of March, 2023.


/s/Inga S. Bernstein
Inga S. Bernstein