# Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br>Defendant. | Civil Action No. 20-CV-10540-AK |

**AFFIDAVIT OF ROBERT S. MANTELL**
**IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

I, Robert S. Mantell, hereby depose and state under oath as follows:

1. I have worked as a plaintiff-side employment lawyer in Boston, Massachusetts since January 1992. From 2008-2010, I served two terms as the elected President of the Massachusetts Employment Lawyers Association (MELA), in which both Inga Bernstein and David Russcol are prominent members. I am a member in good standing of the bar of the United States District Court for the District of Massachusetts. I serve on the Massachusetts Continuing Legal Education's Employment and Labor Law Curriculum Advisory Committee, and I have served a two-year term on the Massachusetts Bar Association's Labor and Employment Section Council. I am frequently called upon to lecture and write on employment law, and was named a "Massachusetts Super Lawyer" by *Boston* magazine in 2004, 2005, 2006, 2007, 2008, 2009, 2011, 2012, 2013, 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021 and 2022.

2. Throughout my career, I have represented employees in claims against

their employers, in the Boston area. I have successfully litigated claims against a wide variety of corporate and public employers, in cases including Meehan v. Medical Tech. Info. Tech., 488 Mass. 730 (2021); Adams v. Schneider Electric USA, 101 Mass. App. 516 (2022); Tryon v. MBTA, 98 Mass. App. 673 (2020); Daprato v. MWRA, 482 Mass. 375 (2019); Haddad v. Wal-Mart Stores, Inc., 415 Mass. 91 (2009); Gyulakian v. Lexus of Watertown, Inc., 475 Mass. 290 (2016); Kelley v. Dept. of Conservation and Recreation, 2016 Mass. App. Unpub. Lexis 1007; Stonehill College v. MCAD, 441 Mass. 549 (2004); Noviello v. Boston, 398 F.3d 76 (1st Cir. 2005); Clifton v. MBTA, 445 Mass. 611 (2005); Che v. MBTA, 342 F.3d 31 (1st Cir. 2003); Dartt v. Browning-Ferris Indus., Inc., 427 Mass. 1 (1998); Sauer v. Belfor USA Group, Inc., 2016 U.S. Dist. Lexis 120781 (D. Mass.); Hurley v. Melrose, Decision of the Full Commission, MCAD Docket No. 98-BEM-3304 (October 28, 2008); Malone v. Boston Public Facility Dept., 26 MDLR 267 (2004).

    3.    I have written or co-authored many amicus briefs in the field of employment law, including Rosario v. Caring Bees Healthcare, 97 Mass. App. 1122 (2020); Gannon v. Boston, 476 Mass. 786 (2017); Okeke v. Dynamex Corp., SJC (2014); Psy-Ed Corp. v. Klein, 459 Mass. 697 (2011); Joule, Inc. v. Simmons, 459 Mass. 88 (2011); St. Fleur v. WPI Cable Systems/Mutron, 450 Mass. 345 (2008); Carleton v. Commonwealth, 447 Mass. 791 (2006); Gasior v. Massachusetts General Hospital, 446 Mass. 645 (2006) Ayash v. Dana-Farber Cancer Institute, 443 Mass. 367 (2005); Thomas v. EDI Specialists, Inc., 437 Mass. 536 (2002); Weber v. Cmty Teamwork, Inc., 434 Mass. 761 (2001); Rosenberg v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 995 F. Supp. 190 (D. Mass. 1998); Jancey v. School Committee of Everett, 421 Mass. 482

(1995); Green v. Wyman-Gordon Co., 422 Mass. 551 (1996); Doe v. Purity Supreme, Inc., 422 Mass. 563 (1996); Bowman v. Heller, 420 Mass. 517 (1995).

4. I am very familiar with the substantial work required in representing plaintiffs who are trying to vindicate their rights to be free of unlawful retaliation, including for taking protected leave under the Family and Medical Leave Act (FMLA). I successfully represented the plaintiff at trial and on appeal in Daprato v. MWRA, 482 Mass. 375 (2019), which involved these issues.

5. The firm of Zalkind Duncan and Bernstein is extremely well-regarded, and highly experienced in the area of employment law and civil rights, with a demonstrated track record for intelligent and stellar advocacy. Inga Bernstein has practiced for approximately twenty-eight years and has been identified as one of the Top 100 Lawyers by Super Lawyers, which reflects her outstanding reputation. I have known Ms. Bernstein for many years and regard her as among the top tier of employment lawyers in the Massachusetts legal community.

