# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>          Plaintiff,<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br>          Defendant. | Civil Action No. 20-CV-10540-AK |

AFFIDAVIT OF ELIZABETH A. RODGERS IN SUPPORT OF FEE PETITION OF INGA BERNSTEIN AND DAVID RUSSCOL OF ZALKIND LAW

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts. I was admitted to practice law in Massachusetts in 1977 and I am familiar with the practice of employment law in boutique law firms in Boston since then. I am also admitted to practice before this Court and the First Circuit Court of Appeals.

2. As a member of the Gordon Law Group, LLP, since 2016, I have represented workers in both class actions and individual cases. I have litigated dozens of suits involving retaliation against employees of public and private employers in state and federal courts.

3. At Gordon Law Group, LLP, we have both sought fees and been asked to review fees of other boutique firms and we are aware of the fair market rates being awarded to those representing employees in claims under applicable state and federal fee-shifting statutes in state and federal court.

4. Before coming to the Gordon Law Group, I co-founded the firm of Rodgers, Powers & Schwartz, LLP (RPS) where I practiced for 16 years from 2000-2016, and prior to that I was a partner in Kehoe, Doyle, Novick and Player (KDPN) for 18 years from 1980-1998.

5. I have been honored as one of the  "Best Lawyers in America, Employment Litigation,"

1

from 2013 to 2023, and our firm is ranked as one of the Best Employment Law Firms, Individuals, top tier by U.S. News and World Report.  I was named one of the Top 50 Women in the Law by Massachusetts Lawyers Weekly in 2021.  I am a former president of the Massachusetts Employment Lawyers Association (MELA). From 2013-2018 I was elected nationally to serve on the Executive Board of the National Employment Lawyers Association (NELA). For 30 years I have been rated AV Preeminent® in my field, the highest available peer-based ranking afforded by Martindale-Hubbell. I have been selected by my peers as a Massachusetts "Super Lawyer" from 2002 to the present. I have presented over 40 times at Massachusetts Continuing Legal Education, Massachusetts Bar Association, NELA national conventions and regional chapters in six states on issues of retaliation, summary judgment, mediation and cutting-edge issues of employment law.

6. I am fully aware of the difficulty of overcoming procedural, trial and appellate hurdles to get to a trial and to get the judge or jury to understand and award damages.

7. To my personal knowledge, Attorney Bernstein has served the bar, our employment litigation bar association, and her civil and criminal clients with the highest level of skill, character and tenacity.  I served with Attorney Bernstein on the Executive Committee of the Massachusetts Employment Lawyers Association, Chapter of the National Employment Lawyers' Association.  Despite having extraordinary law partners, I have consulted with her on difficult trial evidentiary or strategic witness cross examinations.  Unbidden, I came to attend the trial of this matter to watch her direct examination of her plaintiff to learn from her. I was engrossed by her ability to appear almost invisible, to draw few objections during an entire long morning of testimony (of which only a negligible number were sustained), and at her proficient, efficient eliciting of his

testimony of the complicated story in a clearly highly contested case.

8. Based on my experience, review of relevant attorneys' fees cases in employment law, which I regularly review, and my knowledge of Inga Bernstein for many years, I would rank Attorney Bernstein as a preeminent attorney in the country, deserving of the highest rate which this court may award.

9. The fact that the plaintiff lost on some, but not all claims is a tribute to her ability, despite substantial difficulties, to uphold and vindicate the civil rights of the plaintiff and to her and her co-counsel sending a message to employers to uphold the law in all respects. The partial win, in a case that required examining all relevant facts, is not a reason for any deduction.

10. For the reasons which follow, I would suggest $800/hour would be the most appropriate rate for this named partner, a nationally recognized individual lawyer, in one of the best law firms in Boston. This rate also reflects the high degree of difficulty of the matter, the complexity of intersectional claims with a less than perfect plaintiff, and the public interest in sustaining actions preventing unlawful discrimination and interference with or retaliation for asserting rights under the FMLA. It also reflects the caliber of the opposing counsel, who may well have defeated a less able team. The requested rate of $650/hour would be a bargain for the defendants.

11. In 2023, I have been charging $750/hour; I charged $700 in 2022. Members of the Gordon Law Group including Philip Gordon, myself, and Ben Flam, have been charging and been awarded upwards of $650 for the past few years, and Attorney Gordon is seeking fees of $800.00 in his current applications. I was awarded a rate of $575 per hour in *Lopes v. City of Brockton*, Plymouth Superior Court, 1383CV01350, as co-lead

counsel over five years ago in May 2017. With the rate of inflation of 1.2158 from 2017 to today, a comparable rate would be worth $699.00 per hour today. Inga Bernstein has exceeded my skill, effort, and responsibilities in the number of her trials, successful appeals, and ground-breaking victories. The entire purpose of the attorneys' fee statutory entitlement is to encourage law firms to take cases to prevent such retaliation and interference. The fact that the plaintiff was sufficiently resilient to continue a private business which mitigated his economic damages may well have induced the jury to believe that his protected status caused his discharge.  Without full and robust attorneys' fees in such cases, employers could have a road map to firing those who assert their rights, and then assist them to find mitigating employment, and escape all responsibility.

12. The size of the verdict alone may not deter retaliation and interference by other public and private employers. Granting counsel the highest hourly rate appropriate is amply warranted for their extraordinary skill, serving the public interest to deter even non-profit schools from continuing their pattern of reprehensible interference and retaliation, and encouraging these schools to investigate, monitor and prevent such practices.

13. I urge the court to award a top tier fee to Attorney Bernstein and Russcol to attract other attorneys to try discrimination and retaliation cases, to persist despite often decades of litigation, and to send the employers and other repeat offenders a message that they will be liable for the strongest sanctions if they fail to investigate, remedy and deter discrimination and retaliation.

14. In the case of Attorneys Bernstein and Russcol, it is their cumulative skill, persistence, judgment, effort, and resiliency which surpasses the ordinary in employment law.

15. I have no cases with Zalkind Law, have no financial interest in this case, and have not been compensated for my time in preparing or submitting this affidavit.

Signed under the penalties of perjury,

*/s/ Elizabeth A. Rodgers*

Elizabeth A. Rodgers          March 21, 2023