UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD F. DANTOWITZ,

      Plaintiff.

v.

DEXTER SOUTHFIELD INC.,

      Defendant.

Civil Action No. 20-CV-10540-AK

**AFFIDAVIT OF DAVID A. RUSSCOL**

    I, David A. Russcol, do hereby depose and state as follows:

1.  I am an attorney licensed to practice in the Commonwealth of Massachusetts since 2007. I have also been admitted to practice in the State of New York since 2008 and in the District of Columbia since 2009 (both of which licenses are currently inactive).  I have also been admitted to the bars of the United States Court of Appeals for the First Circuit and the United States District Court for District of Massachusetts.

2.  I have been a partner at the law firm of Zalkind Duncan & Bernstein LLP ("ZDB") since the beginning of 2021. I joined the firm in October 2013 and have practiced continuously since then in all of ZDB's practice areas, including but not limited to employment law, criminal defense, and student's rights.

3.  I graduated from Yale University, *magna cum laude*, in 2004, and from Harvard Law School, *cum laude*, in 2007.

4.    After law school, following a few months as a Fellow at what was then called the Berkman Center for Internet and Society at Harvard Law School, I began my legal career as a law clerk for the Honorable Mark L. Wolf of the United States District Court for the District of Massachusetts for the calendar year of 2008.

5.    After relocating to the Washington, DC area at the beginning of 2009, I performed discovery-related legal work on a contract basis, mostly for two major law firms, for approximately two years.

6.    From 2011 to 2013, I served as law clerk to the Honorable Scott L. Kafker, then of the Massachusetts Appeals Court. At the end of my clerkship, after taking some time off for the birth of my second child, I joined ZDB and have practiced there since.

7.    Over my approximately sixteen years as a member of the bar, I have had active criminal and civil practices. I have handled numerous employment, academic, civil, and criminal matters on my own, including multiple mediations and negotiating numerous settlements. Last year, I personally litigated to resolution two employment matters in this Court: one that survived summary judgment and was scheduled for trial before Judge Young, *Carr v. Murphy*, 21-CV-10434-WGY, and one that was resolved during discovery, *Capen v. Robert B. Our Co., Inc.*, No. 21-CV-12119-RGS. I have also independently litigated employment and other civil matters in state Superior Court and defended criminal matters in state District Court.

8.    Since joining ZDB, I have represented clients in a variety of employment matters, such as race and national origin discrimination, age discrimination, gender discrimination, sexual harassment, pregnancy discrimination, disability discrimination, family and medical leave violations, wage and hour cases, and retaliation, in state and federal courts, and before the

Massachusetts Commission Against Discrimination ("MCAD").  I have been lead counsel or co-counsel in numerous litigated employment cases, and have also counseled and represented clients in resolving employment matters before litigation is instituted.  I have previously second-chaired three trials in state court: a termination of parental rights matter in Juvenile Court in approximately 2013-2015; an indecent assault and battery case in District Court in 2018; and a tort case in Superior Court in 2019. In the latter two cases, I examined witnesses and litigated pretrial motions extensively. I have litigated motions to suppress, motions to dismiss and for summary judgment, and other evidentiary and non-evidentiary motions in state District Court and Superior Court.

9.   I have briefed multiple appellate cases in the state appellate courts and the Court of Appeals for the First Circuit. I have argued appeals in the Supreme Judicial Court, *Spencer v. Civil Service Commission*, 479 Mass. 210, 93 N.E.3d 840 (2018), and Massachusetts Appeals Court, *see K.K. v. U.M.*, 16-P-1468 (Rule 1:28 decision, July 6, 2017). I have also written and submitted multiple amicus briefs in employment matters in which the Supreme Judicial Court's decision was consistent with the arguments I made. *See Barbuto v. Advantage Sales and Marketing, LLC*, 477 Mass. 456, 78 N.E.3d 37 (2018); *Parker v. EnerNOC, Inc.*, 484 Mass. 128, 139 N.E.3d 328 (2020).

