UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br>Defendant. | Civil Action No. 20-CV-10540-AK |

**AFFIDAVIT OF ATTORNEY SUZANNE L. HEROLD IN SUPPORT OF PETITION FOR ATTORNEY'S FEES PURSUANT TO 29 U.S.C. § 2617**

I, Suzanne L. Herold, do depose and state as follows:

1. My name is Suzanne L. Herold. I am an attorney in good standing in the Commonwealth of Massachusetts. I have been admitted to the bar of the Commonwealth since 2009, and have been authorized to practice in this Court since 2011.

2. I am the founding and managing partner of Herold Law Group. P.C. which I started in September 2016.

3. Prior to my employment at Herold Law Group, P.C., I was an associate, and then a partner, at Davis & Davis, P.C.

4. I have always focused my practice exclusively on employment law. Over 90% of my employment law practice has been representing Plaintiffs.

5. My standard hourly rate is $450.00. Based upon my years of experience and background, my hourly rate is modest to consistent compared to the hourly rates charged by similarly situated colleagues.

6. In 2018, I was awarded the hourly rate of $400 per hour in the matter of *Bofe v. Connection Wireless et al.*, Middlesex Superior Court, No. 1781CV01307. In January 2021, I was awarded the hourly rate of $400 per hour in the matter of *Strong v. General Hospital Corporation*, Suffolk Superior Court, No. 1984CV01182.

7. I was recognized by Super Lawyers as a "*Rising Star*" in the area of Labor and Employment Law in 2011, 2012, 2017 – 2022.

8. I was also recognized by Boston Magazine as a *"Top Female Attorney"* in the area of employment litigation for Plaintiffs from 2018 – 2023.

9. I have twice been a panelist for the Massachusetts Continuing Legal Education organization involving topics of employment litigation.

10. I also served on the Steering Committee for the Boston Bar Association's Labor and Employment division from 2018 – 2022. In that capacity, I was a yearly panelist on various employment law topics.

11. I represented Mr. Dantowitz from June 2019 until successor counsel appeared in November 2022. I filed this case in Superior Court and fully litigated it through discovery, and during and after summary judgment. My work was critical to enable Mr. Dantowitz to be able to present his successful FMLA claims at trial.

12. The FMLA and Chapter 151B claims I pled on Mr. Dantowitz's behalf were closely related and relied upon virtually all of the same facts. There is very little I would have done differently if I had decided to bring only the FMLA claims. Even the MCAD process, which was not required for the FMLA claims, forced Defendants to submit a position statement that was valuable for impeachment purposes and included admissions

as to certain key facts, such as the timing and stated rationale for posting Mr. Dantowitz's job and hiring his replacement while he was on FMLA leave.

13. I maintain contemporaneous records of the time spent on cases like this one. A copy of my time records for Mr. Dantowitz's matter is attached as Exhibit A.

14. According to my records, I spent a total of 156 hours on this matter. I believe that all or substantially all of my time was compensable and was reasonably necessary to position Mr. Dantowitz for a successful outcome.

15. My records reflect that either Mr. Dantowitz or I paid the following costs and expenses, which were reasonably necessary for the prosecution of this case:

    a. $290.00 for the filing fee in Norfolk Superior Court;

    b. $1,374.85 for transcripts for Mr. Dantowitz's deposition;

    c. $1,607.55 for fees and expenses for the depositions of Stewart Tucker and Carmen Aliber;

    d. $5,502.00 for consultation with Jeanne Robertson, CPA, concerning Mr. Dantowitz's tax returns and preparation of a summary for disclosure to defense counsel;

    e. $4,079.74 to JAMS for mediation in July 2022; and

    f. $4,800.00 to JAMS for mediation in November 2022.

    These costs and expenses combined total $17,654.14.

16. Copies of invoices and/or payment records for the above costs, where available, are attached as Exhibit B. Because Mr. Dantowitz paid the filing fee directly, I do not have a payment record for it.

17. My records include time and expenses for mediating this matter with Hon. Nancy Holtz in July 2022. Although that mediation was not successful in resolving the matter short of trial, it was responsible and reasonably necessary to engage in the mediation process in order to allow the parties to express their perspectives, gain information and insight into Defendants' arguments and strategy, and attempt to conclude the matter without taking up more of the parties' and the Court's resources.

18. Also included in the expenses listed above is a payment of $4800 toward a second session of mediation with Judge Holtz in November 2022. After Mr. Dantowitz decided to change counsel, he canceled this mediation date. Under JAMS' policies, he forfeited this deposit because he did not give sufficient notice of the cancellation.

Signed under the pains and penalties of perjury this 21 day of March, 2023.

_____
Suzanne L. Herold