UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ,<br><br>        Plaintiff.<br><br>v.<br><br>DEXTER SOUTHFIELD INC.,<br><br>CARMEN ALIBER, and<br><br>STEWART TUCKER,<br><br>        Defendants. | Civil Action No. 20-CV-10540-AK |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

Without any citation to authority or argument other than repeating the language of the rule, Defendants ask that the Court enter a separate judgment as to the three claims dismissed at summary judgment.[1] Entry of a *separate* and final judgment is effectively a decision that the Court's ruling "should be immediately appealable" without waiting for the resolution of other claims in the case. *See Federal Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 107 n.3 (1st Cir. 2016). It is inappropriate to "relax[] the usual prohibition against piecemeal appellate review" where the set of claims as to which separate judgment is sought seeks the same or similar relief, relies on a "common denominator" of legal issues, or the "factual underpinnings of the adjudicated and unadjudicated counts are… intertwined." *See Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43-45 (1st Cir. 1988).

---

[1] Plaintiff does not oppose entry of a single judgment that incorporates the Court's ruling as to each claim pled, but reserves all appellate rights.

In this instance, there is no reason for entry of a separate judgment. Plaintiff's claims for discrimination under Chapter 151B and FMLA interference and retaliation have been resolved at trial and judgment has already entered. There is substantial overlap between the facts and legal theories in the dismissed claims (including retaliation and interference with Plaintiff's rights under Chapter 151B) and those decided by the jury. Entry of a separate judgment would only force Plaintiff to make a decision about appealing the Court's summary judgment ruling before the Court resolves post-trial motions – potentially resulting in multiple appeals to the First Circuit about related legal and factual issues, which is exactly what Rule 54(b) is designed to prevent.

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully submitted,
RONALD DANTOWITZ

By his attorneys,

/s/ David A. Russcol
Inga S. Bernstein (BBO #627251)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
ibernstein@zalkindlaw.com
drusscol@zalkindlaw.com

Dated: April 2, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by electronic filing and that paper copies will be sent to those indicated as non-registered parties on April 2, 2023.

/s/ David A. Russcol
David A. Russcol