IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

RONALD F. DANTOWITZ,                    )
                                        )
                Plaintiff,              )
                                        )
v.                                      )
                                        )        CIVIL ACTION NO. 20-CV-10540-ADB
DEXTER SOUTHFIELD, INC.,                )
                                        )
                Defendant.              )
_____)

### DEFENDANT'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff Ronald Dantowitz sought $4,000,000 at trial.  (Tab A).  The jury, however, awarded Plaintiff only $15,000, or **.00375%** of the amount sought.  Yet Plaintiff's counsel seeks over $400,000 in legal fees and costs, taking no discount whatsoever for the nominal recovery achieved at trial.

Plaintiff initially brought seven (7) causes of action, three of which the Court disposed of at summary judgment.  At trial, the jury found in Defendant's favor on two of the remaining counts.  On Plaintiff's FMLA interference claim, the jury awarded Plaintiff **zero** damages.  The jury awarded Plaintiff $15,000 on his FMLA retaliation claim.  For these, and a number of additional reasons detailed below, Plaintiff's fee petition is not reasonable.[1]

### A.    Plaintiff's Fee Petition Is Excessive In Light Of The Result Achieved

As set forth by the U.S. Supreme Court, "where the plaintiff only achieved limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained."  Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).  "[A] district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as

---

[1] Defendant does not dispute the skill and experience of Attorneys Bernstein, Russcol, Herold or Brody, nor does Defendant dispute that their respective hourly rates are reasonable.

compared to the amount sought."  Riverside v. Rivera, 477 U.S. 561, 585 (1989) (Powell, J.,

concurring).  "The amount of damages a plaintiff recovers is certainly relevant to the amount of

attorney's fees to be awarded."  Id. at 574 (quoted in Central Pension Fund of the Int'l Union of

Operating Eng'gs & Participating Emp., 745 F.3d 1, 6 (1st Cir. 2014)).  "The law in this [First]

circuit is consistent with that admonition."  Central Pension Fund, 745 F.3d at 6.  "Indeed, a trial

court abuses its discretion when it does *not* consider the relationship between the fee awarded

and success obtained."  Hines v. City of Columbus, 676 Fed. Appx. 546, 556 (6th Cir. 2017)

(emphasis in original).

In this case, Plaintiff's recovery fell far short of the amount sought.  On a $4,000,000

claim, Plaintiff recovered essentially nothing.  "This litigation accomplished little beyond giving

[Plaintiff] 'the moral satisfaction of knowing that a federal court concluded that [his] rights had

been violated' in some unspecified way."  Farrar v. Hobby, 506 U.S. 103, 114 (1992) (quoting

Hewitt v. Helms, 482 U.S. 755, 762 (1987)) (reversing excessive fee award where the district

court failed to consider "the relationship between the extent of success and the amount of the fee

award"); see also Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 339 (1st Cir.

1997) (trial court has discretion to "shrink fees" to reflect an inferior result).  The Court should

craft Plaintiff's fee award to be consistent with the result achieved.  See Joyce v. Town of

Dennis, 720 F.3d 12, 27 (1st Cir. 2013) (the "results obtained" is "a preeminent consideration in

the fee-adjustment process"); Tri-City Comm'ty Action Program, Inc. v. City of Malden, 680 F.

Supp. 2d 306, 315 (D. Mass. 2010) (Gertner, J.) (fee award adjusted downward based on the

results obtained).

