# Tab C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RONALD F. DANTOWITZ,

    Plaintiff,

v.

DEXTER SOUTHFIELD INC.,
CARMEN ALIBER, and
STEWART TUCKER,

    Defendants.

Civil Action No. 20-CV-10540-AK

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ASSOCIATIONAL DISABILITY DISCRIMINATION (DKT. 108)**

In this Motion, Defendants seek another bite at the summary judgment apple, asking the Court to eliminate a cause of action that the Court found sufficient to present to the jury. Defendants ask the Court to exclude all evidence pertaining to Claim 2, alleging discrimination on the basis of Plaintiff's association with his disabled son, because Defendants believe it is identical to his FMLA retaliation claim. Even if they were correct that the factual basis for these claims was identical, that would not be a basis for dismissing (or excluding evidence of) the claim for associational discrimination. Chapter 151B and FMLA are different sources of law (federal and state); the two claims have different elements and burdens of proof; and they have different remedies. The jury should decide each claim that the Court has found sufficient for trial; indeed, that is Plaintiff's constitutional right. *See Gallagher v. Wilton Enterprises, Inc.*, 962 F.2d 120, 122-24 (1st Cir. 1992) (holding that a plaintiff has a Seventh Amendment right to a

jury trial on Chapter 151B claims). Defendants have cited no basis, nor is there any, for eliminating one of Plaintiff's claims in order to "streamline" the trial.[1]

Moreover, Plaintiff's associational discrimination claim is not, in fact, coterminous with his FMLA interference and retaliation claims. Defendants were aware that Plaintiff's son is autistic and required significant medical care that imposed substantial costs on the School's health insurance. Michael Williams, Dexter Southfield's former Director of Information Technology, has averred and will testify that, close in time to Plaintiff's termination, Defendant Aliber told him that the School's health insurance was "self-funded" and the School was seeking to reduce medical expenses. (Exhibit A at 2; Exhibit B at 6.) Mr. Williams will also testify that Ian Moorhouse, then Dexter Southfield's Director of Operations, told him and others that the School was trying to terminate older and disabled workers in order to save money on payroll and insurance costs because "older people cost more due to medical issues"; Mr. Williams reiterated that "'older people' and 'people with medical problems' were his exact words." (Exhibit A at 2; Exhibit B at 2-3.) Mr. Moorhouse told Mr. Williams specifically, while Plaintiff was on FMLA leave, that Plaintiff and Robert Phinney were on their way out and "the school was working on making sure that happens." (Exhibit B at 2.) The context for some of these statements was that Mr. Moorhouse was trying to get Plaintiff to remove some of his equipment from the Clay Center building at the School, and Mr. Moorhouse assured Mr. Williams that the equipment would not get in the way of cleaning the Clay Center because the School was getting rid of

---

[1] In addition to the substantive reasons to deny Defendants' Motion, Defendants did not include in their Motion a certificate of compliance with Local Rule 7.1, and they did not in fact "confer[] and… attempt[] in good faith to resolve or narrow the issue" as required by Local Rule 7.1(a)(2). This failure, by itself, is sufficient grounds for denial of the Motion. *See Martinez v. Hubbard*, 172 F. Supp. 3d 378, 383 (D. Mass. 2016).

"anybody that was older or with medical issues."[2] (Exhibit B at 4.) Within months, both Plaintiff and Mr. Phinney had been let go. This evidence provides ample basis for the jury to infer that Defendants terminated Plaintiff so that the School would no longer have to bear the significant medical expenses incurred by Plaintiff's son. The Supreme Judicial Court has recognized that such a claim is cognizable under Chapter 151B. *See Flagg v. AliMed, Inc.*, 466 Mass. 23, 37 (2013) (plaintiff stated valid Chapter 151B claim based on allegations that he was terminated because "his wife's total disability resulted in substantial medical expenses that [defendant] was obliged to cover as part of the family health benefits provided as a term of the plaintiff's employment"). Plaintiff's Chapter 151B and FMLA claims are not identical, either in fact or in law.

For the foregoing reasons, Defendants' Motion should be denied.

Respectfully submitted,
RONALD DANTOWITZ

By his attorneys,

/s/ Inga S. Bernstein
Inga S. Bernstein (BBO #627251)
David A. Russcol (BBO #670768)
Zalkind Duncan & Bernstein LLP
65a Atlantic Avenue
Boston, MA 02110
(617) 742-6020
ibernstein@zalkindlaw.com
drusscol@zalkindlaw.com

Dated: January 17, 2023

---

[2] These statements are admissible, among other reasons, because Mr. Moorhouse, as Director of Operations for Dexter Southfield, was responsible for overseeing the effort to clean out the Clay Center, and the statements concerned that matter within the scope of his employment. *See* Fed. R. Evid. 801(d)(2)(D); *Woodman v. Haemonetics Corp.*, 51 F.3d 1087, 1093-94 (1st Cir. 1995).