Tab D

# Dantowitz v. Dexter Southfield School, Inc.
# Final Jury Instructions

There are a few preliminary points to address before we explain the elements of Mr. Dantowitz's claims. Mr. Dantowitz claims that the school discriminated against him because he has a mild autism spectrum disorder. Mr. Dantowitz also claims that the school discriminated against him because of his son's disability. Mr. Dantowitz further claims that Dexter Southfield interfered with his right to leave under the Family and Medical Leave Act ("FMLA") and retaliated against him for taking leave in the fall of 2018 to care for his disabled child.

The school contends that it terminated Mr. Dantowitz's employment following a pattern of poor performance and insubordination. The school also contends that Mr. Dantowitz failed to provide sufficient medical documentation requiring the school to provide accommodations. Regardless, the school further contends that it offered Mr. Dantowitz reasonable accommodations. The school denies that it discriminated against Mr. Dantowitz because of his disabled son. The school also denies that it interfered with Mr. Dantowitz's FMLA leave or that it terminated Mr. Dantowitz's employment because he took FMLA leave.

In Massachusetts, employees who do not have an employment contract–as was the case with Mr. Dantowitz who did not have an employment contract with the Dexter Southfield School—are referred to as "at-will" employees. As a general

1

rule, employment at-will is terminable by either the employer or the employee at any time or for any reason or for no reason at all–as long as the reason is not prohibited. Illegal discrimination and retaliation, as we will explain to you, are prohibited reasons.

The Defendant in this case, Dexter Southfield, Inc., is a corporation. A corporation acts only through its agents or employees, and any agent or employee of the corporation may bind the entity by acts and statements made while acting within the scope of the authority delegated to the agent by the entity, or within the scope of his/her duties as an employee of the corporation. For example, in considering whether Dexter Southfield is responsible for an act or an omission, you will find that it was responsible if you find that any of its employees, who acted within the scope of his or her employment, was responsible. When we refer to Dexter Southfield in these instructions, we are referring to Dexter Southfield's employees who acted within the scope of their employment.

The fact that the Defendant, Dexter Southfield, is a corporation should not affect your decision. All persons are equal before the law; and corporations, whether large or small, are entitled to the same fair and conscientious consideration by you as any other individual person. No inferences are to be drawn against a corporation that would be improper in a lawsuit between individuals.