IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| RONALD F. DANTOWITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 20-CV-10540-AK |
| DEXTER SOUTHFIELD, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL BRIEF IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS**

In his Supplemental Brief, Plaintiff Ronald Dantowitz failed to explain why Defendant's proposed fee award of $150,000 is unreasonable given the jury's $15,000 verdict at trial. Plaintiff also failed to address the gap between that result and the $300,000 pre-trial settlement offer. Instead, Plaintiff argues unpersuasively that the Court should not even consider the $300,000 settlement proposal.

Plaintiff has now had four (4) opportunities (three briefs and a 90-minute hearing) to persuade the Court that his request for attorneys' fees is justifiable. And even that is not enough, as Plaintiff suggests that he be given more time to order ten (10) days of trial transcripts (*at Defendant's expense*) to "prove" the jury credited Plaintiff's G.L. c. 151B allegations. But the jury unequivocally rejected those claims, and there is no need to engage in another round of briefing. The Court and Defendant should not be forced to pore through ten (10) days of trial transcripts.

Plaintiff simply cannot bridge the gulf between the amount sought at trial ($4 million), the proposed $300,000 settlement, and the $15,000 jury verdict. The Court should award

Plaintiff *at most* $150,000 in legal fees and costs as set forth in Defendants' Opposition to Motion for Attorneys' Fees and Costs [Doc #189].

Plaintiff's attempt to shoehorn his disability claims into a liability finding under the FMLA is a stretch at best. We do not have to speculate about whether the jury took Plaintiff's autism diagnosis into consideration in finding for Plaintiff on his FMLA claims.[1] We need only look at the jury's verdict. The jury rejected Plaintiff's disability and associational disability claims. "The 'results obtained' factor is undeniably significant." Walsh v. Boston Univ., 661 F. Supp. 2d. 91, 115 (D. Mass. 2009) (additional citation omitted). Even if a trial transcript were available, that would provide no insight whatsoever into the jury's thought process. It is Plaintiff's burden to show he is entitled to the requested fees and costs. Plaintiff cannot justify the voluminous hours spent pursuing his G.L. c. 151B claims as essential to proving Plaintiff's FMLA claims.

Plaintiff not only failed to convince the jury that he was entitled to significant damages, Plaintiff also failed to persuade the Court. Plaintiff notes that he requested (and was granted) $15,000 in liquidated damages under the FMLA. Plaintiff did not disclose that in that same filing, he sought almost $1.5 million in front pay. The Court, although it had the discretion to do so, declined to award Plaintiff any front pay. In this context, Defendant's $150,000 fee proposal is more than reasonable.

As the Court correctly noted, Plaintiff's rejected settlement offer is an important measurement in evaluating Plaintiff's success at trial.[2] Plaintiff disputes this, in part, arguing

---

[1] It is equally plausible that the jury believed that Plaintiff's autism diagnosis played no role in his ability to perform his job or his termination of employment. There was ample testimony at trial that Plaintiff manipulated his autism diagnosis as an "easy out" to avoid tasks he found objectionable. Again, the jury's verdict speaks for itself.

[2] As explained at the August 17, 2023 hearing, undersigned counsel communicated the $300,000 settlement proposal to Plaintiff's counsel in early August 2022. Counsel subsequently memorialized that proposal in writing in September 2022. In total, Plaintiff had approximately five (5) weeks to consider the offer.

that his $15,000 jury verdict is more valuable than the $300,000 settlement he rejected pre-trial because he would not otherwise have obtained a finding of liability.[3]  Thus, Plaintiff suggests, the Court should ignore the gap between Defendant's settlement offer and the jury's verdict. Plaintiff's position ignores the obvious.  Plaintiff sought millions of dollars in damages at trial. Despite the tremendous resources thrown at this case, Plaintiff did not recover anything even remotely approaching that amount.  See Joyce v. Town of Dennis, 720 F.3d 12, 27 (1st Cir. 2013) (the "results obtained" is "a preeminent consideration in the fee-adjustment process").

## CONCLUSION

Although suggested by the Court, Plaintiff did not contact undersigned counsel to attempt to come to a resolution.  Defendant is therefore compelled to respond to an amended fee request that remains exorbitant considering the result achieved at trial.

Defendant's proposed $150,000 fee award appropriately acknowledges the skill and ability of Plaintiff's counsel and that counsel spent significant time litigating this case.  As the Court noted at the August 17, 2023 hearing, Plaintiff's fee petition reflects the result he wished he had achieved, not the result that Plaintiff actually achieved.  The gap is even wider considering that the jury declined to award emotional distress or punitive damages.  Given the result in this case, a significant discount in counsel fees is warranted.  Defendant respectfully requests that the Court allow Plaintiff's fee petition in the amount of $150,000 *at the most*.

---

[3] According to counsel's fee agreement, Plaintiff would have recovered $200,000.00 if he had accepted Defendant's $300,000.00 settlement proposal.  While Plaintiff incurred $29,153.50 in legal fees with another firm, those fees were incurred outside the context of any litigation.

        Respectfully submitted,

        DEXTER SOUTHFIELD, INC.,

        By its attorneys,

        */s/ Anthony L. DeProspo, Jr.*
        Anthony L. DeProspo, Jr. (BBO No. 644668)
        (adeprospo@shpclaw.com)
        Cara E. Murphy (BBO No. 709521)
        (cmurphy@shpclaw.com)
        SCHWARTZ HANNUM PC
        11 Chestnut Street
        Andover, MA 01810
        Telephone: (978) 623-0900
        Facsimile: (978) 623-0908

Date: August 25, 2023

-5-

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 25th day of August 2023.

      David A. Russcol (*counsel for Plaintiff*)
      drusscol@zalkindlaw.com
      Inga S. Bernstein
      iberstein@zalkindlaw.com
      Zalkind Duncan & Bernstein LLP
      65a Atlantic Avenue
      Boston, MA 02110


                                    */s/ Anthony L. DeProspo, Jr.*
                                    Anthony L. DeProspo, Jr.