IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD F. DANTOWITZ, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO. 20-CV-10540-AK |
| DEXTER SOUTHFIELD, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS**

The Court should not disturb Magistrate Judge Levenson's November 2, 2023 Order (the "Order") because it is well-reasoned and thorough, and correctly adjusts Plaintiff Ronald Dantowitz's fee petition based on the outcome of the case.

The facts speak for themselves. Plaintiff prevailed on only two of the seven claims he brought. The jury rendered a modest $15,000 verdict in Plaintiff's favor. Plaintiff rejected a $300,000 settlement proposal. The Court denied Plaintiff's request for almost $1.5 million in front pay. By any reasonable measure, Plaintiff "only achieved limited success." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

The order of a magistrate judge may be reversed only if it is "clearly erroneous or contrary to the law." Fed. R. Civ. P. 72(a). "The more fact intensive the question, the more deferential the level of review … ." In re IDC Clambakes, Inc., 727 F.3d 58, 64 (1st Cir. 2013). Consequently, the order must be accepted unless there is a "strong, unyielding belief that a mistake [was] made." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999). No mistake has been made here and the Court should adopt the Magistrate Judge's Order in its entirety.

### A. The Magistrate Judge Properly Considered Defendant's Settlement Proposal.

Plaintiff's claim that he did not "reject" Defendant's $300,000 settlement offer strains credibility. Had Plaintiff accepted the offer, the case would have been over and the parties and the Court could have saved the time and resources in conducting a two-week jury trial. Plaintiff's suggestion that he did not have the opportunity to respond to the offer also is without merit. As noted at the August 17, 2023 hearing, Defendant's counsel communicated the offer in August 2022. On September 6, 2022, Defendant's counsel memorialized the offer in writing: "***As you know***, Defendants have offered Plaintiff $300,000 to resolve the case." [Doc. #189-2] (emphasis added). Plaintiff could have accepted the offer, but he did not. The Magistrate Judge correctly considered the rejected settlement proposal in the context of the meager jury verdict.

Plaintiff incorrectly claims that the Magistrate Judge committed "legal error" in reducing the fee award based on the rejected settlement proposal. On the contrary, the Magistrate Judge relied on the jurisprudence of ***seven*** different circuit courts, all of which have held that a rejected settlement proposal is a factor in crafting a fee award. Order at 26-27. Plaintiff has provided no legal authority to support his position that the Court must necessarily follow the Second Circuit, which appears to be an outlier, or that the Magistrate Judge's purported failure to do so is "contrary to law."

### B. The Magistrate Judge Considered Other Factors In Evaluating Plaintiff's Fee Petition.

Even if the Court rejected the Magistrate Judge's settlement analysis, the Magistrate Judge provided other reasons for discounting Plaintiff's attorneys' fees in the context of the "result obtained." Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 338 (1st Cir. 1997). For example, the Court failed to award Plaintiff the almost $1.5 million in front pay

Case 1:20-cv-10540-AK   Document 227   Filed 11/27/23   Page 3 of 6

Plaintiff requested post-trial. The Magistrate Judge noted that "[b]y this yardstick, [Plaintiff's] ultimate recovery looks altogether scanty." Order at 20.[1] The Magistrate Judge also appraised Plaintiff's fee agreement and found that "[t]he jury's award of damages did not surmount even the minimum degree of success that would have permitted the attorneys to recoup any part of the hourly fee discount they extended to [Plaintiff]." Order at 22. That the jury verdict fell far short of Plaintiff's expectations is hardly debatable.[2]

### C. The Magistrate Judge Correctly Distinguished Plaintiff's Disability Claims From His FMLA Claims.

The Magistrate Judge correctly found that Plaintiff's G.L. c. 151B and FMLA claims were wholly separate from each other and that Plaintiff spent the majority of trial time on his unsuccessful disability claims. There was no error.

Plaintiff contends that all of the claims pled in the Complaint are based upon a common nucleus of facts. However, that was not always Plaintiff's position. In a pre-trial submission, Plaintiff represented to the Court as follows:

> **Plaintiff's Chapter 151B and FMLA claims are not identical, either in fact or in law.**
>
> **Plaintiff's associational discrimination claim is not, in fact, coterminous with his FMLA interference and retaliation claims.**

[Doc. #189-3] (emphasis added). The Court accepted Plaintiff's position in a ruling on a motion *in limine*. Plaintiff's attempt to distance himself from his pre-trial position should be rejected.

