```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


   RONALD F. DANTOWITZ,              )
                      Plaintiff,     )
                                     )  Civil Action
                                     )
   vs.                               )  20-10540-AK
                                     )
                                     )
   DEXTER SOUTHFIELD, INC.,          )
   CARMEN ALIBER, and                )
   STEWART TUCKER,
                      Defendants.


   BEFORE:   THE HONORABLE ANGEL KELLEY


                  STATUS CONFERENCE HELD BY ZOOM




         John Joseph Moakley United States Courthouse
                        1 Courthouse Way
                        Boston, MA 02210



                      September 22, 2022
                         11:00 a.m.




                       Valerie A. O'Hara
                     Official Court Reporter
         John Joseph Moakley United States Courthouse
                        1 Courthouse Way
                        Boston, MA 02210
                   E-mail: vaohara@gmail.com
```

```
 1    APPEARANCES VIA ZOOM:
 2
      For the Plaintiffs:
 3
          Herold Law Group, P.C., by SUZANNE L. HEROLD, ATTORNEY,
 4    50 Terminal Street, Building 2, Suite 716
      Charlestown, Massachusetts 02129.
 5
      For the Defendants:
 6
          Schwartz Hannum PC, by ANTHONY L. DEPROSPO, JR., ESQ.,
 7    11 Chestnut Street, Andover, Massachusetts 01810.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

|  |  |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE CLERK: United States District Court for the |
| 3 | District of Massachusetts is now in session, the Honorable |
| 4 | Angel Kelly presiding. Today is September 22nd, 2022 in the |
| 5 | matter of Ronald M. Dantowitz vs. Dexter Southfield, Inc., |
| 6 | et al., Civil Action 20-10540 will now be heard before this |
| 7 | court. |
| 8 | THE COURT: Good morning, counsel. Can I have you |
| 9 | state your appearance for the record. Let's start with |
| 11:02AM 10 | plaintiff. |
| 11 | MS. HEROLD: Yes, good morning, your Honor, |
| 12 | Suzie Herold for the plaintiff. |
| 13 | THE COURT: Thank you. |
| 14 | MR. DEPROSPO: Good morning, your Honor, |
| 15 | Tony DeProspo for defendants Dexter Southfield School, |
| 16 | Carmen Aliber, Stewart Tucker. |
| 17 | THE COURT: All right. So I trust that you have |
| 18 | received the Court's decision on the summary judgment motion? |
| 19 | MR. DEPROSPO: We have. |
| 11:02AM 20 | THE COURT: And so I want to discuss with you the next |
| 21 | steps for us. Has that motivated the parties to have any |
| 22 | settlement discussions or are we just planning for trial at |
| 23 | this point? |
| 24 | MR. DEPROSPO: Well, your Honor, we did have a one-day |
| 25 | mediation where the parties made a lot of progress. We did |

1  schedule the second day, I believe Monday in July, and,
2  unfortunately, the plaintiff pulled the plug on that on the
3  second day on the Friday before the Monday.
4          THE COURT:  Okay.  Was that with the magistrate judge?
5          MR. DEPROSPO:  That was with a private mediator.
6          THE COURT:  Okay.  Attorney, is it Herold?
7          MS. HEROLD:  Yes.
8          THE COURT:  Tell me where do you see things?
9          MS. HEROLD:  Well, I am always a proponent for trying
11:03AM 10  mediation, either one or two sessions, and my client and I are
11  speaking about those next steps towards resolution if we can
12  get there prior to throwing resources into trial prep.
13          THE COURT:  It's about to get real busy for all us --
14          MS. HEROLD:  I know.
15          THE COURT:  -- the closer we get to trial, so that's
16  why I want to have this conversation sooner rather than later.
17          MS. HEROLD:  Understood.  I think it's a conversation
18  I need to continue having with my client, but I think that
19  there's also benefit to being here and getting on the schedule
11:04AM 20  looking at when we could realistically be tried if we can't
21  resolve it.