6. I am familiar with the billing rates of Boston area attorneys, and believe that Ms. Bernstein's requested rate of $650.00 an hour is reasonable, indeed modest, given her accomplishments and experience. An employment lawyer was recently awarded attorney's fees at the rate of $700 per hour in Solari v. Partners HealthCare System, Inc., C.A. No. 19-11475-LTS, Judgment, Sorokin, J., May 19, 2021 and in Kendrick v. Ingate Systems, Inc., C.A. No. 2017-CV-1154A, Essex, ss., Karp J., February 7, 2022. Hourly rates of up to $1000 per hour for partners were awarded in Arkansas Teacher Retirement System v. State Street Bank and Trust Co., 513 F. Supp. 3d 202, 211 (D. Mass. 2021). Judge Salinger recently awarded fees at a rate of $1140 per

3

hour, in a case involving a non-competition agreement. <u>FTI, LLC v. Duffy, Memorandum and Order on Post-Trial Motions</u>, C.A. No. 1684CV3176, Suffolk, ss., Salinger, J., June 22, 2022, at 16.  Eleven years ago, in <u>Tuli v. Brigham & Women's Hospital</u>, <u>Memorandum and Order Re: Attorney's Fees</u>, C.A. No. 07 cv 12338, (D. Mass. June 8, 2009), Judge Gertner awarded the plaintiff's counsel their attorneys' fees in a successful employment case, at rates of up to $735 per hour.  Based on surveys more than 10 years ago, partners in Boston firms were commonly charging more than $700 per hour.  I have been awarded fees at a rate of $650 per hour, and I would consider Ms. Bernstein to be a peer.  <u>Romano v. Lawrence</u>, Order on Plaintiff's Supplemental Petition for Attorneys' Fees, C.A. No. 1877CV1423-B, Essex, ss., Lang, J., February 8, 2023 (employment retaliation case).

      7.     I also believe that Mr. Russcol's requested rate of $500.00 per hour is more than reasonable, in light of his nearly sixteen years of experience, accrued after receiving his J.D. from Harvard Law School.  In <u>Allstate Ins. Co. v. Fougere</u>, 594 F. Supp. 3d 212, 221, 224 (D. Mass. 2022), a Massachusetts attorney with eleven years of experience was awarded fees at the rate of $500 per hour.  In 2011, Judge Gertner awarded a rate of $650 per hour to an employment lawyer with 12 years' experience. <u>Davis v. Footbridge Engineering Services LLC</u>, 2011 U.S. Dist. Lexis 93645 (D. Mass.), at Memorandum and Order re: Plaintiffs' Motion for an Award of Attorneys' Fees and Costs, C.A. No. 09 cv 11133 NG, Gertner, J. (D. Mass. August 22, 2011), at 8, 11. In <u>Travers v. Flight Services & Systems, Inc.</u>, 2014 U.S. Dist. Lexis 112960 (D. Mass. 2014), Attorney Shannon Liss-Riordan, who had been practicing for 18 years, was awarded $600 per hour.  In <u>Adem v. M11 Motors, LLC, Memorandum of Decision and</u>

Order on Plaintiff's Application for Attorneys' Fees, C.A. No. 1784CV2336, Suffolk, ss., Ricciuti, J., October 6, 2022, at 2, an attorney with ten years of experience was awarded fees at the rate of $500/hour in an employment law case. Thus, Mr. Russcol's requested rate is well within the range considered reasonable within our jurisdiction.

8. I practice in a small employment firm primarily representing employees, and I understand the pressures on such firms that invest time into cases over a course of years without any payment for lengthy periods of time. Such delays in payment can create enormous financial burdens on small firms, which can be alleviated somewhat by their obtaining fair market rates for their attorneys' time at the conclusion of successful cases. Furthermore, the elevated risk of reversal of employment cases as compared to other types of cases warrants a higher rate for highly skilled plaintiffs' counsel, whose expertise, experience and tenacity are necessary to overcome these obstacles.

9. An award of attorney's fees under an important remedial law such as FMLA need not be proportionate to the recovery. Diaz v. Jiten Hotel Mgmt., 741 F.3d 170, 178-179 (1st Cir. 2013). In Diaz, the plaintiff was awarded attorneys' fees in an amount more than thirteen times the amount of the underlying award, in an employment case. A full award of attorneys' fees is crucial in FMLA cases in order to incentivize top tier lawyers to protect the rights of people, who by definition, are not in positions of power or leverage.

10. The plaintiff class is this case is precisely within the cadre for whom the fee-shifting provision of FMLA was intended to benefit. Employees and ex-employees seeking protection for necessary family or medical leave are in an exposed position, where threats to their earning capabilities run in parallel with serious medical conditions.

Such individuals deserve the fullest protections contemplated by our laws, and deserve the highest set of incentives for those that would help them.

11. I have no financial interest in the outcome of this litigation, and have not been paid for my time to submit this affidavit.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on March 16, 2023 in the Commonwealth of Massachusetts.

_____/s/ Robert S. Mantell\_\_\_
Robert S. Mantell