10. I am currently on the Boston Bar Association's Labor and Employment Law Section Steering Committee.  I have been a panelist on multiple webinars and a Continuing Legal Education presentation through the Boston Bar Association, and have two upcoming employment-related BBA presentations planned for this spring.

11. I have been selected as a "Rising Star" by Super Lawyers every year since 2016. I have also been recognized by *U.S. News and World Report* as one of the "Best Lawyers" in 2023 in the practice areas of Litigation – Labor and Employment, and Education Law.

12. With my partner Inga Bernstein, I took over this case in November, after the Court decided Defendants' Motion for Summary Judgment. I was co-counsel at trial, examining four witnesses and participating substantively in argument on many legal issues. I took the lead on legal research and writing, including drafting the requested jury instructions, voir dire, pretrial memo, trial memo, oppositions to most of the motions in limine, and multiple trial briefs and other submissions. I also argued most of these motions and issues, many of which were resolved favorably to the Plaintiff. It should be noted that some of this briefing and argument took place while I was sick with COVID-19, immediately before trial.

13. I have spent a total of 270.4 hours working on Mr. Dantowitz's case through the end of trial on February 17, 2023, and I maintained contemporaneous records of my time. This does not include 3.2 hours of time spent before being formally retained. From this total, I am excluding 14.2 hours, constituting all of my time from December 5-8, 2022, because at least some of that work was attributable to getting up to speed as new counsel for Plaintiff. Based on these exclusions, I believe that 256.2 hours of my time are compensable. My contemporaneously recorded records of that time are attached as Exhibit A.

14. Included in these hours is time spent at mediation. Not only was that time valuable in efforts to bring the case to a resolution short of trial, but a high percentage of that time (other than when the mediator was in the room) was also spent in substantive discussions about key factual details about the case. If those discussions had not taken place on that day, we would have had to meet again with Mr. Dantowitz to go over those facts.

15. Very little of my time can be readily attributed to the FMLA claims on which Plaintiff prevailed, as opposed to the claims on which he did not prevail at trial. All the claims included a common nucleus of fact, and the evidence used to prove one claim was also relevant to the other claims, to such a great extent that Defendants filed a motion in limine to exclude evidence pertaining to the associational discrimination claim under Chapter 151B on the basis that it was identical to Plaintiff's FMLA retaliation claim. For all the claims, it was important to show that the reasons given by Defendant for Plaintiff's termination were false and pretextual. Virtually all the evidence presented was related to the goal of undermining Defendant's explanations so that the jury could, and would, infer an unlawful motivation for the termination decision.

16. As a partner, my current and regular hourly rates range from $500-600 per hour. In employment cases, I usually bill between $500 and $550. I have numerous clients who pay these rates for my services. For purposes of this petition, I am requesting the low end of my hourly range, or $500 per hour.

17. While working on this case, I consulted on multiple occasions with my partners at ZDB concerning various aspects of the trial. Although their assistance was material and important to the trial effort, we are not seeking compensation for any of their time.

18. Attached hereto as Exhibits B-D, respectively, are true and correct copies of excerpts from *Massachusetts Lawyers Weekly*'s publications on the 100 Largest Law Firms in Massachusetts for 2020, 2021, and 2022. As published by this periodical, in 2021 and 2022, Davis Malm, a 33-lawyer firm with a Labor and Employment practice, billed for partners at the rates of $400-790 per hour. Also according to this publication, from 2020-2022, Lawson & Weitzen, a 39-lawyer firm with a Labor and Employment practice, listed an hourly billing rate of

$300-650 for partners. The vast majority of the firms listed in this publication do not list hourly billing rates.

19. Attached hereto as Exhibit E is a Declaration of Jamie Goodwin, Esq. I have personally worked with Attorney Goodwin on at least one employment matter and he addresses his view of my experience, qualifications, and competence.

Signed under the pains and penalties of perjury this 22nd day of March, 2023.


/s/David A. Russcol_____

David A. Russcol