**B**.    **Plaintiff Rejected Significant Settlement Offers**

As previously noted, "the most critical factor [in analyzing a fee petition] is the degree of

success obtained."  Hensley, supra, 461 U.S. at 436.  "Considering a rejected settlement offer is

one way of measuring the degree of success."  Hines, supra, 676 Fed. Appx. at 556; see also Lohman v. Duryea Borough, 574 F.3d 163, 165-166 (3d Cir. 2009) (holding that evidence of settlement negotiations is relevant in determination of plaintiff's fee award); Walker v. Iron Sushi LLC, 752 Fed. Appx. 910, 915 (11th Cir. 2018) ("it is clear that a rejected settlement offer is an appropriate factor to consider in assessing the reasonableness of a request for attorney fees"); Haworth v. State of Nevada, 56 F.3d 1048, 1052 (9th Cir. 1995) (district court must consider rejected settlement offer in determining whether requested fee is reasonable); Moriarty v. Svec, 233 F.3d 955, 967 (7th Cir. 2000) (same); Dalal v. Alliant Techsystems, Inc., 182 F.3d 757, 761–62 (10th Cir. 1999) (same); Sheppard v. Riverview Nursing Ctr., Inc., 88 F.3d 1332, 1337 (4th Cir. 1996) (same).[2]

In September 2022, Defendant offered Plaintiff $300,000 to settle the case.  (Tab B).[3] Plaintiff flatly rejected that offer.  "Few, if any, reasonable litigants would call a monetary judgment that comes in well under the money offered to settle the case a success."  McKelvey v. Secretary of Army, 768 F.3d 491, 495 (6th Cir. 2014).  As of the date of Defendant's offer, and based on Atty. Herold's billing records, Plaintiff had incurred only $67,095.00 in legal fees pursuing this matter.  In other words, Defendant offered Plaintiff 20 times the amount he eventually recovered at trial at a time when his lawyers had yet to incur the vast majority of the fees they now seek to recoup.  "[W]e see no reason why a rejected settlement offer, and its relationship to the final result obtained, should not be a permissible consideration for the district court to take into account."  Walker, supra, 752 Fed. Appx. at 915; see also Ingram v. Oroudjian,

---

[2] "Because nothing in the language of Rule 408 requires exclusion of evidence of settlement negotiations on issues 'other than liability for or invalidity of a claim or its amount,' the Court can consider evidence of settlement negotiations where, as here, the evidence is probative of the objective reasonableness" of a fee petition.  EMI Catalogue P'Ship v. CBS/Fox Co., 1996 WL 280813, *2 (S.D.N.Y. May 24, 1996).

[3] Defendant communicated that offer outside the context of mediation.  Therefore, the confidentiality agreement entered into by the parties at mediation is inapplicable.  While constrained to provide particulars, Plaintiff subsequently rejected far, far more than the $300,000 offer communicated in September 2022.

647 F.3d 925, 927 (9th Cir. 2011) (holding that a prior settlement offer more favorable than the

final judgment bears on the plaintiff's degree of success).  Plaintiff's fee petition should be

significantly curtailed based on his failure to accept a reasonable settlement offer.

      **C.**    **Plaintiff's Discrimination Claims And FMLA Claims Do Not
Arise Out Of The Same Set Of Facts Or Legal Principles**

        "[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of

the ultimate result achieved and therefore no fee may be awarded for services on an unsuccessful

claim."  Hensley, supra, 461 U.S. at 435 (additional quotations omitted).  "If unrelated to the

successful claims, the unsuccessful ones must 'be treated as if they had been raised in separate

lawsuits' and excluded from the fee award."  Fessler v. Porcelana Corona De Mexico, 23 F.4th

408, 416 (5th Cir. 2022) (quoting Hensley, supra, 461 U.S. at 435-436).  Fees are appropriately

excluded from the loadstar "when different claims for relief are not interconnected, that is, when

the claims rest on different facts and legal theories."  Bogan v. City of Boston, 489 F.3d 417,

428-429 (1st Cir. 2007).  Here, the jury rejected Plaintiff's G.L. c. 151B claims for disability

discrimination and associational disability discrimination.  Likewise, the Court previously

rejected at summary judgment three discrimination claims brought against Carmen Aliber and

Stewart Tucker.  Plaintiff should not be reimbursed for pursuing those claims.[4]

        Plaintiff's G.L. c. 151B and FMLA claims are wholly separate from each other.  Plaintiff

has conceded as much.  In his fee petition, Plaintiff alleges that "[a]ll of the claims pled in the