The Magistrate Judge fully grasped the manner in which Plaintiff presented his case at trial. The Magistrate Judge correctly noted: "[Plaintiff's] contention that he was mistreated, and

---

[1] The Magistrate Judge also noted that Plaintiff's "total failure to persuade the jury or judge to award any front pay transformed this from a potentially huge case to a very small one." Order at 19.

[2] Defendant acknowledges that Plaintiff did not request $4 million from the jury. However, the Magistrate Judge gave very little weight to that factor, suggesting only that the request signified that a meaningful win would have been above $1 million. Order at 20. Plaintiff's request for $1.5 million in front pay signifies the exact same thing.

ultimately fired, because of his autism spectrum disorder diagnosis was the primary battleground in this case." Order at 12. Plaintiff consumes several pages of his Objection claiming that evidence of his disability went directly to proving Plaintiff's FMLA claims. The Magistrate Judge correctly rejected that theory. As the Magistrate judge aptly described it, "all of [Plaintiff's] claims could be said to be interconnected, in the sense that they all arose from his employment at the school and his ultimate discharge." Order at 15. There was no error.

Plaintiff's claim that the testimony of Messrs. Williams and Phinney, two former disgruntled employees, was necessary to achieve a liability finding on Plaintiff's FMLA claims is baseless. Both witnesses testified that they believed they were *discriminated* against based on age and medical condition. Plaintiff claims that the witnesses' collective testimony shows that School administrators had a general propensity for retaliation. The Magistrate Judge correctly rejected that theory as well: "With the broad brush that [Plaintiff] asks the Court to employ, any amount of testimony and evidence concerning an employer's administrative actions against other employees might be said to bear on any retaliation claim." Order at 16. As the Magistrate Judge also correctly noted, had Plaintiff solely tried FMLA claims, the testimony of Messrs. Williams and Phinney likely would have been inadmissible. Order at 17.

"[W]ork on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved and therefore no fee may be awarded for services on an unsuccessful claim." Hensley, supra, 461 U.S. at 435 (additional quotations omitted). The jury rejected Plaintiff's disability claims – the claims on which the majority of trial time was spent. The Court dismissed three of Plaintiff's disability claims pre-trial. With regard to Plaintiff's FMLA claims, the jury rendered a very modest verdict. The Magistrate Judge did not err in reducing Plaintiff's fee petition accordingly.

### D. The Magistrate Judge's Lodestar Reduction Should Be Applied To Attorneys Brody and McNeely.

The work performed by Attorneys Brody and McNeely had almost nothing to do with Plaintiff's "success" in this case. Attorneys Brody and McNeely assisted Plaintiff with completing his FMLA paperwork. That work was completed by September 27, 2018 and Plaintiff had incurred only $4,625.00 in legal fees as of that date. Thereafter, Attorneys Brody and McNeely prepared an MCAD Charge that had no bearing on Plaintiff's FMLA claims. The Magistrate Judge correctly reduced the fees of Attorneys Brody and McNeely.

### Conclusion

Plaintiff claims that the Magistrate Judge's fee award is so low that no "capable attorney" would take the case. Plaintiff ignores the facts and the law. A plaintiff is not entitled to attorneys' fees for claims on which he did not prevail and a fee petition must be evaluated in the context of the "results obtained." Plaintiff prevailed on two claims out of seven. While Plaintiff touts the societal importance of the jury's verdict, that verdict is objectively underwhelming. In light of the results of this case, the Magistrate Judge's fee award is substantial. The Court should award Plaintiff attorneys' fees consistent with the Magistrate Judge's Order.

Date:  November 27, 2023

Respectfully submitted,
DEXTER SOUTHFIELD, INC.,

By its attorneys,

*/s/ Anthony L. DeProspo, Jr.*
Anthony L. DeProspo, Jr. (BBO No. 644668)
(adeprospo@shpclaw.com)
Cara E. Murphy (BBO No. 709521)
(cmurphy@shpclaw.com)
SCHWARTZ HANNUM PC
11 Chestnut Street
Andover, MA 01810
Telephone: (978) 623-0900
Facsimile:  (978) 623-0908

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing document, filed through the ECF system will be served electronically upon all registered participants as identified in the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered parties this 27th day of November 2023.

    David A. Russcol (*counsel for Plaintiff*)
    drusscol@zalkindlaw.com
    Inga S. Bernstein
    iberstein@zalkindlaw.com
    Zalkind Duncan & Bernstein LLP
    65a Atlantic Avenue
    Boston, MA 02110

                                      */s/ Anthony L. DeProspo, Jr.*
                                      Anthony L. DeProspo, Jr.