22          THE COURT:  All right.  So your current trial date is
23  January 10th or 9th or 10th.  At this point, we impanel on
24  Tuesdays, but I think I originally maybe set it up for the
25  Monday, but you should still plan to meet with me on Monday so

1  we can iron out any last minute details before we actually
2  bring a jury pool in for impanelment.  If things change and we
3  learn that that the court is going to start impaneling on
4  Mondays, we will be notified, but I will seeing the parties
5  before trial date.
6       Now, let me just take a look at the schedule.  I do
7  have multiple trials in January.  How long is this case
8  expected to take trying half days?
9       MS. HEROLD:  Half days.
10 (11:05AM)  THE COURT:  Or do you need full days?
11      MS. HEROLD:  I think full days we could do it within
12 the week, half days we might trickle into the next week, I
13 think more than a handful of witnesses on each side.
14      THE COURT:  Give me a rough idea, are we talking about
15 10, more than 10 witnesses?
16      MS. HEROLD:  Witnesses, I'd say eight.
17      MR. DEPROSPO:  I think that's a lot, but I don't know
18 who they are calling.
19      THE COURT:  So why so long?
20 (11:06AM)  MS. HEROLD:  Well, I think if we impanel, if we're
21 doing half days and impanel on Tuesday, we impanel, do
22 openings, maybe start with plaintiff.  Plaintiff could feasibly
23 testify for an entire half day.  There's a lot of information.
24 He has another one or two witnesses to call.  I expect defense
25 counsel to call at least the two individuals, so I think if

```
  1    we're doing half days, I don't see it -- maybe the jury gets it
  2    on Friday.
  3            THE COURT:  The 13th?
  4            MS. HEROLD:  Yes, if we start impaneling on the 10th,
  5    you're saying?
  6            THE COURT:  Yes.
  7            MS. HEROLD:  Yes, I think so.
  8            THE COURT:  So I thought the parties said two weeks if
  9    it's half days and one week if it is full days?
 10            MS. HEROLD:  I think it's like a week and a half.
 11            THE COURT:  Okay.  So the 10th through the what?  The
 12    16th is a holiday.  Mr. Lara, do we have the parties coming in
 13    on that trial that immediately follows this one any time soon?
 14            THE CLERK:  One second, your Honor.
 15            THE COURT:  If you could just take a look at that
 16    while I continue speaking with counsel.
 17            THE CLERK:  Your Honor, there is no date set for the
 18    other matter.
 19            THE COURT:  This is running right into another trial.
 20    I'm trying to figure out and I could stay the course.  No
 21    experts?
 22            MR. DEPROSPO:  No experts.
 23            THE COURT:  You don't have to schedule around them so
 24    we're basically talking about school employees, correct?
 25            MR. DEPROSPO:  Yes.
```

(timestamps in margin: 11:07AM at line 10; 11:08AM at line 20)

1       THE COURT: When do you think you'll know about your
2   continued efforts on mediation, if any?  Are you going back to
3   the same mediator or would you go with someone else at this
4   point?
5       MS. HEROLD: I would prefer to stay with the same
6   mediator that we had.  As defense counsel represented, we made
7   good progress, it just didn't get over the finish line.
8       THE COURT: So before I start issuing orders, which I
9   may start doing between now and our next date, I'm thinking it
11:09AM 10  may make sense for us to bring you in the beginning of
11  October for you to report in on mediation whether or not you're
12  going to do it, not do it, if so, when can it be done, and I
13  will start to compile a pretrial order.  It's probably helpful
14  for the parties to start working on a joint pretrial memo to
15  the extent that you're identifying witnesses and can help me
16  focus this on how long this is going to take.
17      MS. HEROLD: Understood.
18      MR. DEPROSPO: That sounds fine, your Honor.
19      THE COURT: I'm not going to say next week, so
11:10AM 20  Mr. Lara, if you get us a 15-minute conference.