Complaint were based upon a common nucleus of facts."  However, that was not always

Plaintiff's position.  In a pre-trial submission, Plaintiff represented to the Court as follows:

                **Plaintiff's Chapter 151B and FMLA claims are not identical,
either in fact or in law.**

---

[4] Plaintiff consumed three years and incurred significant fees litigating claims against Mr. Tucker and Ms. Aliber.
Plaintiff voluntarily dismissed Mr. Tucker and Ms. Aliber *with prejudice* on the eve of trial.  Plaintiff is not entitled
to be reimbursed for fees litigating claims against Mr. Tucker and Ms. Aliber.

**Plaintiff's associational discrimination claim is not, in fact, coterminous with his FMLA interference and retaliation claims.**

(Tab C at 2, 3) (emphasis added).  In that same submission, Plaintiff described how Michael Williams, Defendant's former IT director, would testify that Defendant had a policy of terminating older employees and employees with medical conditions.  Mr. Williams did in fact testify consistent with that proffer.  Mr. Williams's testimony had nothing to do with Plaintiff's FMLA claims.  The same holds true for the testimony of Robert Phinney, former Director of the School's Clay Center.  Mr. Phinney claimed that Defendant terminated his employment based on some alleged protected characteristic.  Again, this had no bearing on Plaintiff's FMLA claims.

Counsel also spent significant trial time on Plaintiff's autism diagnosis (Tab D), and how Plaintiff had developed coping mechanisms which allowed Plaintiff to perform his job.  Plaintiff testified in detail about how Defendant had previously provided him with accommodations.  Plaintiff also described the interactions he had with Ms. Aliber regarding his diagnosis.  Plaintiff also spent significant trial time pursuing a "failure to accommodate" claim, based on Defendant's alleged refusal to allow Plaintiff to record a meeting or have another faculty member present at that meeting to take notes.  (Tab E).  None of this bore any relation to Plaintiff's FMLA claims.  "[I]f a time entry includes both recoverable costs and non-recoverable costs, and there is no clear way to segregate them, the court may simply exclude the entire time entry."  Roggio v. Grasmuck, 18 F. Supp. 3d 49, 56 (D. Mass. 2014).

Where Plaintiff brought seven causes of action and prevailed on only two, counsel fees should be reduced by 70%.

### D.    Counsel's Fees Should Be Further Reduced

Plaintiff retained Mr. Brody to assist him with FMLA paperwork.  That work was completed by September 27, 2018, when Mr. Brody submitted Plaintiff's FMLA certification.

(Tab F).  Plaintiff incurred $4,625.00 in legal fees as of that date.  Thereafter, Mr. Brody (and an associate, Jaclyn McNeely) claim to have incurred an additional $24,528.50 in legal fees, but the records show that Mr. Brody performed no further work for Plaintiff that had any connection with Plaintiff prevailing on his FMLA claims.  For example, Mr. Brody assisted Plaintiff with gaining access to School property while he was out on leave.  Mr. Brody prepared an MCAD complaint, but FMLA claims are not within the jurisdiction of the MCAD.  Mr. Brody's compensable time should be limited to that incurred assisting Plaintiff with FMLA paperwork.

A reduction in attorneys' fees also is appropriate when the records on which the award is based employ 'block billing,' that is, when the records describ[e] the type of work performed in a day and the total time spent on that work without assigning separate time values to each separate task." Hermida v. Archstone, 950 F. Supp. 2d 298 (D. Mass. 2013) (additional quotations and citations omitted).  Courts disfavor the use of block billing "because it requires decipher[ing] on the judges' part." Equal Emp't Opportunity Comm'n v. AutoZone, Inc., 934 F. Supp. 2d 342, 353 (D. Mass. 2013) (reducing attorneys' reported hours by twenty percent "given the imprecise construction of many of the time entries and their frequent lack of task differentiation"); see also Specialty Retailers, Inc. v. Main St. NA Parkade, LLC, 804 F. Supp. 2d 68, 75-76 (D. Mass. 2011) (reducing fees by nearly half for specific hours attributed to block billing).  In this case, Attorneys Brody and Herold employed block billing across the board.  Accordingly, a twenty percent reduction in their fees is warranted.