21      THE CLERK: Your Honor, October 4th at 11 a.m.
22      MS. HEROLD: That works.
23      MR. DEPROSPO: That works for defense counsel.
24      THE COURT: Excellent.  So let's revisit on that date.
25  You'll give me a lot more insight as to whether or not

|  |  |
|---|---|
| 1 | mediation is going to happen, and either before then or |
| 2 | following that date, I'll give a pretrial order. |
| 3 | MR. DEPROSPO: October 4th in the morning? |
| 4 | THE COURT: 11 a.m. |
| 5 | MS. HEROLD: Do you want us live or by Zoom? |
| 6 | THE COURT: Zoom is fine unless you want to come in. |
| 7 | MR. DEPROSPO: Sure. |
| 8 | THE COURT: That works, Mr. Lara? |
| 9 | THE CLERK: Your Honor, that works. |
| 11:10AM 10 | THE COURT: Very good. |
| 11 | MR. DEPROSPO: There is one motion to compel that your |
| 12 | Honor has not ruled on. |
| 13 | THE COURT: Flag it for me. I was so focused on |
| 14 | getting that decision on the summary judgment motion out. Give |
| 15 | me some highlights. |
| 16 | MR. DEPROSPO: Defense is looking for records of |
| 17 | income of the plaintiff, so it helps us engage what his front |
| 18 | pay or back pay damages might be. |
| 19 | THE COURT: Related to the other business that he had? |
| 11:11AM 20 | MR. DEPROSPO: Or whatever income he received. All of |
| 21 | that information was provided for calendar years 2018, 2019 and |
| 22 | '20 and '21? |
| 23 | MS. HEROLD: And the argument becomes when he has his |
| 24 | tax returns, which is what he's produced for the previous |
| 25 | years. We've already agreed to produce them, we just don't |

```
 1    have them yet.
 2              THE COURT:  So for 2021 --
 3              MS. HEROLD:  Correct.
 4              THE COURT:  -- they haven't been filed yet?
 5              MS. HEROLD:  No, I believe he has an extension through
 6    September.
 7              THE COURT:  That's fine.
 8              MS. HEROLD:  Yeah, and I have represented that when we
 9    have them, they'll be the second to get them.
10              THE COURT:  All right.  So I can allow it by
11    agreement?
12              MR. DEPROSPO:  I agree.
13              THE COURT:  That question was put to Attorney Herold.
14              MS. HEROLD:  It's fine by me by agreement.  I thought
15    that Mr. DeProspo was looking for more than just tax returns.
16              MR. DEPROSPO:  Well, your Honor, I just don't want
17    this to drag out.
18              THE COURT:  You're going to get it by the next time we
19    meet because she said there's a deadline for September, and
20    we're in the last week of September, right, so that would lead
21    me to believe that they're not going to be filed by next week.
22              MS. HEROLD:  I haven't spoken to him about an update
23    on filing, but my understanding was there was an extension,
24    they're almost ready, and when they get filed, we will be
25    turning them over.
```

1         THE COURT: So I anticipate that you'll have them by
2    our next conference.
3         MR. DEPROSPO: Okay. Thank you, your Honor.
4         THE COURT: Nothing else? Thank you,
5    Attorney DeProspo for jumping in and focusing me on it.
6    Anything else that we need to do today?
7         MS. HEROLD: Not at this time.
8         MR. DEPROSPO: No, your Honor.
9         THE COURT: Very good. We have a plan. Thank you.
10        (Whereupon, the hearing was adjourned at 11:13 a.m.)
11
12                    C E R T I F I C A T E
13   UNITED STATES DISTRICT COURT )
14   DISTRICT OF MASSACHUSETTS ) ss.
15   CITY OF BOSTON )
16        I do hereby certify that the foregoing transcript,
17   Pages 1 through 10 inclusive, was recorded by me
18   stenographically at the time and place aforesaid in Civil
19   Action No. 20-10540-AK, RONALD F. DANTOWITZ vs. DEXTER
20   SOUTHFIELD, INC., et al. and thereafter by me reduced to
21   typewriting and is a true and accurate record of the
22   proceedings.
23             Dated July 16, 2024.
24                       s/s Valerie A. O'Hara
25                       _____
                         VALERIE A. O'HARA
                         OFFICIAL COURT REPORTER