In November 2022, Attorneys Bernstein and Russcol inherited a case that at the time was over three (3) years old.  The parties had exchanged hundreds of documents.  Multiple depositions had taken place.  The parties had engaged in summary judgment practice.  Plaintiff had the right to hire new counsel on the eve of trial, but Defendant should not have to pay for counsel's "ramp-up" time.  Counsel makes no adjustment for this.  Defendant conservatively

estimates that Attorneys Bernstein and Russcol spent 10% of their time "coming up to speed" on the case. Accordingly, a 10% reduction in their legal fees is warranted.

      E.      **Certain Costs Are Not Compensable**

Plaintiff seeks reimbursement of $5,502.00 for accounting services allegedly provided by his tax preparer, Ms. Jeanne Robertson, CPA. Plaintiff's contention that Ms. Robertson's services were necessary to resolve a discovery dispute is patently false. The only "dispute" is that Plaintiff initially refused to produce his tax returns before he was ordered to do so by the Court. Plaintiff then refused to produce documentation showing his sources of income. Strictly as an accommodation suggested by Plaintiff's counsel, Defendant agreed to accept a letter from Plaintiff's tax preparer in lieu of such documentation. Had Defendant known it would be sent a bill for $5,000.00 for this work, Defendant would have insisted that Plaintiff abide by the discovery rules and produce income information. Plaintiff's attempt to saddle Defendant with this bill is inappropriate.

Plaintiff also seeks reimbursement for "deposition expenses" for Stewart Tucker and Carmen Aliber in the amount of $1,607.55 incurred on May 3, 2021. It is not clear what this charge refers to. On November 30, 2022, Plaintiff incurred almost $3,000 in charges for the deposition transcripts of Mr. Tucker and Ms. Aliber. Defendant is not responsible for duplicative charges.

## Conclusion

Plaintiff prevailed on only two claims out of seven. Even then, Plaintiff was awarded what were essentially nominal damages by the jury, and far less than Defendant had offered Plaintiff to settle this matter many months before trial. In light of his minimal success, Plaintiff's request for more than $400,000 in fees and costs is exorbitant. The Court should take into consideration the recovery in this matter versus the amount sought and award all counsel,

collectively, $150,000.00 in legal fees and $14,745.81 in costs.  That fee award is substantial, as it represents more than ten times the amount of the recovery in this case.  Alternatively, the Court should be guided by the following:

| Attorney | Requested Fees | Reasonable Fees | Rationale |
|---|---|---|---|
| Inga Bernstein | $155,025.00 | $41,856.15 | 70% reduction for Plaintiff prevailing on only two claims out of seven. 10% reduction for case transition. |
| David Russcol | $128,100.00 | $34,587.00 | 70% reduction for Plaintiff prevailing on only two claims out of seven. 10% reduction for case transition. |
| Suzanne Herold | $70,200.00 | $56,160.00 | 20% reduction for block billing. |
| David Brody | $18,427.50 | $3,328.00 | Time spent is excessive. 20% reduction for block billing. |
| Jaclyn McNeely | $10,726.00 | $372.00 | Time spent is excessive. 20% reduction for block billing. |
| Costs | $21,855.36 | $14,745.81 | Accounting fees and duplicative expenses not compensable. |
| **TOTAL** | $404,333.86 | **$151,048.96** | |

Respectfully submitted,

DEXTER SOUTHFIELD, INC.,

By their attorney,

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

Date:  April 3, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 3rd day of April 2023.

David A. Russcol (*counsel for Plaintiff*)
drusscol@zalkindlaw.com
Inga S. Bernstein
iberstein@zalkindlaw.com
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110


*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr.